Sean Thomas Keely (SK-8593)
LOVELLS LLP
590 Madison Avenue
New York, New York 10022
(212) 909-0600
sean.keely@lovells.com

James I. Rubin (*pro hac vice*)
Catherine E. Isely (*pro hac vice*)
Julie Rodriguez Aldort (*pro hac vice*)
BUTLER RUBIN SALTARELLI & BOYD
70 W. Madison, Suite 1800
Chicago, Illinois 60602
(312) 444-9660
Attorneys for Defendant TIG Insurance Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

AIU INSURANCE COMPANY,

        Plaintiff,

-v. -   :   Civil Action No. 07 CIV 7052

TIG INSURANCE COMPANY,

        Defendant.

-----------------------------------------------------------x

## Declaration of Julie Rodriguez Aldort

I, Julie Rodriguez Aldort, declare as follows:

1.    I am an attorney duly licensed to practice law in the State of Illinois. I was admitted to appear *pro hac vice* in this matter on October 10, 2007. I am a partner with the law firm of Butler Rubin Saltarelli & Boyd LLP, counsel for Defendant TIG Insurance Company ("TIG").

2. I submit this declaration in support of TIG Insurance Company's Memorandum in Support of its Motion for Leave to File First Amended Answer. I have personal knowledge of the facts stated herein, and, if called as a witness, I could and would testify competently thereto.

3. In its first set of document requests, TIG propounded the following request:

> 24. Produce all documents relating to the guidelines or procedures used by Plaintiff to prepare, process and issue notices to reinsurers, claims against reinsurers, and to issue bills to reinsurers, including, but not limited to formal or informal guidelines, manuals, bulletins, and memoranda.

A true and correct copy of the pertinent excerpt from TIG Insurance Company's First Set of Document Requests is attached hereto as Exhibit 1.

4. In response to TIG Document Request No. 24, Plaintiff AIU Insurance Company ("AIU") stated:

> AIU objects to the term "Plaintiff" for the reasons set forth in General Objection 3. AIU objects to Request No. 24 [sic] the grounds that it is overbroad, unduly burdensome and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence because it seeks information concerning guidelines or procedures for issuing notices, claims or bills to AIU's reinsurers generally, without regard to any particular claim or loss. Subject to and without waiver of the foregoing objections, including the General Objections, and to the extent the guidelines and/or procedures contemplated by this Request were or would have been applicable to AIU's issuance of notices, claims or bills to TIG specifically, AIU will produce such materials to the extent they are non-privileged and exist.

A true and correct copy of the pertinent excerpt from AIU Insurance Company's Responses and Objections to TIG Insurance Company's First Set of Document Requests is attached hereto as Exhibit 2.

5. Beginning January 11, 2008 and continuing through March 11, 2008, the parties exchanged their initial productions of non-privileged, non-objectionable documents responsive to the parties' first set of discovery requests.

6. AIU provided supplemental productions on March 12, 2008, March 13, 2008 and March 21, 2008.

7. AIU's document productions did not include any documents responsive to TIG Document Request No. 24.

8. During a telephonic meet and confer discussion, on March 27, 2008, AIU's counsel, Marc Abrams, confirmed that AIU, in fact, did not have any written guidelines and/or procedures that would be applicable to the provision of notice to TIG under the facultative reinsurance contracts at issue in the Complaint and, thus, AIU had no documents responsive to Document Request No. 24, as narrowed by AIU's stated objections.

9. The lack of any written guidelines and procedures, as well as the existence of other documents in AIU's production evidencing what appears to be a lack of adequate practices, procedures and controls to ensure that AIU provided notice under the facultative reinsurance contracts, led TIG to seek to add an Eighth Affirmative Defense.

10. Attached to this declaration as Exhibit 3 is a true and correct copy of TIG's [Proposed] First Amended Answer.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: April 4, 2008

By: _____

Julie Rodriguez Aldort (*pro hac vice*)
Attorney for Defendant TIG Insurance Company

W0065829v2

3