William A. Maher (WM-9470)
Marc L. Abrams (MA-6600)
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, NY 10110
(212) 382-3300

Attorneys for Plaintiff AIU Insurance Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
AIU INSURANCE COMPANY,                                       :
                                                             :
                              Plaintiff,                     :
                                                             :     Case No. 07-cv-7052 (SHS)
              -against-                                      :
                                                             :
TIG INSURANCE COMPANY,                                       :
                                                             :
                              Defendant.                     :
------------------------------------------------------------ x

### AIU INSURANCE COMPANY'S RESPONSES AND OBJECTIONS TO TIG INSURANCE COMPANY'S FIRST SET OF DOCUMENT REQUESTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Rules"), AIU Insurance Company ("AIU"), by and through its undersigned attorneys, Wollmuth Maher & Deutsch LLP, hereby objects and responds to the First Set of Document Requests, dated October 25, 2007 (the "Requests"), propounded by TIG Insurance Company ("TIG"), as follows:

### GENERAL OBJECTIONS

1.      AIU's specific objections to each Request are in addition to the general limitations and objections set forth in this section. These limitations and objections form a part of the response to each Request and are set forth here to avoid the duplication and repetition of

## OBJECTIONS AND RESPONSE TO REQUEST NO. 23

AIU objects to Request No. 23 on the ground that it is premature given that expert discovery has not commenced and AIU has not presently retained any expert witnesses in connection with this matter. Upon the commencement of expert discovery, AIU will reconsider this Request and provide any disclosures mandated by the Rules or the Court's Individual Rules.

## REQUEST NO. 24

**Produce all documents relating to the guidelines or procedures used by Plaintiff to prepare, process and issue notices to reinsurers, claims against reinsurers, and to issue bills to reinsurers, including, but not limited to formal or informal guidelines, manuals, bulletins and memoranda.**

## OBJECTIONS AND RESPONSE TO REQUEST NO. 24

AIU objects to the term "Plaintiff" for the reasons set forth in General Objection No. 3. AIU objects to Request No. 24 the grounds that it is overbroad, unduly burdensome and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence because it seeks information concerning guidelines or procedures for issuing notices, claims or bills to AIU's reinsurers generally, without regard to any particular claim or loss. Subject to and without waiver of the foregoing objections, including the General Objections, and to the extent the guidelines and/or procedures contemplated by this Request were or would have been applicable to AIU's issuance of notices, claims or bills to TIG specifically, AIU will produce such materials to the extent they are non-privileged and exist.

## REQUEST NO. 25

**Produce all documents provided to, or resolutions or minutes of, the Plaintiff's Board of Directors and of any committees of the Board of Directors concerning or mentioning Foster Wheeler Asbestos claims or losses, Defendant or the Reinsurance Contracts or billings referred to in the Complaint.**

17