Sean Thomas Keely (SK-8593)
LOVELLS LLP
590 Madison Avenue
New York, New York 10022
(212) 909-0600
sean.keely@lovells.com

James I. Rubin (*pro hac vice*)
Catherine E. Isely (*pro hac vice*)
Julie Rodriguez Aldort (*pro hac vice*)
BUTLER RUBIN SALTARELLI & BOYD
70 W. Madison, Suite 1800
Chicago, Illinois 60602
(312) 444-9660
Attorneys for Defendant
TIG Insurance Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------x
                                                 :
AIU INSURANCE COMPANY,                           :
                                                 :
                Plaintiff,                       :
                                                 :
        -v.-                                     :   Civil Action No. 07 CIV 7052 (SHS)
                                                 :
TIG INSURANCE COMPANY,                           :
                                                 :
                Defendant.                       :
                                                 :
-------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF TIG INSURANCE
COMPANY'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER**

Defendant TIG Insurance Company ("TIG") respectfully submits this memorandum of law, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, in support of its motion for leave to file the [Proposed] First Amended Answer submitted herewith in response to the Complaint filed by plaintiff AIU Insurance Company ("AIU").

## BACKGROUND

AIU filed its complaint against TIG on August 7, 2007. After service, TIG filed its Answer to Complaint on September 17, 2007. In its answer, TIG responded to AIU's allegations and asserted seven affirmative defenses, including late notice. TIG now requests leave of the Court to file the attached [Proposed] First Amended Answer adding its Eighth Affirmative Defense asserting that AIU's claims are barred by AIU's failure to institute or maintain effective practices, procedures and controls to ensure that TIG received prompt notice of occurrences that were likely to involve TIG's reinsurance as required under the applicable facultative reinsurance certificates. *See Unigard Security Ins. Co. Inc. v. North River Ins. Co.*, 4 F.3d 1049 (2d Cir. 1993) (holding that failure by a reinsured to implement practices and controls to ensure prompt notice constitutes bad faith which, in the event of late notice, would excuse a reinsurer's liability).

Beginning on January 11, 2008 and continuing through March 11, 2008, the parties exchanged initial productions of non-privileged, non-objectionable documents and AIU provided supplemental productions on March 12, 2008, March 13, 2008 and March 21, 2008. (Declaration of Julie Rodriguez Aldort ("Aldort Dec."), ¶¶ 5, 6.) Having reviewed AIU's productions, TIG has determined that the productions provide evidence supporting TIG's assertion of an additional affirmative defense. (Aldort Dec., ¶ 9.) Accordingly, TIG brings this motion seeking leave to file an amended answer adding TIG's proposed Eighth Affirmative Defense. TIG's proposed Eighth Affirmative Defense presents a meritorious defense, and TIG's request for leave to file its [Proposed] First Amended Answer is not unduly delayed, is brought in good faith and will not delay this action or cause prejudice to AIU. Indeed, the amendment will help to clarify the issues before the Court in this matter and is essential to allow TIG the opportunity to present all of its available defenses.

## ARGUMENT

**The Court Should Grant TIG Leave to File its [Proposed] First Amended Answer.**

### A. Standard for Rule 15(a) Motions

Rule 15(a) of the Federal Rules provides that a party may amend a pleading only by leave of the Court, but that "leave shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a). Indeed, as one court recently recognized, the rule "commands that applications to amend pleadings are to be liberally granted." *Randolph v. City of New York Department of Correction*, No. 05 Civ. 8820 (GEL) (MHD), 2007 WL 2660282 (S.D.N.Y. September 7, 2007); *see also Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). In deciding whether to grant leave to amend, courts consider whether the request: (1) comes after undue delay; (2) is motivated by "bad faith or dilatory motive on the part of the movant;" (3) is the result of "repeated failure to cure deficiencies by amendments previously allowed;" (4) will cause undue prejudice to the opposing party; and/or (5) is futile. *See, e.g., Silva Run Worldwide Ltd. v. Gaming Lottery Corp.*, 215 F.R.D. 105, 106 (S.D.N.Y. 2003). An examination of each of these considerations under the facts here demonstrates that the Court should grant TIG leave to file the [Proposed] First Amended Answer.

