Sean Thomas Keely (SK-8593)
LOVELLS LLP
590 Madison Avenue
New York, New York 10022
(212) 909-0600

James I. Rubin (IL 02413191- admitted *pro hac vice*)
Catherine E. Isely (IL 06237505 - admitted *pro hac vice*)
Julie Rodriguez Aldort (IL 6271412, admitted *pro hac vice*)
BUTLER RUBIN SALTARELLI & BOYD
70 W. Madison, Suite 1800
Chicago, Illinois 60602
(312) 444-9660
Attorneys for Defendant
TIG Insurance Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

AIU INSURANCE COMPANY,

           Plaintiff,

-v. -                                                                     Civil Action No. 07 CIV 7052

TIG INSURANCE COMPANY,

           Defendant.

-------------------------------------------------------x

## DECLARATION OF WILLIAM R. PASCALE

I, William R. Pascale, declare as follows:

1. I am over the age of 18 years.

2. The following statements are true to the best of my knowledge, information and belief.

3. I am the Assumed Reinsurance Claims Manager for TIG Insurance Company. I have held that position since October 1999.

4. I have primary responsibility for handling AIU's claims for reinsurance recoveries under the reinsurance facultative certificates that are at issue in this litigation.

5. Beginning in June of 2007, I corresponded with Richard Kafaf in an effort to schedule an audit of AIG's and AIU's underwriting and claims files relating to policies issued to Foster Wheeler by AIU and its affiliated companies.

6. In advance of the audit, I executed a "Reinsurer Common Interest Confidentiality Agreement," (the "Agreement") a copy of which is attached hereto as Exhibit A.

7. By signing the Agreement, my understanding was that AIU would be granting TIG "access to all records relevant to the claims made against AIU by its insured, Foster Wheeler Corporation, for coverage under the reinsured policies, 75-100789, 75-101149 and 75-101988, including but not limited to related underwriting, claims and financial records." Based on the language in the Agreement, it was my understanding that AIU had agreed to provide to TIG, and would in fact provide to TIG, access to *all* relevant documents, including those that might be protected by the attorney-client privilege or work product doctrine.

8. The Agreement states that "Reinsurer agrees that any disclosure of such [privileged] information to Reinsurer or its representatives is not intended to diminish in

2

any way the privileged and confidential nature of such materials nor shall it constitute a waiver of any applicable privilege, including attorney-client privilege, work-product privilege, the joint-interest privilege or any other applicable privilege." It was my understanding based on that language that AIU's production of documents otherwise protected by any applicable privilege would not be construed to effect a waiver of such privileges as to third-parties. It was not my understanding that the quoted language would be used by AIU to withhold privileged documents from TIG. In fact, I had the opposite understanding, that is, that AIU would be providing TIG with *all* relevant documents, including those that were protected by any applicable privilege.

9. On July 9-11, 2007 Joseph Loggia of Buxbaum Loggia and I conducted an audit of AIU's and AIG's files at AIG Domestic Claims in Jersey City, New Jersey.

10. Prior to reviewing the files, Loggia and I asked Kafaf whether we were being provided with the complete claim file. We asked whether the file had been cleaned up, sanitized or reorganized for the audit, whether any materials had been removed or redacted, and whether there were any relevant documents that we were not being shown. Kafaf declined to respond, asking that all questions be submitted in writing after we reviewed the files.

11. I took contemporaneous notes during the audit to catalogue many of the documents shown to us during the audit. I typed these notes shortly thereafter. Exhibit B hereto is a true and correct copy of my typed notes. At the direction of counsel, I also preliminarily analyzed the documents I reviewed during the audit to assist TIG's reinsurance counsel in advising TIG as to its anticipated dispute with AIU. My analyses have been redacted.

12. As my notes indicate, during the course of my review of files during the audit,

**REDACTED**

13. During my review of documents during the audit, I saw documents dating back to the late 1980s that addressed Foster Wheeler's asbestos exposure.

**REDACTED**

15. At various times during the audit, I requested copies of certain documents, including some of the documents identified above. Although AIU provided some of the documents I requested,

**REDACTED**

16. I have reviewed the privilege and redaction logs produced by AIU in this case. Those logs refer to numerous documents that I did not see during the audit. In addition, AIU's privilege log lists no coverage counsel materials dated prior to 2001.

**REDACTED**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: April 14, 2008

*William R. Pascale* (signature)
William R. Pascale

W0066227v2