# ALDORT DECLARATION

# EXHIBIT 10

·Julie Rodriguez Aldort/Butler
Rubin

04/15/2008 11:48 AM

To    mabrams@wmd-law.com

cc    jrubin@butlerrubin.com,  Catherine Isely/Butler
Rubin@Butler Rubin

Subject  TIG/AIU

Marc,
This confirms from our discussion this morning that TIG is not wiling to accept AIU's proposed compromise as respects AIU's search of its electronic records, as described in your letter dated April 11, 2008.

This also confirms that we are in agreement that the parties are at an impasse on the following issues:  (1) AIU's privilege claims relating to coverage counsel materials; (2) AIU's withholding of the "Other Claims" documents; (3) AIU's refusal to conduct additional electronic searches; and (4) AIU's refusal to produce any "Other Claims" or "Other Reinsurer" documents from its production in the Declaratory Judgment Action.

We also noted that the parties appear to be at an impasse on TIG's claim to work product and privilege as respects certain audit documents, listed on TIG's privilege and redaction logs.  I noted that TIG will be providing a small supplemental production in the next day or two, which might include a few pages from the audit.

We agreed to reconvene on Thursday at 11:30am (ET) to discuss deposition scheduling and additional document discovery issues as respects TIG's production.

I will forward to you a draft stipulation regarding TIG's motion to amend.

Best regards,


**Julie Rodriguez Aldort**

**Butler Rubin Saltarelli & Boyd LLP**
70 West Madison St. | Suite 1800 | Chicago, IL 60602
312.696.4478 | 312.873.4328 fax

jaldort@butlerrubin.com
www.butlerrubin.com

This email message is intended for the sole use of the intended recipient(s) and may contain confidential or privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply email and destroy and delete all copies of the original message.  To reply to our email administrator directly, send an email to postmaster@butlerrubin.com.

BUTLER RUBIN SALTARELLI & BOYD LLP
excellence in litigation


http://www.butlerrubin.com

# ALDORT DECLARATION
# EXHIBIT 11

# EXHIBIT 11

# FILED UNDER SEAL

# ALDORT DECLARATION
# EXHIBIT 12

CERTIFICATE OF FACULTATIVE REINSURANCE
ISSUED BY.

**CERTIFICATE NUMBER**

CFR 0062

RENEW/REPLACE CERTIFICATE NO.

☐ UNITED STATES FIRE INSURANCE COMPANY
☐ THE NORTH RIVER INSURANCE COMPANY
☐ WESTCHESTER FIRE INSURANCE COMPANY
☒ INTERNATIONAL INSURANCE COMPANY

**C R U M   &   F O R S T E R   I N S U R A N C E   C O M P A N I E S**

NEW YORK, NEW YORK ■ ADMINISTRATIVE OFFICES: MORRISTOWN, N.J.

| REINSURED COMPANY: | · ACCOUNT |
|---|---|
| AIU INSURANCE COMPANY | FOSTER WHEELER CORPORATION |
| c/o JOHNSON & HIGGINS OF NEW YORK | 110 SO. ORANGE AVENUE |
| 95 WALL STREET | · LIVINGSTON, NEW JERSEY  07039 |
| NEW YORK, NEW YORK 10038 | |

MAIL
APR 24 1979

EFFECTIVE FROM ☒ 12:01 AM ☐ NOON  BOTH DAYS AT STANDARD TIME __10/1/78__  TO __10/1/79__

DETAILS OF REINSURED COMPANY'S POLICY.

POLICY NO.: 75-100789     PERIOD. 10/1/78-79

| ITEM 1 TYPE OF INSURANCE | ITEM 2 · POLICY LIMITS & APPLICATION | ITEM 3 COMPANY RETENTION | ITEM 4 REINSURANCE ACCEPTED | ITEM 5 BASIS OF ACCEPTANCE |
|---|---|---|---|---|
| UMBRELLA LIABILITY | $20,000,000. SINGLE LIMIT ANY ONE OCCURRENCE AND IN THE AGGREGATE EXCESS PRIMARIES OR SELF INSURED RETENTION | VARIOUS | $3,000,000. PART OF $5,000,000. ANY ONE OCCURRENCE AND IN THE AGGREGATE EXCESS OF VARIOUS PRIMARIES OR SELF INSURED RETENTION | QUOTE SHARE |

THE PREMIUM FOR THIS CERTIFICATE SHALL BE ☐ GROSS $ _____   ☐ FIXED CHARGE
☒ NET $ __152,520.00__   ☒ DEPOSIT PREMIUM

PREMIUM BASE **EST.**   EXPOSURE   RATE   EST. PREMIUM FOR CERTIFICATE PERIOD.
RECEIPTS   $1,000,000.   $.30 (LAYER) PER $1000.   $

MINIMUM PREMIUM FOR CERTIFICATE $ __152,520.00__   MINIMUM PREMIUM FOR REINSURANCE PERIOD $ __152,520.00__

CEDING COMMISSION __NIL__

This insurance is made and accepted subject to all the provisions set forth herein or endorsed hereon or appearing on the reverse side hereof, all of which are incorporated herein, and any provisions appearing in forms attached hereto and made a part hereof which alter the provisions herein shall supersede such provisions as they are inconsistent therewith.

DATED: __4/19/79 md__

**TIG 001156**

SIGNED AT: _____

LWB 81 (8/78)     by: _____   AUTHORIZED SIGNATURE

**COMPANY COPY**

CROSS & FORSTER
INSURANCE COMPANIES                    ENDORSEMENT    #4    6/8/82 md
THE POLICY MAKERS

Additional Premium _____

Return Premium _____

Effective on and after _____ 1st October _____ 19 78  00.01 a.m. Local Standard Time

this endorsement forms part of policy No. ____ CFR0062 _____ Expiration Date __ 1st October, 1980

Issued to _____ Foster Wheeler Corporation _____

By _____ International Insurance _____ Company

It is hereby understood and agreed that the following entities are deleted from the Schedule of Underlying Insurances:-

1. Control Applications Inc.                effective 1st January, 1979
2. Raygo Inc.                               effective 1st February, 1980
3. Tenneco Systems Inc.                     effective 15th February, 1980
4. Industrial Inspection Industries Inc.    effective 29th April, 1980
5. Foster Wheeler Management Operations Ltd. effective 2nd July, 1980

It is further understood and agreed with effect from 1st June, 1979 this Policy shall cease to apply in respect of Foster Wheeler Boiler Corporation but it is noted that the scheduled primary policies shall continue to apply in respect of the aforesaid entity.

It is further understood and agreed that in respect of the foregoing that coverage hereon is amended as follows:

"In consideration of a return premium of one (1) Dollar, it is hereby agreed that Industrial Inspection Industries Inc., Foster Wheeler Management Operations Ltd., Raygo Inc., Tenneco Systems Inc., Control Applications Inc., and Foster Wheeler Boiler Corporation shall not be either Named Assured or Assureds under this policy.

However, it is also agreed that this endorsement does not exclude coverage for the liability of the other Named Assureds or Assureds which may arise out of, or result directly or indirectly from, the operations or activities of these entities.

All other terms and conditions of this policy remain unchanged

_____
AUTHORIZED REPRESENTATIVE

TIG 001157

CROSS & FOSTER
INSURANCE COMPANIES                    ENDORSEMENT   # 3
THE POLICY MAKERS

MAILED
JUN 29 1981

Additional Premium _____
Return Premium _____

Effective on and after ___1st October_____ 19 78 , 00.01 a.m. _____ Standard Time

this endorsement forms part of policy No. ____CFRO062_____  Expiration Date ___1st October 1981___

Issued to _____Foster Wheeler Corporation_____

By _____International Insurance_____ Company

Effective inception it is understood and agreed that the annual review is amended to read as follows:—

It is understood and agreed that this policy is subject to:

a)  Immediate advice by the Assured to Dick Seybold of Mendes & Mount of all suits or demands in excess of Primary Limits or in the absence of any Primary Policy in excess of Self Insured Retention hereon.

b)  Annual review by Mendes & Mount of any impairment of All Primary Aggregate Policies which review is to be submitted to the Company within 45 days after each anniversary.

All other terms and conditions of this policy remain unchanged.

_____
AUTHORIZED REPRESENTATIVE

FM.0.0.193   (8-67)

TIG 001158

Additional Premium _____

Return Premium _____ $35,727.82

Effective on and after _____ OCTOBER 1, ____ 19 79  12:01 A.M. _____ Standard Time

this endorsement forms part of policy No. _____ CFR 0062 _____ Expiration Date _____

Issued to  R/I A.I.U. INS. CO.        A/C FOSTER WHEELER CORP.

By ____ INTERNATIONAL INSURANCE _____ Company

IT IS HEREBY UNDERSTOOD AND AGREED THE AUDIT ADJUSTMENT FOR THE TERM OCTOBER
1, 1978 - 79 IS CORRECTED AS FOLLOWS:

| RECEIPTS | RATE | EARNED |
|---|---|---|
| $979,982,696. | $.30 | $293,995. |
| | HEREON 60% | $176,397. |
| | LESS 18% CEDE COMM. | $144,645. |
| | MINIMUM PREM. | $152,520. APPLIES |
| | LESS PREVIOUSLY BILLED | $188,285. |
| | RETURN PREMIUM | ($35,765.) |

| RECEIPTS U.K. | RATE | EARNED |
|---|---|---|
| $213,040,506. | $.30 | $63,912. |
| | HEREON 60% | $38,347. |
| | LESS 18% CEDE COMM. | $31,445. |
| | LESS PREVIOUSLY BILLED | $31,407. |
| | ADDITIONAL PREM. | $37.18 |

TOTAL DUE THIS ENDORSEMENT ($35,727.82)

All other terms and conditions of this policy remain unchanged.

_____
AUTHORIZED REPRESENTATIVE

FM.0.0.193  (8-67)

TIG 001159

AUDIT ADJUSTMENT ENDORSEMENT

2½%    2-11-80    DF

| CLASSIFICATION | AMOUNT | RATE | EARNED PREMIUM |
|---|---|---|---|
| RECEIPTS | 1,275,647,000 | .30 | $382,694.00 |
| RECEIPTS - U. K. | 212,785,000 | .30 | 63,835.00 |
| | | | $446,529.00 |
| | | HEREON | 60% |
| | | LESS 8% CEDING COMMISSION | $267,917.00 |

TOTAL $ 219,691.00

| PERIOD OF ADJUSTMENT | INTERIM ADJUSTMENT | | FINAL ADJUSTMENT | |
|---|---|---|---|---|
| From    10-1-78 | Previous Balance or Deposit | $ | Previous Balance or Deposit | |
| To      10-1-79 | Total Earned this Period | $ | Total Earned this Period | 178,299.16 |
| | Additional Premium | $ | Minimum Premium | 219,691.00 |
| | Remaining Balance | $ | Additional Premium | $ 41,391.84 |
| | | | Return Due Assured | $ |

Attached to and forming part of No. _____ CRR 0062        COMPANY: INTERNATIONAL INSURANCE CO.