### B. TIG's Compliance with the Rule 15(a) Standard

In seeking to add its additional affirmative defense, TIG fully satisfies the Rule 15(a) standard. First, TIG has not unduly delayed in seeking to amend its answer. TIG first learned of the facts on which its Eighth Affirmative Defense is based in reviewing AIU's recent document productions. Second, TIG is not motivated by bad faith or dilatory motive in bringing this motion. In fact, TIG has demonstrated its good faith by promptly seeking to amend its pleading upon discovery of the evidence supporting the amendment. TIG is motivated solely by its

interest in providing full facts to the Court and presenting all available defenses, rather than a desire to delay the case.  Moreover, the addition of one affirmative defense at this stage will not cause any interruption in the schedule currently set by the Court.  Third, this is TIG's first request to amend its answer; it has therefore not "fail[ed] to cure deficiencies by amendments previously allowed."

As to the fourth factor, which requires a court to consider whether an opposing party would be unduly prejudiced by a proposed amendment, the Second Circuit has held that the courts should consider whether the amended pleading would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent [the opposing party] from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).  "Mere delay …, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Id.* (emphasis added).  In this case, AIU would not be required to expend significant, if any, additional resources if the Court were to grant TIG leave to amend.  TIG has already served AIU with requests for production seeking documents related to any guidelines or procedures used by AIU to prepare, process and issue notices or claims to reinsurers such as TIG, and AIU has agreed to production of any responsive documents. (Aldort Dec., ¶¶ 3, 4.)  Indeed, in large part, it is the absence of any such written guidelines or procedures in AIU's production, and AIU's admission that no such responsive documents exist, that has led TIG to seek to add the Eighth Affirmative Defense. (Aldort Dec., ¶¶ 7, 9.)  Thus, significant additional document production is not necessary.  In addition, neither party has taken any depositions in this case and there is no need to repeat any discovery or to alter any approach to the discovery yet to be taken in this matter.  *See, e.g., Ragin v. Harry Macklowe Real Estate Co.,*

*Inc.*, 126 F.R.D. 475 (S.D.N.Y. 1989) (holding that no prejudice exists because of the timing of the motion for leave to amend and granting defendant leave to add 12 affirmative defenses after the request for production of documents and beginning of depositions).

With respect to the final factor considered by the courts, "the futility of the amendment," the Second Circuit has held that a motion to amend should not be denied as futile where the moving party has "at least colorable grounds for relief." *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 783 (2d Cir. 1984). In evaluating whether an affirmative defense would be futile, the court undertakes an analysis similar to that required by Federal Rule of Civil Procedure 12(b)(6). *Ragin*, 126 F.R.D. at 478. Under this standard, the court should reject an affirmative defense as futile only when it appears "beyond doubt that the [defendant] can prove no set of facts supporting his claim that entitles him to relief." *Id.* In this case, TIG's proposed Eighth Affirmative Defense easily passes this test. Under New York law, failure by the reinsured to implement practices and controls that ensure that it provides timely notice to its reinsurers constitutes bad faith, which, upon late notice, excuses the reinsurer from liability.[1] *See Unigard Security Ins. Co. Inc.*, 4 F.3d at 1069 (holding that failure by a reinsured to implement practices and controls to ensure prompt notice constitutes bad faith which, in the event of late notice, would excuse a reinsurer's liability). AIU's production of documents does not include any evidence that AIU had such practices, procedures and controls to ensure that it complied with its contractual obligation to provide TIG prompt notice of any occurrence or accident that appears likely to involve the reinsurance. Accordingly, there is more than a colorable basis for inclusion of TIG's Eighth Affirmative Defense.

---

[1] Significant choice of law issues remain in this case. By asserting this defense available under New York law, TIG does not waive its argument that choice of law principles dictate the application of Illinois law to this dispute. Rather, TIG asserts this defense to preserve its rights to the extent the Court chooses to apply New York law.

## **CONCLUSION**

For the reasons stated above, TIG respectfully requests that the Court grant its motion and permit it to file its [Proposed] First Amended Answer in the form submitted with this motion.

Dated:   April 4, 2008

Respectfully submitted,

By: _____

Sean Thomas Keely
Lovells LLP
590 Madison Avenue
New York, New York 10022
(212) 909-0600
sean.keely@lovells.com

James I. Rubin, Esq. (*pro hac vice*)
Catherine E. Isely, Esq. (*pro hac vice*)
Julie Rodriguez Aldort, Esq. (*pro hac vice*)
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Suite 1800
Chicago, Illinois 60602
(312) 444-9660

Attorneys for Defendant
TIG Insurance Company