Issued to R/I AIU INS. CO. A/C FOSTER WHEELER CORPORATION

Effective _____ 10-1-78        By _____

IMPORTANT, THIS PREMIUM IS DEVELOPED BY AUDIT IN ACCORDANCE WITH THE PROVISIONS OF THE POLICY. THE PREMIUM IS FULLY EARNED AND IS PAYABLE IMMEDIATELY.

LWB 17 (3/72)

TIG 001160

**CRUM & FORSTER**
**INSURANCE COMPANIES**
**THE POLICY MAKERS**

ENDORSEMENT #1

Additional Premium ___ **$25,779.16**

Return Premium ___ **MAILED**

**JUL 21 1979**

Effective on and after ___ **MAY 1,** ___ 19 **79** , **12:01 A.M.** ___ Standard Time

this endorsement forms part of policy No. ___ **CFR 0062** ___ Expiration Date ___ **OCTOBER 1, 1979**

Issued to ___ **R/I A.I.U. INSURANCE CO.  A/C  FORSTER WHEELER CORP.**

By ___ **INTERNATIONAL INSURANCE** ___ Company

IT IS UNDERSTOOD AND AGREED THE COVERAGE IS AMENDED TO INCLUDE
FOSTER WHEELER LTD. - ENGLAND AND FOSTER WHEELER POWER PRODUCTS.

ADDITIONAL MINIMUM AND DEPOSIT PREMIUM $25,779.16 (NET) ADJUSTABLE
AT 30¢ LAYER (GROSS) RATE PER $1,000. ON TOTAL BILLINGS.

THE PRIMARY SCHEDULES ARE AS FOLLOWS:

FOSTER WHEELER LTD. ENGLAND

| | |
|---|---|
| COMPREHENSIVE GENERAL LIABILITY INCLUDING PRODUCTS | ₤250,000. |
| AUTO COMMERCIAL VEHICLES PROPERTY DAMAGE | ₤250,000. |
| SAFETY BOAT OR SHETLANDS CONTRACT | ₤250,000. |
| EMPLOYERS LIABILITY | UNLIMITED |

FOSTER WHEELER POWER PRODUCTS

| | |
|---|---|
| COMPREHENSVIE GENERAL LIABILITY INCLUDING PRODUCTS | ₤250,000. |
| AUTO COMMERCIAL VEHICLES PROPERTY DAMAGE | ₤250,000. |
| EMPLOYERS LIABILITY | UNLIMITED |

EXCLUDING
PART I UNITED KINGDOM AUTOMOBILE LIABILITY OTHER THAN COMMERCIAL
VEHICLE PROPERTY DAMAGE

All other terms and conditions of this policy remain unchanged.

_____
AUTHORIZED REPRESENTATIVE

FM.0.0.193  (8-67)

TIG 001161

# Binder | L. W. Biegler Inc.

100th Floor - Sears Tower • 233 South Wacker Drive • Chicago, Illinois 60606 • Telex 25-4597 • 312-876-3100

THE INDICATED INSURER(S) CERTIFIES that pending issuance of a policy, the insurer(s) is bound to insure:

CFR 0062

INSURED: **R/I A.I.U. INSURANCE COMPANY**
**A/C FOSTER WHEELER CORPORATION**
LOCATION: **110 SOUTH ORANGE AVENUE**
**LIVINGSTON, NEW JERSEY    07039**

| TYPE OF COVERAGE | AMOUNT | PREMIUM/RATE |
|---|---|---|
| **UMBRELLA LIABILITY** | **$3,000,000. PART OF** **$5,000,000. EXCESS OF** **SCHEDULED PRIMARY POLICIES** **OR SELF-INSURED RETENTION** | **$133,920.00 (NET)** **MINIMUM & DEPOSIT** **AFTER 18% CEDING** **COMMISSION** |

DEDUCTIBLE:

THIS BINDER IS SUBJECT TO THE FOLLOWING SPECIAL CONDITIONS:

**ALL TERMS AND CONDITIONS AS REQUIRED BY UNDERWRITERS**

NAME(S) OF INSURERS:

**INTERNATIONAL INSURANCE CO.**

THE TERM OF THE BOUND POLICY IS FROM:   **10/1/78**      TO:      **10/1/79**

THE TERM OF THIS BINDER IS      FROM:    **10/1/78**      TO:    **POLICY ISSUANCE**

~~Unless sooner cancelled this Binder continues in force over 60 days from the Effective Date.~~ **THIS BINDER** is subject to all the terms and conditions of the policy regularly issued by the Insurer(s) in this state. This Binder will be terminated and superseded upon delivery of formal policies or certificates issued to replace it.

1.  THIS BINDER MAY BE CANCELLED AT ANY TIME BY THE INSURED. THIS BINDER MAY BE CANCELLED AT ANY TIME BY THE INSURER(S) BY GIVING TO THE INSURED FIVE (5) DAYS WRITTEN NOTICE OF CANCELLATION.
2.  IN THE EVENT OF CANCELLATION OR EXPIRATION OF THIS BINDER WITHOUT A POLICY BEING ISSUED, THE INSURER SHALL BE ENTITLED TO AN EARNED PREMIUM FOR THE TIME IN FORCE AT SHORT RATE OF THE ANNUAL RATE AS CHARGED BY THE INSURER IF CANCELLED BY THE ASSURED; AND AT PRO RATA OF THE ANNUAL RATE IF CANCELLED BY THE INSURER.
3.  IT IS EXPRESSLY UNDERSTOOD AND AGREED BY THE INSURED THAT L. W. BIEGLER INC. IS NOT AN INSURER HEREUNDER AND SHALL NOT BE LIABLE IN ANY WAY OR TO ANY EXTENT WHATEVER FOR ANY LOSS OR CLAIM, BUT THAT THE INSURER HEREUNDER IS AS NAMED ABOVE.
4.  THIS BINDER IS MADE AND ACCEPTED SUBJECT TO THE FOREGOING STIPULATIONS AND CONDITIONS AND SHALL NOT BE VALID UNLESS COUNTERSIGNED BY THE DULY AUTHORIZED AGENT OF THE INSURER(S).

Issued to:  **JOHNSON & HIGGINS OF NEW YORK**           L. W. BIEGLER INC.
**95 WALL STREET**
Address:  **NEW YORK, NEW YORK 10038**
**ATTN: MR. KENNETH GREINER, VICE PRESIDENT**

Date:   **12/2?/78 md**                      By: _____

Authorized Signature

LWB 3 (3/76)

**TIG 001162**

THE COMPANY NAMED ON THE DECLARATIONS PAGE
NEW YORK, NEW YORK
(herein called the Reinsurer)

In consideration of the payment of the premium, and subject to the terms, conditions and limits of liability set forth herein, and in the Declarations made a part hereof, the Reinsurer does hereby reinsure the ceding company named in the Declarations (herein called the Company) in respect of the Company's policy as follows:

## REINSURING AGREEMENTS AND CONDITIONS

A. The Company warrants to retain for its own account or that of its treaty reinsurer (s) the amount of liability specified in Item 3 of the Declarations, unless otherwise declared to the Reinsurer, and the liability of the Reinsurer specified in Item 4 of said Declarations shall follow that of the Company and except as otherwise specifically provided herein, shall be subject in all respects to all the terms and conditions of the Company's policy except such as may purport to create a direct obligation of the Reinsurer to the original Insured. The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto which in any manner affect this certificate, and shall make available for inspection and place at the disposal of the Reinsurer at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

B. Prompt notice shall be given to the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance and while the Reinsurer does not undertake to investigate or defend claims or suits it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at its own expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

C. All claims involving this reinsurance, when settled by the Company, shall be binding on the Reinsurer, which shall be bound to pay its proportion of such settlements, and in addition thereto, in the ratio that the Reinsurer's loss payment bears to the Company's gross loss payment, with respect to business accepted on an excess of loss basis and in the ratio that the Reinsurer's limit of liability bears to the Company's gross limit of liability with respect to business accepted on a pro rata basis, its proportion of expenses, other than Company salaries and office expenses, incurred by the Company in the investigation and settlement of claims or suits and, with the prior consent of the Reinsurer to trial court pro-

ceedings, its proportion of court costs and interest on any judgment or award.

D. Payment of its proportion of loss and expense paid by the Company will be made by the Reinsurer to the Company promptly following receipt of proof of loss.

E. The Reinsurer will be paid or credited by the Company with its proportion of salvage, i.e., reimbursement obtained or recovery made by the Company, less the actual cost (excluding Company salaries and office expenses) of obtaining such reimbursement or making such recovery. If the reinsurance afforded by this Certificate is on the excess of loss basis, salvage shall be applied in the inverse order in which liability attaches.

F. The Company will be liable for all taxes on premiums ceded to the Reinsurer under this Certificate.

G. In the event of insolvency of the Company, the terms of this Certificate are amended to conform to the statute of any state of the United States having jurisdiction to the extent that such reinsurance as is afforded hereunder may be credited to the Company as an admitted asset or deduction from liability, it being understood that, subject to such amendment, the Reinsurer may avail itself of any other provision of any such statute applicable.

H. Cancellation of the policy of the Company shall constitute automatic cancellation of this Certificate and it may also be cancelled on a pro rata basis by either party mailing or delivering to the other written notice stating when, not less than Thirty (30) days thereafter, such cancellation shall be effective.

I. The terms of this Certificate shall not be waived or changed except by endorsement issued to form a part hereof, executed by a duly authorized representative of the Reinsurer.

In Witness Whereof, the Company has caused this Reinsurance Certificate to be signed by its President and Secretary at New York, New York, but the same shall not be binding upon the Reinsurer unless countersigned by an authorized representative of the Reinsurer.

Secretary

President

TIG 001163

RENEW/REPLACE CERTIFICATE NO.

CERTIFICATE OF FACULTATIVE REINSURANCE
ISSUED BY.

CERTIFICATE NUMBER
*CFR 0062*

017049b

☐ UNITED STATES FIRE INSURANCE COMPANY
☐ THE NORTH RIVER INSURANCE COMPANY
☐ WESTCHESTER FIRE INSURANCE COMPANY
☒ INTERNATIONAL INSURANCE COMPANY

**C R U M   &   F O R S T E R   I N S U R A N C E   C O M P A N I E S**

NEW YORK, NEW YORK ■ ADMINISTRATIVE OFFICES: MORRISTOWN, N.J.

| REINSURED COMPANY: | • ACCOUNT |
|---|---|
| *AIU Insurance Company c/o Johnson & Higgins of N.J. 95 Wall Street New York, N.Y. 10038* | • *Foster Wheeler Corporation* • *110 S. Orange Avenue* • *Livingston, N.J. 07039* |

EFFECTIVE FROM ☒ 12:01 AM  ☐ NOON   BOTH DAYS AT STANDARD TIME *October 1, 1978*   TO *October 1, 1979*

DETAILS OF REINSURED COMPANY'S POLICY.

POLICY NO.: *75-100 78'9*   PERIOD. *10/1/78 -79*

| ITEM 1 TYPE OF INSURANCE | ITEM 2 POLICY LIMITS & APPLICATION | ITEM 3 COMPANY RETENTION | ITEM 4 REINSURANCE ACCEPTED | ITEM 5 BASIS OF ACCEPTANCE |
|---|---|---|---|---|
| *Umbrella liability* | *$30,000,000 S.L. any one occurrence and in the aggregate excess primaries or self insured retention* | *various* | *$3,000,000 part of 5,000,000 any one occurrence and in the aggregate excess of various primaries or SIR* | *quota share* |

THE PREMIUM FOR THIS CERTIFICATE SHALL BE   ☐ GROSS $_____   ☐ FIXED CHARGE

☒ NET $ ~~152,670.00~~   ☒ DEPOSIT PREMIUM

*152,520.00*

PREMIUM BASE *est.*   EXPOSURE   RATE   EST. PREMIUM FOR CERTIFICATE PERIOD.

*receipts*   *1,000,000,000*   *$.30 (layer) per $1000*   $

MINIMUM PREMIUM FOR CERTIFICATE $ *152,520*   MINIMUM PREMIUM FOR REINSURANCE PERIOD $ *152,520*

CEDING COMMISSION_____

This insurance is made and accepted subject to all the provisions set forth herein or endorsed hereon or appearing on the reverse side hereof, all of which are incorporated herein, and any provisions appearing in forms attached hereto and made a part hereof which alter the provisions herein shall supersede such provisions as they are inconsistent therewith.

by:_____

AUTHORIZED SIGNATURE

C.1002

**STATISTICAL/ACCOUNTING COPY**

**TIG 001164**

**ENDORSEMENT** #A - 1/19/79 md

**CRUM & FORSTER
INSURANCE COMPANIES**

**THE P LICY MAKERS**

Additional Premium ___ $18,600.00

Return Premium ___

Effective on and after ___ OCTOBER 1, ___ 19 78 , Standard Time

this endorsement forms part of policy No. ___ CFR 0062

R/I A.I.U. INSURANCE CO.

Issued to ___ A/C FOSTER WHEELER CORP.

Expiration Date ___ 10/1/79

By ___ INTERNATIONAL INSURANCE ___ Company

IN CONSIDERATION OF AN ADDITIONAL PREMIUM OF $18,600.00, IT IS HEREBY
UNDERSTOOD AND AGREED THE PREMIUM IS AMENDED TO READ:

$152,520. (NET) MINIMUM AND DEPOSIT
AFTER 18% CEDING COMMISSION

All other terms and conditions of this policy remain unchanged.

_____
Authorized Representative

FM. O.O. 192 6PT (4/73)

**TIG 001165**

# ALDORT DECLARATION

# EXHIBIT 13

SUPREME COURT STATE OF NEW YORK
COUNTY OF NEW YORK

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON,
ACCIDENT & CASUALTY COMPANY OF
    WINTERTHUR,
BALOISE FIRE INSURANCE COMPANY LIMITED,
BISHOPSGATE INSURANCE COMPANY LIMITED,
DELTA – LLOYD NON-LIFE INSURANCE
    COMPANY LIMITED,
FIDELIDADE INSURANCE COMPANY and,
WINTERTHUR SWISS INSURANCE COMPANY

                    Plaintiffs,

-vs-

FOSTER WHEELER CORPORATION,
AFFILIATED FM INSURANCE COMPANY,
ALLSTATE INSURANCE COMPANY (as
    successor in interest to NORTHBROOK
    INDEMNITY COMPANY),
AMERICAN HOME ASSURANCE COMPANY,
AMERICAN RE-INSURANCE COMPANY,
ARGONAUT INSURANCE COMPANY,
ATLANTA INTERNATIONAL INSURANCE
    COMPANY (as successor in interest to
    DRAKE INSURANCE COMPANY OF NEW
    YORK)
CENTRAL NATIONAL INSURANCE COMPANY OF
    OMAHA,
CENTURY INDEMNITY COMPANY (as successor
    in interest to CIGNA SPECIALTY
    INSURANCE COMPANY, f/k/a CALIFORNIA
    UNION INSURANCE COMPANY,
CENTURY INDEMNITY COMPANY (as successor
    in interest to INSURANCE COMPANY OF
    NORTH AMERICA),
COMMERCIAL UNION INSURANCE COMPANY
    (individually and as successor in interest
    to EMPLOYERS COMMERCIAL UNION
    INSURANCE COMPANY),
CONTINENTAL INSURANCE COMPANY,
EMPLOYERS MUTUAL CASUALTY COMPANY,
EVEREST REINSURANCE COMPANY (as
    successor in interest to PRUDENTIAL

**SUMMONS**

INDEX NO. 600771/01

REDACTED

PL 00002065

REINSURANCE COMPANY),
FEDERAL INSURANCE COMPANY,
FIREMAN'S FUND INSURANCE COMPANY,
FIRST STATE INSURANCE COMPANY,
GRANITE STATE INSURANCE COMPANY,
HARBOR INSURANCE COMPANY,
HARTFORD ACCIDENT & INDEMNITY COMPANY,
HIGHLANDS INSURANCE COMPANY,
HOME INSURANCE COMPANY,
INSURANCE COMPANY OF THE STATE OF
    PENNSYLVANIA,
INTEGRITY MUTUAL INSURANCE COMPANY,
INTERNATIONAL INSURANCE COMPANY
    (individually and as successor to
    INTERNATIONAL SURPLUS LINES
    INSURANCE COMPANY),
LEXINGTON INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY,
LUMBERMENS MUTUAL CASUALTY COMPANY,
MISSION AMERICAN INSURANCE COMPANY,
MUTUAL FIRE, MARINE AND INLAND
    INSURANCE COMPANY,
NORTH STAR RE-INSURANCE CORPORATION,
NORTHWESTERN NATIONAL INSURANCE
    COMPANY  (as successor in interest to
    BELLEFONTE INSURANCE COMPANY),
PROGRESSIVE HOME INSURANCE COMPANY
    (as successor in interest to MIDLAND RISK
    INSURANCE COMPANY),
TRAVELERS CASUALTY & SURETY COMPANY
    (as successor in interest to AETNA
    CASUALTY & SURETY COMPANY),
UNITED STATES FIRE INSURANCE COMPANY,
    and
YORK JERSEY LIABILITY, LTD.,

                    Defendants,

CERTAIN LONDON MARKET INSURANCE
    COMPANIES,
NORTH RIVER INSURANCE COMPANY, and
YASUDA FIRE & MARINE INSURANCE
COMPANY OF AMERICA,

                    Nominal Defendants.

REDACTED

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer on the plaintiffs' attorneys within twenty (20) days after service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

New York County is designated as the place of trial on the basis of the residence of defendant Foster Wheeler, nominal defendant Yasuda Fire & Marine Company of America, and defendant insurers American Home Assurance Company and Home Insurance Company.

DATED: February 14, 2001

DORNBUSH MENSCH MANDELSTAM
& SCHAEFFER, LLP
Bruce Handler, Esq.
747 Third Avenue
New York, NY 100017
(212) 759-3300

BAACH ROBINSON & LEWIS PLLC
James Sottile, Esq.
Mary E. Fechtig, Esq.
One Thomas Circle, Suite 200
Washington, DC 20005
(202) 833-8900

*Attorneys for Plaintiffs*

PL 00002067

## DEFENDANTS' ADDRESSES:

AFFILIATED FM INSURANCE COMPANY
1301 Atwood Avenue
Johnston, Rhode Island 02919

ALLSTATE INSURANCE COMPANY
3075 Sanders Road
Suite G24
Northbrook, Illinois 60062-7127

AMERICAN HOME ASSURANCE COMPANY
70 Pine Street
3rd Floor
New York, New York 10270

AMERICAN RE-INSURANCE COMPANY
555 College Road East
Princeton, New Jersey 08543-5241

ARGONAUT INSURANCE COMPANY
250 Middlefield Road
Menlo Park, California 94025-3500

ATLANTA INTERNATIONAL INSURANCE COMPANY
7230 McGinnis Ferry Road
Suite 300
Suwanee, Georgia 30024

CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA
11128 John Galt Boulevard
Suite 200
Omaha, Nebraska 68137-2321

CENTURY INDEMNITY COMPANY
Two Liberty Place
1601 Chestnut Street
Philadelphia, Pennsylvania 19192

COMMERCIAL UNION INSURANCE COMPANY
One Beacon Street
Boston, Massachusetts 02108

CONTINENTAL INSURANCE COMPANY
CNA Plaza
Chicago, Illinois 60685

PL 00002068

EMPLOYERS MUTUAL CASUALTY COMPANY
717 Mulberry Street
Des Moines, Iowa 50309-3872

EVEREST REINSURANCE COMPANY
Westgate Corporate Center
477 Martinsville Road
Liberty Corner, New Jersey 07938-0830

FEDERAL INSURANCE COMPANY
15 Mountain View Road
Warren, New Jersey 07059

FIREMAN'S FUND INSURANCE COMPANY OF MISSOURI
727 Craig Road
Creve Coeur, Missouri 63141

FIRST STATE INSURANCE COMPANY
150 Federal Street
Boston, Massachusetts 02110-1753

FOSTER WHEELER CORPORATION
Perryville Corporate Park
Clinton, New Jersey 08809-4000

GRANITE STATE INSURANCE COMPANY
70 Pine Street
3rd Floor
New York, New York 10270

HARBOR INSURANCE COMPANY
5416 South Yale Avenue
Suite 300
Tulsa, Oklahoma 74135

HARTFORD ACCIDENT & INDEMNITY COMPANY
Hartford Plaza
Hartford, Connecticut 06115

HIGHLANDS INSURANCE COMPANY
10370 Richmond Avenue
Houston, Texas 77042-4123

HOME INSURANCE COMPANY
59 Maiden Lane
New York, New York 10038

INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA
70 Pine Street
3rd Floor
New York, New York 10270

INTEGRITY MUTUAL INSURANCE COMPANY
2121 East Capitol Drive
Appleton, Wisconsin 54915

INTERNATIONAL INSURANCE COMPANY
250 Commercial Street
Suite 5000
Manchester, New Hampshire 03101

LEXINGTON INSURANCE COMPANY
200 State Street
4th Floor
Boston, Massachusetts 02109

LIBERTY MUTUAL INSURANCE COMPANY
175 Berkeley Street
Mail Stop 3E
Boston, Massachusetts 02117

LUMBERMENS MUTUAL CASUALTY COMPANY
One Kemper Drive, K-8
Long Grove, Illinois 60049-0001

MISSION AMERICAN INSURANCE COMPANY
19100 Susana Road
Rancho Dominguez, California 90221

MUTUAL FIRE, MARINE AND INLAND INSURANCE COMPANY
120 East Uwchlan Avenue
Suite 101
Exton, Pennsylvania 19341

NORTH STAR RE-INSURANCE CORPORATION
695 East Main Street
Stamford, Connecticut 06901

NORTHWESTERN NATIONAL INSURANCE COMPANY
709 Curtis Street
Middletown, Ohio 45044-3999

PROGRESSIVE HOME INSURANCE COMPANY
6300 Wilson Mills Road
Mayfield Village, Ohio 44143-2182

TRAVELERS CASUALTY & SURETY COMPANY
One Tower Square
Hartford, Connecticut 06183

UNITED STATES FIRE INSURANCE COMPANY
305 Madison Avenue
Morristown, New Jersey 07960

YORK JERSEY LIABILITY LIMITED
c/o Foster Wheeler Corporation
Perryville Corporate Park
Clinton, New Jersey 08809-4000

**NOMINAL DEFENDANTS' ADDRESSES:**

NORTH RIVER INSURANCE COMPANY
305 Madison Avenue
Morristown, New Jersey 07960

YASUDA FIRE & MARINE INSURANCE COMPANY OF AMERICA
225 Liberty Street
43rd Floor
New York, New York 10281

SUPREME COURT STATE OF NEW YORK
COUNTY OF NEW YORK

_____

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON,
ACCIDENT & CASUALTY COMPANY OF
    WINTERTHUR,
BALOISE FIRE INSURANCE COMPANY LIMITED,
BISHOPSGATE INSURANCE COMPANY LIMITED,
DELTA – LLOYD NON-LIFE INSURANCE
    COMPANY LIMITED,
FIDELIDADE INSURANCE COMPANY and,
WINTERTHUR SWISS INSURANCE COMPANY

                    Plaintiffs,

-vs-

FOSTER WHEELER CORPORATION,
AFFILIATED FM INSURANCE COMPANY,
ALLSTATE INSURANCE COMPANY (as
    successor in interest to NORTHBROOK
    INDEMNITY COMPANY),
AMERICAN HOME ASSURANCE COMPANY,
AMERICAN RE-INSURANCE COMPANY,
ARGONAUT INSURANCE COMPANY,
ATLANTA INTERNATIONAL INSURANCE
    COMPANY (as successor in interest to
    DRAKE INSURANCE COMPANY OF NEW
    YORK)
CENTRAL NATIONAL INSURANCE COMPANY OF
    OMAHA,
CENTURY INDEMNITY COMPANY (as successor
    in interest to CIGNA SPECIALTY
    INSURANCE COMPANY, f/k/a CALIFORNIA
    UNION INSURANCE COMPANY),
CENTURY INDEMNITY COMPANY (as successor
    in interest to INSURANCE COMPANY OF
    NORTH AMERICA),
COMMERCIAL UNION INSURANCE COMPANY
    (individually and as successor in interest
    to EMPLOYERS COMMERCIAL UNION
    INSURANCE COMPANY),
CONTINENTAL INSURANCE COMPANY,
EMPLOYERS MUTUAL CASUALTY COMPANY,
EVEREST REINSURANCE COMPANY (as
    successor in interest to PRUDENTIAL

COMPLAINT

INDEX NO.

PL 00002072

REINSURANCE COMPANY),
FEDERAL INSURANCE COMPANY,
FIREMAN'S FUND INSURANCE COMPANY,
FIRST STATE INSURANCE COMPANY,
GRANITE STATE INSURANCE COMPANY,
HARBOR INSURANCE COMPANY,
HARTFORD ACCIDENT & INDEMNITY COMPANY,
HIGHLANDS INSURANCE COMPANY,
HOME INSURANCE COMPANY,
INSURANCE COMPANY OF THE STATE OF
       PENNSYLVANIA,
INTEGRITY MUTUAL INSURANCE COMPANY,
INTERNATIONAL INSURANCE COMPANY
       (individually and as successor in interest
       to INTERNATIONAL SURPLUS LINES
       INSURANCE COMPANY),
LEXINGTON INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY,
LUMBERMENS MUTUAL CASUALTY COMPANY,
MISSION AMERICAN INSURANCE COMPANY,
MUTUAL FIRE, MARINE AND INLAND
       INSURANCE COMPANY,
NORTH STAR RE-INSURANCE CORPORATION,
NORTHWESTERN NATIONAL INSURANCE
       COMPANY (as successor in interest to
       BELLEFONTE INSURANCE COMPANY),
PROGRESSIVE HOME INSURANCE COMPANY
       (as successor in interest to MIDLAND RISK
       INSURANCE COMPANY),
TRAVELERS CASUALTY & SURETY COMPANY
       (as successor in interest to AETNA
       CASUALTY & SURETY COMPANY),
UNITED STATES FIRE INSURANCE COMPANY,
       and
YORK JERSEY LIABILITY, LTD.,

Defendants,

CERTAIN LONDON MARKET INSURANCE
       COMPANIES,
NORTH RIVER INSURANCE COMPANY, and
YASUDA FIRE & MARINE INSURANCE
COMPANY OF AMERICA,

Nominal Defendants.

---

2

PL 00002073

## NATURE OF ACTION

1.     Plaintiffs seek a declaratory judgment resolving important questions concerning the obligations of insurers to indemnify defendant Foster Wheeler Corporation and its subsidiaries and affiliates (collectively "Foster Wheeler") for asbestos-related bodily injury losses.

2.     In 1993, certain Plaintiffs, certain London Market Insurance Companies that are Nominal Defendants herein, Liberty Mutual Insurance Company and Home Insurance Company entered into an Interim Defense and Indemnity Agreement ("IDIA") with Foster Wheeler.  The IDIA established a protocol for allocating responsibility for Foster Wheeler's asbestos-related bodily injury losses among Foster Wheeler and the various signatory insurers to the extent such losses were covered by Foster Wheeler's liability insurance policies.  The IDIA was negotiated and entered into at a time when the legal principles for allocating responsibility for such losses were not well established by the courts.

3.     Much has changed since 1993.  First, the number of asbestos claims against Foster Wheeler, as with almost all asbestos defendants, has risen dramatically.  Second, the monetary value of such claims has increased at rates far higher than for other tort claims.  Third, the law governing allocation of asbestos-related losses amongst insurers and insureds is more fully developed and it is now clear that the allocation principles adopted in the IDIA are inconsistent with New York law.

4.     Those Plaintiffs who are parties to the IDIA ("IDIA Plaintiffs") have given notice of termination of the IDIA in accordance with its terms.  Plaintiffs now seek

3

PL 00002074

to have this Court delineate rules for allocating Foster Wheeler's asbestos-related bodily injury losses, to the extent such losses are covered by its liability insurance policies, consistent with the principles adopted by New York courts.

## PARTIES

5.   Plaintiffs Certain Underwriters at Lloyd's, London are individual underwriting Names organized as underwriting syndicates that do business at Lloyd's in London, England. The relevant underwriting syndicates are identified in Exhibit A hereto.

6.   Plaintiffs Accident & Casualty Company of Winterthur, Baloise Fire Insurance Company Limited, Bishopsgate Insurance Company Limited, Delta – Lloyd Non-Life Insurance Company Limited, Fidelidade Insurance Company, and Winterthur Swiss Insurance Company, are insurance companies that do business in the London insurance market.

7.   From approximately 1951 through 1981, Plaintiffs subscribed to certain excess and/or umbrella liability insurance policies in favor of Foster Wheeler. Many of those policies were negotiated in the State of New York. Exhibit B hereto sets forth all liability insurance policies of which Plaintiffs are aware that were issued to Foster Wheeler between 1951 – 81 (the "Policies") and identifies which of the Policies were subscribed to by Plaintiffs.

8.   Nominal Defendants Certain London Market Insurance Companies are insurance companies that do or did business in the London insurance market. Those companies are identified in Exhibit C hereto.

4

PL 00002075

9.    Nominal Defendant North River Insurance Company is a New Jersey corporation with its principal place of business in New Jersey that is engaged in the business of insurance.

10.    Nominal Defendant Yasuda Fire & Marine Insurance Company of America is a New York corporation with its principal place of business in New York that is engaged in the business of insurance.

11.    Collectively, these Nominal Defendant insurers are referred to herein as "Nominal Defendants."

12.    Plaintiffs aver, upon information and belief, that each of the Nominal Defendant Insurers issued or subscribed to one or more liability insurance policies in favor of Foster Wheeler from approximately 1951 through 1981. Exhibit B identifies the liability insurance policies subscribed to or issued in favor of Foster Wheeler by Nominal Defendants during that period. Certain of those policies were negotiated and/or issued in the State of New York.

13.    Undersigned counsel may receive authorization to represent some or all of the Nominal Defendants in this action, at which time those Nominal Defendants will seek to be realigned as plaintiffs in this action. The Nominal Defendants are joined as nominal defendants to ensure that all parties having an interest in the subject matter of this action are before the Court.

14.    Defendant Foster Wheeler Corporation is a New York corporation. Its Articles of Incorporation identify New York County as its principal place of business. Foster Wheeler is a holding company that owns the stock of various subsidiary companies. Foster Wheeler's principal place of business from the early 1900s until 1965 was New York City, and since 1965 it has maintained an office in New York

5

PL 00002076

City. Foster Wheeler Corporation regularly conducts business and/or is authorized and licensed to do business in New York. Foster Wheeler USA Corporation, Foster Wheeler Environmental Corporation, Foster Wheeler Energy Corporation, Foster Wheeler International Corporation and Foster Wheeler Power Systems, Inc. are subsidiaries of Foster Wheeler Corporation, have offices in New York, regularly conduct business in New York, and/or are authorized and licensed to do business in New York.

15.    The following Defendants, all of which are engaged in the business of insurance and which conduct or have conducted business in New York, have the following states of incorporation: Affiliated FM Insurance Company, Rhode Island; Allstate Insurance Company (as successor in interest to Northbrook Indemnity Company), Illinois; American Home Assurance Company, New York; American Re-Insurance Company, Delaware; Argonaut Insurance Company, California; Atlanta International Insurance Company (as successor in interest to Drake Insurance Company of New York), New York; Central National Insurance Company Of Omaha, Nebraska; Century Indemnity Company (as successor in interest to CIGNA Specialty Insurance Company, f/k/a California Union Insurance Company, Pennsylvania; Century Indemnity Company (as successor in interest to the Insurance Company of North America), Pennsylvania; Commercial Union Insurance Company, Massachusetts; Continental Insurance Company, New Hampshire; Employers Mutual Casualty Company, Iowa; Everest Reinsurance Company (as successor in interest to Prudential Reinsurance Company), Delaware; Federal Insurance Company, Indiana; Fireman's Fund Insurance Company, Missouri; First State Insurance Company, Connecticut; Harbor

6

PL 00002077

Insurance Company, Oklahoma; Hartford Accident & Indemnity Company, Connecticut; Highlands Insurance Company, Texas; Home Insurance Company, New Hampshire; Insurance Company of the State of Pennsylvania, Pennsylvania; Integrity Mutual Insurance Company, Wisconsin; International Insurance Company (individually and as successor in interest to International Surplus Lines Insurance Company), Illinois; Lexington Insurance Company, Delaware; Liberty Mutual Insurance Company, Massachusetts; Lumbermens Mutual Casualty Company, Illinois; Mission American Insurance Company, California; Mutual Fire, Marine and Inland Insurance Company, Pennsylvania; North Star Re-Insurance Corporation; Delaware; Northwestern National Insurance Company (as successor in interest to Bellefonte Insurance Company), Wisconsin; Progressive Home Insurance Company, Tennessee; Travelers Casualty & Surety Company (as successor in interest to Aetna Casualty & Surety Company, Connecticut; United States Fire Insurance Company, New York; and York Jersey Liability, Ltd., (a wholly-owned subsidiary of Foster Wheeler Corporation), New Jersey (collectively "Defendant Insurers").

16. Plaintiffs aver, upon information and belief, that each of the Defendant Insurers issued one or more liability insurance policies to Foster Wheeler from approximately 1951 through 1981. Exhibit B identifies the liability insurance policies issued to Foster Wheeler by Defendant Insurers during that period. Certain of those policies were negotiated and/or issued in the State of New York.

17. On information and belief, there are disputes among Plaintiffs, Foster Wheeler, Nominal Defendants and the Defendant Insurers regarding their respective obligations for payment of asbestos-related bodily injury losses

7

PL 00002078

sustained by defendant Foster Wheeler. Foster Wheeler, Nominal Defendants and the Defendant Insurers have or may have an interest in the subject matter of this action that would or might be affected by the declaratory relief sought by Plaintiffs. Accordingly, each is named as a defendant herein.

18.    Plaintiffs aver, upon information and belief, that Forty-Eight Insulations, Inc., which was acquired by Foster Wheeler in 1973 and appears as an additional insured on some of the Policies, filed for bankruptcy protection in 1985 and is now dissolved. Accordingly, it is not named as a defendant in this action.

19.    Plaintiffs intend to include as parties to this action, upon learning thereof, any additional insurers that issued liability insurance policies to Foster Wheeler that have or may have an interest in the subject matter of this action.

## JURISDICTION AND VENUE

20.    Plaintiffs seek a declaration of the parties'- respective rights and obligations to indemnify Foster Wheeler for asbestos-related bodily injury losses. This Court has jurisdiction over this action under CPLR 3001, which provides for its exclusive jurisdiction over declaratory judgment proceedings.

21.    Venue lies in the Supreme Court of New York, New York County under CPLR 503 because Foster Wheeler and three Defendant Insurers, namely Yasuda Fire & Marine Insurance Company of America, American Home Assurance Company and Home Insurance Company, reside in New York County.

## THE POLICIES

22.    Plaintiffs, the Nominal Defendants and the Defendant Insurers, subscribed to or issued one or more of the Policies between 1951 – 81. The Policies are "occurrence"-based policies. "Occurrence"-based policies generally indemnify

8

the insured for all sums that the insured becomes legally obligated to pay for bodily injury or property damage caused by or arising out of an "occurrence" that takes place during the policy.

23.    The Policies include primary policies that provide the layer of coverage that responds first to a covered loss exceeding any deductible that must be paid by the insured.    The Policies also include excess or umbrella policies that respond only after covered losses exceed a defined amount of underlying policy limits or a self-insured retention.

24.    The Policies provide coverage both for liability arising from Foster Wheeler products, as well as liability arising from certain of Foster Wheeler's premises and operations ("non-products").    The Policies typically set different coverage limits for products and non-products claims.

## ASBESTOS CLAIMS AGAINST FOSTER WHEELER

25.    Foster Wheeler manufactured and installed boilers and other steam-generating equipment for various utilities and industries from approximately 1920 until 1973.    Some of the boilers and other equipment that Foster Wheeler manufactured and/or installed contained asbestos.

26.    Persons allegedly injured due to their exposure to asbestos contained in the equipment Foster Wheeler manufactured and/or installed have filed claims against Foster Wheeler for many years.    The number of claims has grown exponentially over the last decade. By December 31, 2000, more than 300,000 claims had been asserted against Foster Wheeler.    Approximately 120,000 such claims are presently outstanding.

9

PL 00002080

27.    In 1993, some of the insurers that issued or subscribed to liability insurance policies in favor of Foster Wheeler in the 1952 to 1978 period, including certain Plaintiffs, Liberty Mutual Insurance Company and the Home Insurance Company, entered into the IDIA with Foster Wheeler.

28.    The IDIA established a protocol for dealing with the question of how asbestos-related bodily losses that occur over a period of years and are indivisible would be apportioned among those years and thus allocated between an insured and its various liability insurers. This IDIA protocol is at odds with New York law as it developed after the IDIA became effective.

29.    To date, those London market insurers that were parties to the IDIA have paid over $150 million to Foster Wheeler for asbestos-related bodily injury losses under the IDIA.

COUNT I

30.    Plaintiffs incorporate by reference the allegations of Paragraphs 1-29, as though fully set forth herein.

31.    The Policies are governed by New York law because, upon information and belief:    (i) Foster Wheeler and several of the Defendant Insurers are incorporated in New York, Foster Wheeler's headquarters was in New York throughout much of the relevant period, Foster Wheeler has maintained offices in New York since 1907 and its subsidiaries currently maintain offices in New York; (ii) many, if not most, of the insurance policies at issue were negotiated, issued, and/or delivered in New York; (iii) many, if not most, of the insurance policies at issue were brokered in New York; and (iv) some, if not most, of the premiums were paid in New York.

10

PL 00002081

32.    New York courts apportion asbestos-related bodily injury losses by dividing the losses pro rata among all years from the date a claimant was first exposed to asbestos until the filing of a claim or the claimant's death, whichever comes first. The insured is responsible for asbestos-related bodily injury losses allocated to years when it did not purchase liability insurance or where such insurance is exhausted, or where its insurers have become insolvent. The liability insurers are potentially responsible for asbestos-related bodily injury losses allocated to the periods of their policies, assuming such losses are covered by the policies.

33.    On information and belief, many of the asbestos-related bodily injury claims against Foster Wheeler allege first exposure to asbestos prior to 1952, the earliest date of liability insurance coverage potentially applicable to the subject claims, and claim filing or death after 1981. Under New York law, the losses allocated to years before 1952 are to be borne by Foster Wheeler, and losses allocated to years after 1952 are to be borne, in whole or in part, by Foster Wheeler, the Defendant Insurers and/or the Nominal Defendants, assuming such losses are covered by the relevant policies.

34.    Under New York law, the injury to each individual asbestos claimant is a separate "occurrence," as that term is used in the Policies. The limits of liability set forth in the Policies for each "occurrence" thus apply separately for each individual asbestos claimant.

35.    Plaintiffs are giving notice of termination of the IDIA on February 14, 2001. The termination is effective June 13, 2001.

11

36.    On information and belief, there is a genuine dispute between the parties to this action concerning the application and interpretation of New York law with respect to the apportionment of asbestos-related bodily injury losses between Foster Wheeler and its liability insurers and with respect to what constitutes an "occurrence" within the meaning of the Policies.    Plaintiffs therefore seek a declaration of the respective rights and obligations of Foster Wheeler and its liability insurers with respect to asbestos-related bodily injury losses potentially covered by the Policies.

37.    The IDIA Plaintiffs' termination of the IDIA is not a repudiation of their intention to make claims payments to Foster Wheeler for covered asbestos-related bodily injury losses.    Those Plaintiffs will pay covered claims pursuant to the terms of the IDIA until the effective date of its termination.    Thereafter, IDIA Plaintiffs will make payments on covered claims, but only to the extent of their respective pro rata shares of those losses as provided under New York law.

WHEREFORE, Plaintiffs hereby demand judgment as follows:

(a)    determining and declaring that New York law applies to the issues raised in this action;

(b)    determining and declaring the respective obligations of Foster Wheeler and its liability insurers with respect to asbestos-related bodily injury losses potentially covered by the Policies;

(c)    determining and declaring that any asbestos-related bodily injury losses sustained by Foster Wheeler that are covered under the Policies should be allocated pro rata from the date of a claimant's

12

PL 00002083

first exposure until the earlier of: (i) the date the claimant filed a claim for asbestos-related bodily injury; or (ii) the date of the claimant's death;

(d)    determining and declaring that Foster Wheeler is liable for any asbestos-related bodily injury losses allocated to years when it did not purchase liability insurance or when such insurance has been exhausted, and for losses allocated to insolvent insurers;

(e)    determining and declaring that the injury to each individual with an asbestos-related bodily injury claim against Foster Wheeler is a separate "occurrence," as that term is used in the Policies; and

(f)    granting Plaintiffs such other and further relief as this Court may deem just, proper and equitable.

DATED:  February 14, 2001

DORNBUSH MENSCH MANDELSTAM
& SCHAEFFER, LLP
Bruce Handler, Esq.
747 Third Avenue
New York, NY 100017
(212) 759-3300

BAACH ROBINSON & LEWIS PLLC
James Sottile, Esq.
Mary E. Fechtig, Esq.
One Thomas Circle, Suite 200
Washington, DC 20005
(202) 833-8900

*Attorneys for Plaintiffs*

13

PL 00002084

**Exhibit A**

PL 00002085

## EXHIBIT A

## LLOYD'S UNDERWRITERS SUBSCRIBING
## TO FOSTER WHEELER INSURANCE POLICIES

| | | | | | |
|---|---|---|---|---|---|
| 002 | 132 | 278 | 462 | 620 | 791 |
| 015 | 133 | 279 | 463 | 621 | 793 |
| 016 | 151 | 283 | 469 | 629 | 795 |
| 017 | 153 | 284 | 470 | 632 | 796 |
| 023 | 163 | 286 | 471 | 633 | 797 |
| 024 | 164 | 287 | 472 | 634 | 819 |
| 033 | 165 | 297 | 475 | 645 | 830 |
| 034 | 169 | 299 | 476 | 650 | 838 |
| 035 | 172 | 300 | 479 | 651 | 845 |
| 036 | 174 | 301 | 483 | 652 | 849 |
| 046 | 175 | 304 | 484 | 653 | 853 |
| 049 | 179 | 309 | 488 | 654 | 857 |
| 056 | 188 | 311 | 490 | 655 | 867 |
| 057 | 190 | 315 | 499 | 660 | 870 |
| 060 | 193 | 316 | 500 | 661 | 882 |
| 062 | 194 | 317 | 506 | 670 | 884 |
| 064 | 199 | 322 | 507 | 677 | 896 |
| 065 | 204 | 328 | 510 | 679 | 899 |
| 069 | 205 | 334 | 517 | 694 | 900 |
| 075 | 206 | 346 | 525 | 707 | 905 |
| 076 | 208 | 347 | 531 | 720 | 909 |
| 079 | 210 | 357 | 538 | 721 | 917 |
| 080 | 211 | 360 | 539 | 725 | 918 |
| 086 | 212 | 365 | 541 | 726 | 928 |
| 088 | 213 | 368 | 542 | 727 | 933 |
| 090 | 214 | 371 | 544 | 729 | 935 |
| 092 | 219 | 373 | 555 | 751 | 943 |
| 099 | 223 | 381 | 558 | 755 | 945 |
| 108 | 227 | 397 | 567 | 761 | 947 |
| 109 | 231 | 404 | 575 | 762 | 952 |
| 110 | 233 | 405 | 576 | 763 | 964 |
| 112 | 235 | 408 | 583 | 764 | 969 |
| 114 | 238 | 417 | 584 | 767 | 972 |
| 122 | 239 | 425 | 589 | 768 | 975 |
| 026 | 241 | 427 | 590 | 771 | 986 |
| 128 | 250 | 433 | 596 | 772 | 989 |
| 129 | 274 | 440 | 604 | 773 | 990 |
| 130 | 275 | 448 | 605 | 782 | 995 |
| 131 | 276 | 450 | 618 | 783 | 998 |

**Exhibit B**

PL 00002087

| Policy Number | Policy Period |
|---|---|
| CU 1533 | 28 February 1962 – 27 February 1963 |
| K71522 | 28 February 1962 – 27 February 1963 |
| CU 1532 | 28 February 1963 – 27 February 1964 |
| CU 1533 | 28 February 1963 – 27 February 1964 |
| K71522 | 28 February 1963 – 27 February 1964 |
| CU 3001 | 28 February 1963 – 27 February 1964 |
| CU 1532 | 28 February 1964 – 27 February 1965 |
| CU 1533 | 28 February 1964 – 27 February 1965 |
| K71522 | 28 February 1964 – 27 February 1965 |
| CU 3001 | 21 October 1964 – 27 February 1965 |
| 031155000 | 28 February 1965 – 27 February 1966 |
| 031156000 | 28 February 1965 – 27 February 1966 |
| 031154000 | 28 February 1965 – 27 February 1966 |
| 031155000 | 28 February 1966 – 31 January 1967 |
| 031156000 | 28 February 1966 – 31 January 1967 |
| 031154000 | 28 February 1966 – 31 January 1967 |
| 569/106377A | 28 February 1967 – 31 January 1968 |
| 569/106427 | 28 February 1967 – 31 January 1968 |
| 569/106377A | 28 February 1968 – 31 January 1969 |
| 569/106427 | 28 February 1968 – 31 January 1969 |
| 569/106377A | 28 February 1969 – 31 January 1970 |
| 569/106427 | 28 February 1969 – 31 January 1970 |
| K23984 | 28 February 1971 – 31 January 1972 |
| K24916 | 28 February 1972 – 31 January 1973 |
| K25942 | 28 February 1973 – 31 January 1974 |
| K25942 | 28 February 1974 – 30 September 1974 |
| UFL0492 | 01 April 1974 – 30 September 1974 |

C:\TEMP\Exhibit B.doc
02/14/2001
1:18 PM

PL 00002088

| Policy Number | Policy Period |
|---|---|
| UFL0493 | 01 April 1974 – 30 September 1974 |

**B.    North River Insurance Company**

| Policy Number | Policy Period |
|---|---|
| JU0072 | 01 October 1974 – 30 September 1975 |
| JU0073 | 01 October 1974 – 30 September 1975 |
| JU0119 | 01 October 1975 – 30 September 1976 |
| JU0072 | 01 October 1975 – 30 September 1976 |
| JU0073 | 01 October 1975 – 30 September 1976 |
| JU0119 | 01 October 1976 – 30 September 1977 |
| JU0072 | 01 October 1976 – 30 September 1977 |
| JU0073 | 01 October 1976 – 30 September 1977 |
| JU0119 | 01 October 1977 – 30 September 1978 |
| UM24542/JU0418 | 01 October 1977 – 30 September 1978 |
| JU0417 | 01 October 1977 – 30 September 1978 |

**C.    Yasuda Fire & Marine Insurance Company of America**

| Policy Number | Policy Period |
|---|---|
| 885707-A4(E) | 1 October 1977 – 30 September 1978 |

C:\TEMP\Exhibit B.doc
02/14/2001
1:18 PM

## EXHIBIT B

## FOSTER WHEELER INSURANCE POLICIES

I.     **Plaintiffs' Insurance Policies**

| Policy Number | Policy Period |
|---|---|
| K11652 | 28 February 1952 – 27 February 1953 |
| K11653 | 28 February 1952 – 27 February 1953 |
| K11691 | 28 February 1952 – 27 February 1953 |
| K17701 | 28 February 1953 – 27 February 1954 |
| K17702 | 28 February 1953 – 27 February 1954 |
| K17703 | 28 February 1953 – 27 February 1954 |
| K17701 | 28 February 1954 – 27 February 1955 |
| K17702 | 28 February 1954 – 27 February 1955 |
| K17703 | 28 February 1954 – 27 February 1955 |
| K17701 | 28 February 1955 – 27 February 1956 |
| K17702 | 28 February 1955 – 27 February 1956 |
| K17703 | 28 February 1955 – 27 February 1956 |
| CK 1065 | 28 February 1956 – 27 February 1957 |
| CK 1066 | 28 February 1956 – 27 February 1957 |
| CK 1067 | 28 February 1956 – 27 February 1957 |
| K37529 | 28 February 1956 – 27 February 1957 |
| K38084 | 28 February 1956 – 27 February 1957 |
| K38085 | 28 February 1956 – 27 February 1957 |
| CK 1065 | 28 February 1957 – 27 February 1958 |
| CK 1066 | 28 February 1957 – 27 February 1958 |
| CK 1067 | 28 February 1957 – 27 February 1958 |
| K37529 | 28 February 1957 – 27 February 1958 |

C:\TEMP\Exhibit B.doc
02/14/2001
1:18 PM

PL 00002090

| Policy Number | Policy Period |
|---------------|---------------|
| K38084 | 28 February 1957 – 27 February 1958 |
| K38085 | 28 February 1957 – 27 February 1958 |
| K46318 | 28 September 1957 – 27 February 1958 |
| CK 1065 | 28 February 1958– 27 February 1958 |
| CK 1066 | 28 February 1958 – 27 February 1959 |
| CK 1067 | 28 February 1958 – 27 February 1959 |
| K37529 | 28 February 1958 – 27 February 1959 |
| K38084 | 28 February 1958 – 27 February 1959 |
| K38085 | 28 February 1958 – 27 February 1959 |
| K46318 | 28 February 1958 – 27 February 1959 |
| CK 4083 | 28 February 1959 – 27 February 1960 |
| CK 4084 | 28 February 1959 – 27 February 1960 |
| K56701 | 28 February 1959 – 27 February 1960 |
| K56702 | 28 February 1959 – 27 February 1960 |
| K56703 | 28 February 1959 – 27 February 1960 |
| K56704 | 28 February 1959 – 27 February 1960 |
| CK 4083 | 28 February 1960 – 27 February 1961 |
| CK 4084 | 28 February 1960 – 27 February 1961 |
| K56701 | 28 February 1960 – 27 February 1961 |
| K56702 | 28 February 1960 – 27 February 1961 |
| K56703 | 28 February 1960 – 27 February 1961 |
| K56704 | 28 February 1960 – 27 February 1961 |
| CK 4083 | 28 February 1961 – 27 February 1962 |
| CK 4084 | 28 February 1961 – 27 February 1962 |
| K56701 | 28 February 1961 – 27 February 1962 |
| K56702 | 28 February 1961 – 27 February 1962 |
| K56703 | 28 February 1961 – 27 February 1962 |

C:\TEMP\Exhibit B.doc
02/14/2001
1:18 PM

| Policy Number | Policy Period |
|---|---|
| K56704 | 28 February 1961 – 27 February 1962 |
| CU 1532 | 28 February 1962 – 27 February 1963 |
| CU 1533 | 28 February 1962 – 27 February 1963 |
| K71522 | 28 February 1962 – 27 February 1963 |
| CU 1532 | 28 February 1963 – 27 February 1964 |
| CU 1533 | 28 February 1963 – 27 February 1964 |
| K71522 | 28 February 1963 – 27 February 1964 |
| CU 3001 | 28 February 1963 – 27 February 1964 |
| CU 1532 | 28 February 1964 – 27 February 1965 |
| CU 1533 | 28 February 1964 – 27 February 1965 |
| K71522 | 28 February 1964 – 27 February 1965 |
| CU 3001 | 21 October 1964 – 27 February 1965 |
| 031155000 | 28 February 1965 – 27 February 1966 |
| 031156000 | 28 February 1965 – 27 February 1966 |
| 031154000 | 28 February 1965 – 27 February 1966 |
| 031155000 | 28 February 1966 – 31 January 1967 |
| 031156000 | 28 February 1966 – 31 January 1967 |
| 031154000 | 28 February 1966 – 31 January 1967 |
| 569/106377A | 28 February 1967 – 31 January 1968 |
| 569/106427 | 28 February 1967 – 31 January 1968 |
| 569/106377A | 28 February 1968 – 31 January 1969 |
| 569/106427 | 28 February 1968 – 31 January 1969 |
| 569/106377A | 28 February 1969 – 31 January 1970 |
| 569/106427 | 28 February 1969 – 31 January 1970 |
| K23984 | 28 February 1971 – 31 January 1972 |
| K24916 | 28 February 1972 – 31 January 1973 |

C:\TEMP\Exhibit B.doc
02/14/2001
1:18 PM

PL 00002092

## II.　　Defendant Insurers' Insurance Policies

| Insurer | Policy Number | Policy Period |
|---|---|---|
| Aetna Casualty & Surety Company | 01XN550WCA | 1 April 1974 – 30 September 1974 |
| Aetna Casualty & Surety Company | 01-XN-1521-WCA | 1 October 1977 – 30 September 1978 |
| Affiliated FM Insurance Company | XL74771 | 1 October 1975 – 30 September 1976 |
| Affiliated FM Insurance Company | XL95881 | 1 October 1976 – 30 September 1977 |
| American Home Assurance Company | CE-356648 | 1 February 1970 – 31 January 1971 |
| American Home Assurance Company | NSX 8402 | 1 February 1971 – 31 January 1972 |
| American Home Assurance Company | CE-2692237 | 1 February 1972 – 31 January 1973 |
| American Home Assurance Company | SCLE-8065389 | 1 October 1974 – 30 September 1975 |
| American Home Assurance Company | SCLE8065403(A) | 1 October 1975 – 30 September 1976 |
| American Home Assurance Company | SCLE8065403(B) | 1 October 1976 – 30 September 1977 |
| American Re-Insurance Company | M1025382 | 1 April 1974 – 30 September 1974 |
| American Re-Insurance Company | M1028661(A) | 1 October 1974 – 30 September 1975 |
| American Re-Insurance Company | M1028661(B) | 1 October 1975 – 30 September 1976 |
| American Re-Insurance Company | M1028661(C) | 1 October 1976 – 30 September 1977 |
| American Re-Insurance Company | M1435066 | 1 October 1977 – 30 September 1978 |

C:\TEMP\Exhibit B.doc
02/14/2001
1:18 PM

| Insurer | Policy Number | Policy Period |
|---|---|---|
| Argonaut Insurance Company | 71315001233 | 1 October 1974 – 30 September 1975 |
| Bellefonte Insurance Company | B91602/B91608 A | 1 October 1974 – 30 September 1975 |
| Bellefonte Insurance Company | B91608(B) | 1 October 1975 – 30 September 1976 |
| Bellefonte Insurance Company | B91608(C) | 1 October 1976 – 30 September 1977 |
| California Union Insurance Company | ZCU-00-0750 | 28 July 1978 – 30 September 1978 |
| Central National Insurance Co. of Omaha | CNU23397(A) | 1 October 1975 – 30 September1976 |
| Central National Insurance Co. of Omaha | CNU123397(B) | 1 October 1976 – 28 February 1977 |
| Commercial Union Insurance Company | 80-38694 | 1 February 1970 – 31 January 1971 |
| Commercial Union Insurance Company | 80-43456 | 1 February 1971 – 31 January 1972 |
| Continental Insurance Company | LX2681257(A) | 1 October 1975 – 30 September 1976 |
| Continental Insurance Company | LX2681257(B) | 1 October 1976 – 31 December 1976 |
| Drake Insurance Company of New York | XL-01436 | 1 October 1976 – 30 September 1977 |
| Employers Commercial Union Insurance Co. | EY-8560-001 | 1 February 1970– 31 January 1971 |
| Employers Commercial Union Insurance Co. | EY-8560-004 | 1 February 1971– 31 January 1972 |
| Employers Mutual Casualty Company | MMO-70025 | 1 October 1977 – 30 September 1978 |
| Federal Insurance Company | 79221524 | 1 April 1974 – 30 September 1974 |
| Fireman's Fund Insurance Company | XLX1202724(A) | 1 October 1974 – 30 September 1975 |
| Fireman's Fund Insurance Company | XLX1202724(B) | 1 October 1975 – 30 September 1976 |
| Fireman's Fund Insurance Company | XLX1202724(C) | 1 October 1976 – 30 September 1977 |

C:\TEMP\Exhibit B.doc
02/14/2001
1:18 PM

| Insurer | Policy Number | Policy Period |
|---|---|---|
| First State Insurance Company | 920044 | 1 February 1970 – 31 January 1971 |
| First State Insurance Company | 920185 | 1 February 1971 – 31 January 1972 |
| First State Insurance Company | 922670 | 31 January 1976 – 30 September 1976 |
| First State Insurance Company | 923410 | 1 October 1976 – 30 September 1977 |
| First State Insurance Company | 925599 | 1 October 1977 – 30 September 1978 |
| First State Insurance Company | 925629 | 1 October 1977 – 30 September 1978 |
| Granite State Insurance Company | SCLD80-93340(A) | 1 October 1977 – 30 September 1978 |
| Granite State Insurance Company | SCLD80-93340(B) | 1 October 1977 – 30 September 1978 |
| Harbor Insurance Company | 112273 | 1 February 1972 – 31 January 1973 |
| Harbor Insurance Company | 112274 | 1 February 1972 – 31 January 1973 |
| Harbor Insurance Company | 114503(A) | 1 February 1973 – 30 January 1974 |
| Harbor Insurance Company | 114503(B) | 1 February 1974 – 30 September 1974 |
| Harbor Insurance Company | 119881(A) | 1 October 1974 – 30 January 1975 |
| Harbor Insurance Company | 119881(B) | 1 October 1975 – 30 January 1976 |
| The Hartford Indemnity Company | 10CB38900E | 1 October 1972 – 30 September 1973 |
| The Hartford Indemnity Company | 10CB38907E | 1 October 1973 – 30 September 1974 |
| The Hartford Indemnity Company | 10CB38922E | 1 October 1974 – 30 September 1975 |
| The Hartford Indemnity Company | 10-XS-100516 | 1 October 1977 – 30 September 1978 |
| Highlands Insurance Company | SR10425 | 1 April 1974 – 30 September 1974 |
| Highlands Insurance Company | SR10595(A) | 1 October 1974 – 30 September 1975 |
| Highlands Insurance Company | SR10595(B) | 1 October 1975 – 30 September 1976 |
| Highlands Insurance Company | SR10595(C) | 1 October 1976 – 30 September 1977 |
| Highlands Insurance Company | SR-20449 | 1 October 1976 – 30 September 1977 |

C:\TEMP\Exhibit B.doc
02/14/2001
1:18 PM

| Insurer | Policy Number | Policy Period |
|---|---|---|
| Highlands Insurance Company | SR-20410 | 1 October 1977 – 30 September 1978 |
| Home Insurance Company | HEC-9730473 | 1 February 1970 – 31 January 1971 |
| Home Insurance Company | HEC-9791430 | 1 February 1970 – 31 January 1971 |
| Insurance Company of North America | XBC-43112 | 1 February 1970 – 31 January 1971 |
| Insurance Company of North America | XCP-12320 | 1 October 1974 – 30 September 1975 |
| Insurance Company of the State of PA | 4172-5214 | 1 February 1972 – 31 January 1973 |
| Insurance Company of the State of PA | 4276-2174 | 31 January 1976 – 30 September 1976 |
| Insurance Company of the State of PA | 4276-2234 | 1 October 1976 – 30 September 1977 |
| Integrity Mutual Insurance Company | XL-200204 | 1 October 1977 – 30 September 1978 |
| International Insurance Company | XS-2462 | 1 February 1972 – 31 January 1973 |
| International Surplus Lines Insurance Co. | GP-2201 | 1 October 1975 – 30 September 1976 |
| International Surplus Lines Insurance Co. | GP-2156(B) | 1 October 1976 – 30 September 1977 |
| Lexington Insurance Company | GC550427 | 1 April 1974 – 30 September 1974 |
| Lexington Insurance Company | GC5504505 | 1 October 1974 – 30 September 1975 |
| Lexington Insurance Company | GC55004657 | 1 October 1975 – 30 September 1976 |
| Lexington Insurance Company | GC550-3002 | 31 January 1976 – 30 September 1976 |
| Lexington Insurance Company | GC550-1918 (A) | 31 October 1976 – 30 September 1977 |
| Lexington Insurance Company | GC550-1918 (B) | 31 October 1976 – 30 September 1977 |
| Lexington Insurance Company | GC550-6145 (A) | 31 October 1977 – 30 September 1978 |
| Lexington Insurance Company | GC550-6145 (B) | 31 October 1977 – 30 September 1978 |
| Liberty Mutual Insurance Company | Unknown | 1 October 1951 – 30 September 1956 |

C:\TEMP\Exhibit B.doc
02/14/2001
1:18 PM

PL 00002096

| Insurer | Policy Number | Policy Period |
|---|---|---|
| Liberty Mutual Insurance Company | FWLP1-620-690414-566 (BI) | 1 October 1956 – 30 September 1957 |
| Liberty Mutual Insurance Company | FWLP1-620-690414-566 (PD) | 1 October 1956 – 30 September 1957 |
| Liberty Mutual Insurance Company | FWLP1-621-902997-377 (BI) | 1 October 1957 – 30 September 1958 |
| Liberty Mutual Insurance Company | FWLP1-621-902997-377 (PD) | 1 October 1957 – 30 September 1958 |
| Liberty Mutual Insurance Company | FWLP1-621-902997-388 (BI) | 1 October 1958 – 30 September 1959 |
| Liberty Mutual Insurance Company | FWLP1-621-902997-388 (PD) | 1 October 1958 – 30 September 1959 |
| Liberty Mutual Insurance Company | FWLP1-621-902997-399 (BI) | 1 October 1959 – 30 September 1960 |
| Liberty Mutual Insurance Company | FWLP1-621-902997-399 (PD) | 1 October 1959 – 30 September 1960 |
| Liberty Mutual Insurance Company | FWLP1-621-00408089-040 (BI) | 1 October 1960 – 30 September 1961 |
| Liberty Mutual Insurance Company | FWLP1-621-00408089-040 (PD) | 1 October 1960 – 30 September 1961 |
| Liberty Mutual Insurance Company | FWLP1-621-004089-041 (BI) | 1 October 1961 – 30 September 1962 |
| Liberty Mutual Insurance Company | FWLP1-621-004089-041 (PD) | 1 October 1961 – 30 September 1962 |
| Liberty Mutual Insurance Company | FWLP1-621-004089-042 (BI) | 1 October 1962 – 30 September 1963 |
| Liberty Mutual Insurance Company | FWLP1-621-004089-042 (PD) | 1 October 1962 – 30 September 1963 |
| Liberty Mutual Insurance Company | FWLP1-621-004089-043 (BI) | 1 October 1963 – 30 September 1964 |
| Liberty Mutual Insurance Company | FWLP1-621-004089-043 (PD) | 1 October 1963 – 30 September 1964 |
| Liberty Mutual Insurance | FWLP1-621-004089- | 1 October 1964 – 30 September 1965 |

C:\TEMP\Exhibit B.doc
02/14/2001
1:18 PM

PL 00002097

| Insurer | Policy Number | Policy Period |
|---|---|---|
| Company | 044 (BI) | |
| Liberty Mutual Insurance Company | FWLP1-621-004089-044 (PD) | 1 October 1964 – 30 September 1965 |
| Liberty Mutual Insurance Company | FWLP1-621-004089-045 (BI) | 1 October 1965 – 30 September 1966 |
| Liberty Mutual Insurance Company | FWLP1-621-004089-045 (PD) | 1 October 1965 – 30 September 1966 |
| Liberty Mutual Insurance Company | FWLP1-621-004089-046 (BI) | 1 October 1966 – 30 September 1967 |
| Liberty Mutual Insurance Company | FWLP1-621-004089-046 (PD) | 1 October 1966 – 30 September 1967 |
| Liberty Mutual Insurance Company | FWLP1-621-004089-047 (BI) | 1 October 1967 – 30 September 1968 |
| Liberty Mutual Insurance Company | FWLP1-621-004089-047 (PD) | 1 October 1967 – 30 September 1968 |
| Liberty Mutual Insurance Company | FWLP1-621-004089-048 (BI) | 1 October 1968 – 30 September 1969 |
| Liberty Mutual Insurance Company | FWLP1-621-004089-048 (PD) | 1 October 1968 – 30 September 1969 |
| Liberty Mutual Insurance Company | FWLP1-621-004089-049 (BI) | 1 October 1969 – 30 September 1970 |
| Liberty Mutual Insurance Company | FWLP1-621-004089-049 (PD) | 1 October 1969 – 30 September 1970 |
| Liberty Mutual Insurance Company | FWLP1-621-004089-040 | 1 October 1970 – 30 September 1971 |
| Liberty Mutual Insurance Company | FWLP1-621-004089-041 | 1 October 1971 – 30 September 1972 |
| Liberty Mutual Insurance Company | LG1-632-0G4010-025 | 1 October 1975 – 30 December 1975 |
| Liberty Mutual Insurance Company | LG1-632-0G4010-126 | 1 January 1976 – 30 December 1976 |
| Liberty Mutual Insurance Company | LG1-632-0G4010-337 | 1 January 1977 – 30 September 1977 |
| Liberty Mutual Insurance | LG1-632-0G4010(C) | 1 October 1977 – 30 September 1978 |

C:\TEMP\Exhibit B.doc
02/14/2001
1:18 PM

| Insurer | Policy Number | Policy Period |
|---|---|---|
| Company | | |
| Liberty Mutual Insurance Company | Liberty Mutual (A) | 1 October 1978 – 30 September 1979 |
| Liberty Mutual Insurance Company | Liberty Mutual (B) | 1 October 1979 – 30 September 1980 |
| Liberty Mutual Insurance Company | Liberty Mutual (C) | 1 October 1980 – 30 September 1981 |
| Lumbermens Mutual Casualty Company | OCN 22603 | 1 February 1970 – 31 January 1971 |
| Lumbermens Mutual Casualty Company | ICN 22603 | 1 February 1971 – 31 January 1972 |
| Lumbermens Mutual Casualty Company | ICN 22603(A) | 1 February 1972 – 31 January 1973 |
| Lumbermens Mutual Casualty Company | ICN 22603(C) | 1 February 1973 – 31 January 1974 |
| Lumbermens Mutual Casualty Company | ICN 22603(D) | 1 February 1974 – 30 September 1974 |
| Lumbermens Mutual Casualty Company | 4SX010275 | 1 October 1974 – 30 September 1975 |
| Midland Risk Insurance Company | XL-1109 | 1 February 1970 – 31 January 1971 |
| Midland Risk Insurance Company | XL-1417(A) | 1 February 1971 – 31 January 1972 |
| Midland Risk Insurance Company | XL-1417(B) | 1 February 1972 – 31 January 1973 |
| Midland Risk Insurance Company | XL-11017141773-2(A) | 1 February 1973 – 31 January 1974 |
| Midland Risk Insurance Company | XL-11017141773-2(B) | 1 February 1974 – 30 September 1974 |
| Midland Risk Insurance Company | XL-145081(A) | 1 October 1974 – 30 September 1975 |
| Midland Risk Insurance Company | XL-145081(B) | 1 October 1975 – 30 September 1976 |

C:\TEMP\Exhibit B.doc
02/14/2001
1:18 PM

| Insurer | Policy Number | Policy Period |
|---|---|---|
| Midland Risk Insurance Company | XL-145081(C) | 1 October 1976 – 30 September 1977 |
| Midland Risk Insurance Company | XL-148473 | 1 October 1977 – 30 September 1978 |
| Mission American Insurance Company | M81706 | 1 April 1974 – 30 September 1974 |
| Mutual Fire, Marine and Inland Insurance Co. | EL100138 | 1 October 1976 – 30 September 1977 |
| Northbrook Insurance Company | 63-003-683 | 1 October 1977 – 30 September 1978 |
| Northbrook Insurance Company | 63-003-790 | 1 October 1977 – 30 September 1978 |
| North Star Re-Insurance Company | NSX-8402(A) | 1 February 1970 – 31 January 1971 |
| North Star Re-Insurance Company | CE 358412 | 1 February 1971 – 31 January 1972 |
| North Star Re-Insurance Company | NSX-110114 | 1 February 1972 – 31 January 1973 |
| Prudential Reinsurance Company | DXC-901069 | 31 January 1976 – 30 September 1976 |
| Prudential Reinsurance Company | DXC-901243 | 1 October 1976 – 30 September 1977 |
| Prudential Reinsurance Company | DXC-901244 | 1 October 1976 – 30 September 1977 |
| Prudential Reinsurance Company | DXC-DX0442 | 1 October 1977 – 30 September 1978 |
| Prudential Reinsurance Company | DXC-DX0428 | 1 October 1977 – 30 September 1978 |
| United States Fire Insurance Company | XS-2275 | 1-February 1971 – 31 January 1972 |
| York Jersey Liability Ltd | 38,009(A) | 1 January 1977 – 28 February 1977 |
| York Jersey Liability Ltd | 38,009(B) | 1 March 1977 – 28 September 1977 |
| York Jersey Liability Ltd | 38,009(C) | 1 October 1977 – 28 July 1978 |

C:\TEMP\Exhibit B.doc
02/14/2001
1:18 PM

PL 00002100

III.    **Nominal Defendants' Policies**

A.    **London Market Companies**

| Policy Number | Policy Period |
|---|---|
| K11652 | 28 February 1952 – 27 February 1953 |
| K11653 | 28 February 1952 – 27 February 1953 |
| K11691 | 28 February 1952 – 27 February 1953 |
| K17701 | 28 February 1953 – 27 February 1954 |
| K17702 | 28 February 1953 – 27 February 1954 |
| K17703 | 28 February 1953 – 27 February 1954 |
| K17701 | 28 February 1954 – 27 February 1955 |
| K17702 | 28 February 1954 – 27 February 1955 |
| K17703 | 28 February 1954 – 27 February 1955 |
| K17701 | 28 February 1955 – 27 February 1956 |
| K17702 | 28 February 1955 – 27 February 1956 |
| K17703 | 28 February 1955 – 27 February 1956 |
| CK 1065 | 28 February 1956 – 27 February 1957 |
| CK 1066 | 28 February 1956 – 27 February 1957 |
| CK 1067 | 28 February 1956 – 27 February 1957 |
| K37529 | 28 February 1956 – 27 February 1957 |
| K38084 | 28 February 1956 – 27 February 1957 |
| K38085 | 28 February 1956 – 27 February 1957 |
| CK 1065 | 28 February 1957 – 27 February 1958 |
| CK 1066 | 28 February 1957 – 27 February 1958 |
| CK 1067 | 28 February 1957 – 27 February 1958 |
| K377529 | 28 February 1957 – 27 February 1958 |
| K38084 | 28 February 1957 – 27 February 1958 |

C:\TEMP\Exhibit B.doc
02/14/2001
1:18 PM

| Policy Number | Policy Period |
|---|---|
| K38085 | 28 February 1957 – 27 February 1958 |
| K46318 | 28 September 1957 – 27 February 1958 |
| CK 1065 | 28 February 1958 – 27 February 1958 |
| CK 1066 | 28 February 1958 – 27 February 1959 |
| CK 1067 | 28 February 1958 – 27 February 1959 |
| K37529 | 28 February 1958 – 27 February 1959 |
| K38084 | 28 February 1958 – 27 February 1959 |
| K38085 | 28 February 1958 – 27 February 1959 |
| K46318 | 28 February 1958 – 27 February 1959 |
| CK 4083 | 28 February 1959 – 27 February 1960 |
| CK 4084 | 28 February 1959 – 27 February 1960 |
| K56701 | 28 February 1959 – 27 February 1960 |
| K56702 | 28 February 1959 – 27 February 1960 |
| K56703 | 28 February 1959 – 27 February 1960 |
| K56704 | 28 February 1959 – 27 February 1960 |
| CK 4083 | 28 February 1960 – 27 February 1961 |
| CK 4084 | 28 February 1960 – 27 February 1961 |
| K56701 | 28 February 1960 – 27 February 1961 |
| K56702 | 28 February 1960 – 27 February 1961 |
| K56703 | 28 February 1960 – 27 February 1961 |
| K56704 | 28 February 1960 – 27 February 1961 |
| CK 4083 | 28 February 1961 – 27 February 1962 |
| CK 4084 | 28 February 1961 – 27 February 1962 |
| K56702 | 28 February 1961 – 27 February 1962 |
| K56703 | 28 February 1961 – 27 February 1962 |
| K56704 | 28 February 1961 – 27 February 1962 |
| CU 1532 | 28 February 1962 – 27 February 1963 |

C:\TEMP\Exhibit B.doc
02/14/2001
1:18 PM

PL 00002102

**Exhibit C**

PL 00002103

## EXHIBIT C

## LONDON MARKET COMPANIES DESIGNATED
## AS NOMINAL DEFENDANTS

Alba General Insurance Company Limited
Allianz Versicherungs – Aktiengesellschaft
Anglo Saxon Insurance Company
Anglo-French Insurance Company Limited
Argonaut Insurance Company
Assicurazioni Generali Spa (UK Branch)
Aviation & General Insurance Company Limited
City General Insurance Company
City Insurance Company
Compagnie Europeene D'Assurances Industrielles S.A.
Companhia De Seguros Imperio S.A.
Continental Company of London Limited
Dominion Insurance Company Limited
Drake Insurance Company Limited
Eagle Star Insurance Company Limited
Eisen Und Stahl Ruckversicherung A.G.
Excess Insurance Company
Folksam International Insurance Company (UK) Limited
Helvetia-Accident Swiss Insurance Company
Highlands Insurance Company
Home and Overseas Insurance Company Limited
INSCO Limited
Instituto De Reasseguros Do Brasil (IRB) – London Branch
London & Edinburgh General Insurance Company Limited
Minster Insurance Company Limited
Muchener Ruckversicherungs Gesellschaft AG in Munchen
National Casualty Company
National Casualty Company of America Limited
New India Insurance Company Limited
New London Reinsurance Company
Prudential Assurance Company Limited
Riunione Adriatica Di Sicurta Spa
River Thames Insurance Company Limited
Royale Belge Incendie Reassurances S.A. D'Assurances
Southern Insurance Company Limited
Sphere Insurance Company Limited
State Government Insurance Office
St. Katherine Insurance Company PLC

Stronghold Insurance Company Limited
Swiss National Insurance Company Limited
Swiss Union Insurance Company
Terra Nova Insurance Company Limited
The British Aviation Insurance Company Limited
The Dominion Insurance Company Limited
The Edinburgh Assurance Company
The Nisshin Fire and Marine Insurance Company Limited
The Royal Scottish Insurance Company Limited
The Scottish Lion Insurance Company Limited
The Tokio Marine and Fire Insurance Company Limited
Turegum Insurance Company Limited
The World Marine & General Insurance Company Limited
Trent Insurance Company Limited
The Vanguard Insurance Company Limited
World Auxiliary Insurance Corporation Limited
Yasuda Fire & Marine Insurance Company (UK) Limited

PL 00002105

Index No. 603770/01                                    Year 2001

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON, et al.,

Plaintiffs,

- against -

FORSTER WHEELER CORPORATION, et al.,

Defendants.

SUMMONS AND COMPLAINT

DORNBUSH MENSCH MANDELSTAM & SCHAEFFER, LLP

Attorneys for Plaintiffs

747 THIRD AVENUE
NEW YORK, N.Y. 10017
(212) 759-3300

Service of a copy of the within                is hereby admitted.

Dated, N.Y.,                                    19

Attorney(s) for

---

NOTICE OF ENTRY

Sir.- Please take notice that the within is a (certified) true copy of a
duty entered in the office of the clerk of the within named court on

Dated,

Yours, etc.,

DORNBUSH MENSCH MANDELSTAM & SCHAEFFER, LLP

Attorney for

Office and Post Office Address
747 THIRD AVENUE
BOROUGH OF MANHATTAN, NEW YORK, N.Y. 10017

To

Attorney(s) for

---

NOTICE OF SETTLEMENT

Sir.- Please take notice that an order    of which the within is a true copy
will be presented for settlement to the Hon.   one of the judges of the within
named Court on at

Dated,

Yours, etc.,

DORNBUSH MENSCH MANDELSTAM & SCHAEFFER, LLP

Attorney for

Office and Post Office Address
747 THIRD AVENUE
BOROUGH OF MANHATTAN, NEW YORK, N.Y. 10017

To

Attorney(s) for