# ALDORT DECLARATION

# EXHIBIT 14

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------x
CERTAIN UNDERWRITERS AT LLOYD'S,          :
LONDON, CERTAIN LONDON MARKET
INSURANCE COMPANIES, and                  :
YASUDA FIRE & MARINE INSURANCE
COMPANY OF AMERICA,                       :

                    Plaintiffs,           :
                    v.
FOSTER WHEELER CORPORATION,               :
AFFILIATED FM INSURANCE COMPANY,
ALLSTATE INSURANCE COMPANY (as successor in:
interest to NORTHBROOK INDEMNITY
COMPANY, AMERICAN HOME ASSURANCE          :
COMPANY, AMERICAN RE-INSURANCE
COMPANY, ARGONAUT INSURANCE COMPANY,:
ATLANTA INTERNATIONAL INSURANCE
COMPANY (as success in interest to DRAKE  :
INSURANCE COMPANY OF NEW YORK),
CENTENNIAL INSURANCE COMPANY,
CENTRAL NATIONAL INSURANCE COMPANY        :
OF OMAHA,SPECIALTY INSURANCE COMPANY,
f/k/a CALIFORNIA UNION INSURANCE          :
COMPANY), CENTURY INDEMNITY COMPANY
(as successor in interest to INSURANCE COMPANY  :
OF NORTH AMERICA),CHIYODA FIRE &
MARINE INSURANCE COMPANY, LIMITED,        :
COMMERCIAL INSURANCE COMPANY OF
NEWARK, NEW JERSEY, COMMERCIAL UNION      :
INSURANCE COMPANY (individually and as
Successor in interest to EMPLOYERS COMMERCIAL.:
UNION INSURANCE COMPANY),
CONTINENTAL INSURANCE COMPANY,            :
EMPLOYERS MUTUAL CASUALTY COMPANY,
EVEREST REINSURANCE COMPANY (as successor :
in interest to PRUDENTIAL REINSURANCE
COMPANY), FEDERAL INSURANCE COMPANY,      :
FIREMAN'S FUND INSURANCE COMPANY,
FIRST STATE INSURANCE COMPANY, GRANITE :
STATE INSURANCE COMPANY, HARBOR
INSURANCE COMPANY, HARTFORD ACCIDENT:
& INDEMNITY COMPANY, HIGHLANDS
INSURANCE COMPANY, HOME INSURANCE         :
COMPANY, INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA, INTERNATIONAL      :
INSURANCE COMPANY (individually and as

ASSIGNED JUSTICE:
Honorable Barbara R. Kapnick
IAS Part 12


Index No. 600777/01

TIG 001709

●                              ●

successor in interest to INTERNATIONAL SURPLUS :
LINES INSURANCE COMPANY), KYOEI FIRE &
MARINE MUTUAL COMPANY, LEXINGTON            :
INSURANCE COMPANY, LIBERTY MUTUAL
INSURANCE COMPANY, LUMBERMENS               :
MUTUAL CASUALTY COMPANY, MUTUAL FIRE,
MARINE AND INLAND INSURANCE COMPANY, :
NEW JERSEY PROPERTY LIABILITY
INSURANCE GUARANTY ASSOCIATION (as          :
liquidator of Integrity Insurance Company, Midland
Risk Insurance Company, Mission America Insurance :
Company, And Pine Top Life Company), NEW
JERSEY SURPLUS LINES INSURANCE
GUARANTY FUND (as successor in interest to
Integrity Insurance Company, and Pine Top Life      :
Company), NORTH STAR RE-INSURANCE
CORPORATION, NORTHWESTERN NATIONAL :
INSURANCE COMPANY (as successor in interest to
BELLEFONTE INSURANCE COMPANY),              :
SUMITOMO MARINE & FIRE INSURANCE
COMPANY LIMITED, TAISHO MARINE & FIRE :
INSURANCE COMPANY LIMITED, TRAVELERS
CASUALTY & SURETY COMPANY (as successor in  :
interest to AETNA CASUALTY & SURETY
COMPANY), UAP GROUP-UNION DES               :
ASSURANCES DE PARIS, UNITED STATES
FIRE INSURANCE COMPANY, and YORK JERSEY :
LIABILITY, LTD.,

                                            :

                Defendants,

                                            :

HIGHLANDS INSURANCE COMPANY LIMITED
and NORTH RIVER INSURANCE COMPANY,          :

                Nominal Defendants.         :

------------------------------------------------x
FOSTER WHEELER CORPORATION,                 :

        Third-Party Plaintiff,              :

            v.                              :

AMERICAN INTERNATIONAL INSURANCE            :
COMPANY; BIRMINGHAM FIRE INSURANCE
COMPANY OF PENNSYLVANIA; CENTRE             :
INSURANCE COMPANY (as successor in interest to
LONDON GUARANTEE & ACCIDENT                 :
COMPANY OF NEW YORK); COLUMBIA

NEW YORK
COUNTY CLERK'S OFFICE

JUL 2 5 2001

NOT COMPARED
WITH COPY FILED

THIRD-PARTY
COMPLAINT
Index: 590956/01
Purchase: 7-25-01

2

1315691 v1; 5/GZ0U.DOC

**TIG 001710**

CASUALTY COMPANY; EXECUTIVE RISK    :
INDEMNITY INCORPORATED (as successor in
interest to AMERICAN EXCESS INSURANCE    :
COMPANY); GOVERNMENT EMPLOYEES
INSURANCE COMPANY; LANDMARK    :
INSURANCE COMPANY; MT. MCKINLEY
INSURANCE COMPANY (as successor in interest to  :
GIBRALTAR CASUALTY COMPANY); NATIONAL
UNION FIRE INSURANCE COMPANY OF    :
PITTSBURGH, PENNSYLVANIA; OLD REPUBLIC
INSURANCE COMPANY; WESTPORT    :
INSURANCE CORPORATION (as successor in
interest to PURITAN INSURANCE COMPANY);    :
AND ZURICH AMERICAN INSURANCE
COMPANY (as successor in interest to ZURICH    :
INSURANCE COMPANY),

                              :

               Third-Party Defendants.

-----------------------------------------------------------x

        Foster Wheeler L.L.C., as successor to Foster Wheeler Corporation and on behalf of

its subsidiaries ("Foster Wheeler"), for its third-party complaint against American International

Insurance Company, Birmingham Fire Insurance Company of Pennsylvania, Centre Insurance

Company (as successor in interest to London Guarantee & Accident Company of New York),

Columbia Casualty Company, Executive Risk Indemnity Incorporated (as successor in interest

to American Excess Insurance Company), Government Employees Insurance Company,

Landmark Insurance Company, Mt. McKinley Insurance Company (as successor in interest to

Gibraltar Casualty Company), National Union Fire Insurance Company of Pittsburgh,

Pennsylvania, Old Republic Insurance Company, Westport Insurance Corporation (as successor

in interest to Puritan Insurance Company) and Zurich American Insurance Company (as

successor in interest to Zurich Insurance Company) (collectively, the "Third-Party Excess

Companies"), states as follows:

1315691 v1; S76Z011.DOC

**TIG 001711**

## INTRODUCTION

(1) This action concerns the coverages provided for tens of thousands of asbestos-related bodily injury claims brought against Foster Wheeler under general liability excess insurance policies (the "Policies") sold by the third-party defendant insurance companies. The underlying asbestos-related claims arise out of Foster Wheeler's contractual and other operations over the course of several decades at thousands of different work sites throughout the United States. As of December 31, 2000, at least 186,000 claims against Foster Wheeler had been settled or otherwise disposed of, but more than 91,000 claims remain pending against Foster Wheeler, and many more are expected to be filed in the future. Since Foster Wheeler began the handling of claims on its own behalf, as of December 31, 2000, Foster Wheeler had paid more than $265 million to defend or otherwise dispose of the asbestos-related claims brought against Foster Wheeler.

(2) In 1993, Foster Wheeler entered into an Interim Defense and Indemnity Agreement ("IDIA") with Defendant Liberty Mutual Insurance Company ("Liberty"), certain of the London plaintiffs and Home Insurance Company ("Participating Insurers"). Pursuant to the IDIA, the Participating Insurers agreed to share the costs associated with the asbestos-related claims. In 1996, Foster Wheeler entered into a separate letter agreement with Lumbermens Mutual Casualty Company ("Lumbermens"), which incorporated the IDIA.

(3) On February 14, 2001, certain of the London plaintiffs who are also Participating Insurers purported to give notice that they would terminate the IDIA as of June 13, 2001.

(4) All asbestos-related claims filed through the date of termination are covered under the terms of the IDIA, and the Participating Insurers are obligated to reimburse Foster Wheeler pursuant to those terms for all covered claims.

4

1315691 v1. S76Z01I.DOC

**TIG 001712**

(5) Asbestos-related claims first submitted to Foster Wheeler after June 13, 2001 are not covered by the IDIA.

(6) Although Participating Insurers have paid a share of the costs of the asbestos-related claims, the third-party defendant insurance companies have not.

(7) Foster Wheeler seeks declaratory relief against all of the third-party defendant insurance companies.

**PARTIES**

(8) Prior to the merger of Foster Wheeler Corporation into Foster Wheeler L.L.C. on May 25, 2001, Foster Wheeler Corporation was a New York corporation having its corporate headquarters and principal place of business at Perryville Corporate Park, Clinton, New Jersey.

(9) On May 25, 2001, Foster Wheeler Corporation was merged into Foster Wheeler L.L.C., a Delaware Limited Liability Company. Foster Wheeler Corporation employees were transferred to Foster Wheeler U.S. Holdings, Inc., a Delaware Corporation. Foster Wheeler U.S. Holdings, Inc., a wholly owned subsidiary of Foster Wheeler L.L.C., changed its name to Foster Wheeler Inc. on May 31, 2001.

(10) The third-party defendant insurance companies are insurance companies that sold to Foster Wheeler insurance policies at various times and for various policy periods from October 1, 1951 through October 1, 1982.

**JURISDICTION AND VENUE**

(11) This court has jurisdiction under CPLR 3001, which provides for its exclusive jurisdiction over declaratory judgment proceedings. An actual controversy exists among the parties to this action pertaining to the Policies' coverage of the asbestos-related claims.

5

(12) This Court has personal jurisdiction over each insurance company plaintiff and defendant because, upon information and belief, each insurance company:

(a) is licensed and/or authorized to do business in New York;

(b) has, within the relevant time period, done or transacted the business of selling insurance and investigating claims in New York; and/or

(c) has issued Policies that cover insureds located in New York and asbestos-related claims arising and brought in New York.

(13) Attached as Exhibit A hereto is a table indicating the state of incorporation and the principal place of business of each third-party defendant insurance company.

(14) Venue lies in the Supreme Court of New York, New York County under CPLR 503 because third-party defendants Birmingham Fire Insurance Company of Pennsylvania and National Union Fire Insurance Company of Pittsburgh, Pennsylvania reside in New York County.

THE POLICIES

(15) Attached as Exhibit B hereto is a table listing all of the Policies at issue in this action that were sold to Foster Wheeler by the third-party defendant insurance companies.

(16) In exchange for payment of substantial premiums by Foster Wheeler, the Third-Party Excess Companies sold to Foster Wheeler umbrella and/or excess layer policies (the "Excess Policies"). The Excess Policies were sold to Foster Wheeler at various times and for various policy periods from February 28, 1952 to October 1, 1982.

(17) Foster Wheeler has performed all conditions precedent to coverage under the Policies, including the payment of substantial premiums, and has complied with all obligations imposed on it under the Policies.

6

TIG 001714

## THE UNDERLYING CLAIMS

(18)  Until 1973, Foster Wheeler Corporation was engaged in the engineering and construction of steam generating equipment, such as boilers, for utility, industrial and marine applications, and in the engineering and construction of refineries and other process plants throughout the United States.  In 1973, Foster Wheeler Corporation ceased its commercial operations and became a holding company.  Its commercial operations in the United States were then principally taken over by Foster Wheeler Energy Corporation, a wholly owned subsidiary of Foster Wheeler Corporation.

(19)  Although Foster Wheeler never manufactured asbestos-containing materials, the engineering and construction contracts involved in their commercial operations sometimes required Foster Wheeler to supply and/or install insulation or other materials which contained asbestos or asbestos fibers. Foster Wheeler would purchase asbestos-containing materials made by others and incorporate or install them into boilers or other equipment that Foster Wheeler built.

(20)  Since at least the late 1970s, tens of thousands of claims have been filed against Foster Wheeler Corporation and Foster Wheeler Energy Corporation by persons alleging that they have suffered bodily injury as a result of exposure to asbestos-containing materials supplied and/or installed by these entities in the course of its commercial operations.

(21)  The claims generally allege that Foster Wheeler, along with numerous co-defendants, manufactured, sold, distributed, installed, supplied and/or otherwise placed in the stream of commerce asbestos-containing materials that injured the claimants.  Frequently, the claims contain little to no information regarding an individual claimant's work history or the circumstances under which the claimant was exposed to asbestos-containing materials, although they usually allege that the exposures occurred over the course of many years.  It often cannot be determined from the face of a complaint or the letter asserting a claim whether a particular

1315501 v1: S76Z011.DOC

TIG 001715

claimant worked at a job site at which Foster Wheeler was likely to have been engaged in any commercial operations. Generally, information regarding a particular claimant's work history and exposure to asbestos-containing material used or installed by Foster Wheeler is obtained as the claim is being prepared for trial or in the course of settlement negotiations.

(22) Many of the asbestos-related claims brought against Foster Wheeler are voluntarily dismissed or otherwise disposed of without any settlement or indemnity payment being made because the claimants cannot establish that they were exposed to any asbestos-containing materials supplied and/or incorporated and/or installed and/or distributed or otherwise placed in the stream of commerce by Foster Wheeler. According to reports of Foster Wheeler's principal third-party administrator who handles the asbestos claims, since 1993, more than half of the claims resolved were disposed of without any indemnity payment being made.

(23) The remainder of the claims are disposed of via settlement or, in some cases, adjudication. Prior to entering any settlement, Foster Wheeler and its third-party administrators and defense counsel require the claimants to provide appropriate proof of the nature of their asbestos-related bodily injury and their exposure to asbestos-containing materials for which Foster Wheeler allegedly is responsible.

(24) Based on its experience in the administration and settlement of the asbestos claims, Foster Wheeler avers that, in asbestos claims found to be meritorious, the claimants' exposures to asbestos-containing materials of Foster Wheeler generally fall into one of the following categories:

(a) exposures aboard a ship containing a boiler supplied by Foster Wheeler in which asbestos-containing material, usually insulation, was installed (hereinafter referred to as "seaman" cases);

**TIG 001716**

(b)  exposures at shipyards where Foster Wheeler boilers were assembled by personnel employed by the shipyard in the presence of an Foster Wheeler engineer called an "erector," whose presence at the shipyard was contractually required as part of Foster Wheeler's commercial operations, which operations were not completed until the boilers were built and installed on a ship that had undergone a successful "shake-down" cruise demonstrating that the boiler was operational (hereinafter referred to as "shipyard" cases);

(c)  exposures at sites where Foster Wheeler constructed multi-story boilers or other heating or heat exchange equipment for industrial customers, principally electric utilities and refiners (hereinafter referred to as "industrial" cases); or

(d)  miscellaneous exposures.

## TENDER OF THE COMPLAINTS

(25)  When the first asbestos bodily-injury complaints were filed against Foster Wheeler in the late 1970s, they were tendered to one of Foster Wheeler's primary CGL insurers, Liberty.  Liberty has been Foster Wheeler's primary CGL insurer ever since the 1920s, except for the October 1, 1972 to October 1, 1975 time period covered by primary policies issued by defendant Hartford Accident & Indemnity Company ("Hartford").  To date, Liberty has paid a share of Foster Wheeler's defense and indemnity costs.

(26)  Since September 1987, Foster Wheeler has put the Third-Party Excess Companies on notice of asbestos-related claims brought against Foster Wheeler that implicate or potentially implicate the Excess Policies.

(27)  Liberty continued to defend and indemnify Foster Wheeler respecting the asbestos-related claims, without reservation, until on or about April 1992.  By letter dated April 6, 1992, Liberty advised Foster Wheeler that the applicable products and completed operations limits of liability of all of the 1956-1972 Liberty primary policies that covered the asbestos-

9

**TIG 001717**

related claims had been exhausted and advised Foster Wheeler that some other insurer should assume the defense of the claims.

(28) In 1992, Foster Wheeler gave Hartford and the Excess Companies notice of Liberty's claim of exhaustion.

(29) In 1993, Foster Wheeler entered into the IDIA with the Participating Insurers. Pursuant to the IDIA, the Participating Insurers agreed to share the costs associated with the asbestos-related claims. In 1996, Foster Wheeler entered into a separate letter agreement with Lumbermens, which incorporated the IDIA.

(30) None of the Third-Party Excess Companies have joined the IDIA, assumed the defense of any asbestos-related claims or reimbursed Foster Wheeler for any of the defense and indemnity costs incurred by Foster Wheeler in connection with said claims.

(31) On February 14, 2001, certain of the London plaintiffs who are also Participating Insurers purported to give notice of their intent to terminate the IDIA as of June 13, 2001.

(32) On the same day, these London plaintiffs filed the present action against Foster Wheeler and certain of its insurance companies.

(33) Foster Wheeler has requested that Liberty provide a defense for all asbestos-related claims filed on or after June 13, 2001.

## COUNT I

### DECLARATORY RELIEF REGARDING THE THIRD-PARTY EXCESS COMPANIES' OBLIGATIONS TO PAY FOSTER WHEELER'S DEFENSE COSTS AND INDEMNIFY FOSTER WHEELER UNDER THE EXCESS POLICIES

(34) Foster Wheeler incorporates by reference and restates herein the allegations of Paragraphs 1 through 33.

10

1315691 v1; 876201!.DOC

TIG 001718

(35) The Excess Policies provide Foster Wheeler with insurance coverage for Foster Wheeler's defense and indemnity costs incurred by Foster Wheeler in connection with asbestos-related bodily injury claims.

(36) Foster Wheeler has notified the Third-Party Excess Companies of asbestos-related bodily injury claims against Foster Wheeler.

(37) Foster Wheeler is entitled to a declaration by the Court of Foster Wheeler's rights and the Third-Party Excess Companies' duties, and a judicial declaration is necessary as to Foster Wheeler's rights and the Third-Party Excess Companies' duties, regarding the asbestos-related bodily injury claims.

(38) The asbestos-related bodily injury claims are covered and are not excluded by the Excess Policies.

(39) Thus, the Third-Party Excess Companies must pay Foster Wheeler's defense and indemnity costs with respect to the asbestos-related bodily injury claims under the Excess Policies. Such a judicial determination is necessary and appropriate at this time under the circumstances alleged.

(40) As a result of the foregoing, an actual controversy exists among Foster Wheeler and the Third-Party Excess Companies regarding the rights of Foster Wheeler and the obligations of the Third-Party Excess Companies to pay Foster Wheeler's defense and indemnity costs under the Excess Policies.

1315691 v1; S76201!.DOC

**TIG 001719**

## PRAYER FOR RELIEF

WHEREFORE, Foster Wheeler respectfully requests that the Court enter a judgment:

(1) as to Count I, awarding Foster Wheeler declaratory relief regarding the Third-Party Excess Companies' defense and indemnity obligations with respect to the asbestos-related bodily injury claims under the Excess Policies.

(2) awarding Foster Wheeler the attorneys' fees and costs it has incurred in prosecuting this action and granting Foster Wheeler such other and further relief that the Court deems just and proper.

12

TIG 001720

Dated: New York, New York
     July 25, 2001

                        DICKSTEIN SHAPIRO MORIN
                         & OSHINSKY LLP

                        Leon B. Kellner
                        Joseph F. Fields

                        1177 Avenue of the Americas
                        41st Floor
                        New York, New York  10036
                        (212) 835-1400

Of Counsel:                    Attorneys for Defendant
Christopher G. Walsh, Jr.      Foster Wheeler Corporation
ROTHSCHILD, BARRY & MYERS
55 West Monroe Street, Suite 3900
Chicago, Illinois 60603-5012

13

TIG 001721

TIG 001722

EXHIBIT A

ALLEGATION OF JURISDICTIONAL INFORMATION

| COMPANY | STATE OF INCORPORATION | PRINCIPAL PLACE OF BUSINESS |
|---|---|---|
| American International Insurance Company | NY | Wilmington, DE |
| Birmingham Fire Insurance Company of Pennsylvania | PA | New York, NY |
| Centre Insurance Company | DE | Wilmington, DE |
| Columbia Casualty Company | IL | Chicago, IL |
| Executive Risk Indemnity Incorporated | DE | Simsbury, CT |
| Government Employees Insurance Company | MD | Washington, DC |
| Landmark Insurance Company | CA | Los Angeles, CA |
| Mt. McKinley Insurance Company | DE | Liberty Corner, NJ |
| National Union Fire Insurance Company of Pittsburgh, PA | PA | New York, NY |
| Old Republic Insurance Company | PA | Greensburg, PA |
| Westport Insurance Corporation | MO | Overland Park, KS |
| Zurich American Insurance Company | NY | New York, NY |

131754-v1; 8F#0011.0CC

## EXHIBIT B

### THIRD-PARTY DEFENDANTS

| AMERICAN EXCESS INSURANCE CO. | |
|---|---|
| POLICY PERIOD | POLICY NUMBER |
| 10/1/78-10/1/79 | EUL-5001161 |
| 10/1/79-10/1/80 | EUL-5070391 |
| 10/1/80-10/1/81 | EUL-5081672 |
| 10/1/81-10/1/82 | EUL-5086572 |

| AMERICAN INTERNATIONAL INSURANCE CO. | |
|---|---|
| POLICY PERIOD | POLICY NUMBER |
| 10/1/78-10/1/79 | 75-100789 |
| 10/1/78-10/1/79 | 75-100798 |
| 10/1/79-10/1/80 | 75-101149 |
| 10/1/79-10/1/80 | 75-101156 |
| 10/1/80-10/1/81 | 75-101988 |
| 10/1/80-10/1/81 | 75-101993 |
| 10/1/81-10/1/82 | 75-102083 |
| 10/1/81-10/1/82 | 75-102086 |

| BIRMINGHAM FIRE INSURANCE CO. OF PENNSYLVANIA | |
|---|---|
| POLICY PERIOD | POLICY NUMBER |
| 10/1/79-10/1/80 | SE-6073560 |
| 10/1/80-10/1/81 | SE-6073718 |
| 10/1/81-10/1/82 | SE-6073868 |

| COLUMBIA CASUALTY CO. | |
|---|---|
| POLICY PERIOD | POLICY NUMBER |
| 10/1/80-10/1/81 | (CNA)RDX-4170100 |
| 10/1/81-10/1/82 | (CNA)RDX-9176047 |

**TIG 001723**

| GIBRALTAR CASUALTY CO. | |
|---|---|
| POLICY PERIOD | POLICY NUMBER |
| 10/1/79-10/1/80 | GMX-00239 |
| 10/1/79-10/1/80 | GMX-00240 |
| 10/1/80-10/1/81 | GMX-00757 |
| 10/1/80-10/1/81 | GMX-00758 |
| 10/1/80-10/1/81 | GMX-00759 |
| 10/1/81-10/1/82 | GMX-01326 |
| 10/1/81-10/1/82 | GMX-01327 |
| 10/1/81-10/1/82 | GMX-01328 |

| GOVERNMENT EMPLOYEES INSURANCE CO. | |
|---|---|
| POLICY PERIOD | POLICY NUMBER |
| 10/1/81-10/1/82 | GXU-30051 |

| LANDMARK INSURANCE CO. | |
|---|---|
| POLICY PERIOD | POLICY NUMBER |
| 10/1/79-10/1/80 | FE-4001051 |
| 10/1/79-10/1/80 | FE-4001052 |
| 10/1/80-10/1/81 | FE-4001115 |
| 10/1/80-10/1/81 | FE-4001116 |
| 10/1/81-10/1/82 | FE-4001191 |
| 10/1/81 10/1/82 | FE-4001192 |

| LONDON GUARANTEE & ACCIDENT CO. | |
|---|---|
| POLICY PERIOD | POLICY NUMBER |
| 10/1/81-10/1/82 | LX3193669 |

| NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PENNSYLVANIA | |
|---|---|
| POLICY PERIOD | POLICY NUMBER |
| 10/1/78-10/1/79 | 1232896 |
| 10/1/79-10/1/80 | 9782375 |
| 10/1/80 10/1/81 | 9910425 |
| 10/1/81-10/1/82 | 9602981 |

2

1315386 v1; S6Y5011.DOC

TIG 001724



| OLD REPUBLIC INSURANCE CO. | |
| --- | --- |
| POLICY PERIOD | POLICY NUMBER |
| 10/1/81-10/1/82 | OZX-11690 |

| PURITAN INSURANCE CO. | |
| --- | --- |
| POLICY PERIOD | POLICY NUMBER |
| 10/1/79-10/1/80 | ML-652233 |
| 10/1/80-10/1/81 | ML-653114 |

| ZURICH INSURANCE CO. | |
| --- | --- |
| POLICY PERIOD | POLICY NUMBER |
| 10/1/78-10/1/79 | 89-28-396 |
| 10/1/79-10/1/80 | 89-33-344 |
| 10/1/80-10/1/81 | 89-35-353 |
| 10/1/81-10/1/82 | 80-01-518 |

3

**TIG 001725**

## SERVICE LIST

### *Certain Underwriters at Lloyd's, London, et al.*
*v.*
### *Foster Wheeler Corp., et al.,*
Index No. 600777/01 (N.Y.S., New York Cty.)

## PLAINTIFFS:

**COUNSEL FOR CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, CERTAIN LONDON MARKET INSURANCE COMPANIES, and YASUDA FIRE & MARINE INSURANCE COMPANY OF AMERICA:**

Bruce Handler, Esq.
Dornbush Mensch Mandelstam
  & Schaeffer LLP
747 Third Avenue
New York, NY 10017
(212) 759-3300 Phone
(212) 753-7673 Fax

James Sottile, Esq.
Mary E. Fechtig, Esq.
Baach Robinson & Lewis PLLC
One Thomas Circle, Suite 200
Washington, DC 20005
(202) 833-8900 Phone
(202) 466-5738 Fax

## DEFENDANTS:

**COUNSEL FOR AFFILIATED FM INSURANCE CO.:**

Inna Reznik, Esq.
Polstein, Ferrara, Dwyer & Speed, P.C.
83 Maiden Lane, 13th Fl.
New York, NY 10038
(212) 344-3339 Phone
(212) 344-3635 Fax

Scott M. Seaman, Esq.
Meckler Bulger & Tilson
8200 Sears Tower
233 South Wacker Drive
Chicago, IL 60606
(312) 474-7900 Phone
(312) 474-7898 Fax

**ALLSTATE INSURANCE COMPANY (as successor in interest to NORTHBROOK INDEMNITY COMPANY):**

Allstate Insurance Company
3075 Sanders Road - Suite G24
Northbrook, IL 60062-7127

**COUNSEL FOR AMERICAN HOME ASSURANCE CO.; GRANITE STATE INSURANCE CO.; INSURANCE CO. OF THE STATE OF PENNSYLVANIA; and LEXINGTON INSURANCE CO.:**

Lisa Shreiber, Esq.
Cozen and O'Connor
45 Broadway, 16th Fl.
New York, NY 10006
(212) 509-9400 Phone
(212) 509-9492 Fax

1282864 v1: HPKW01I.DOC

TIG 001726

**COUNSEL FOR AMERICAN RE-INSURANCE CO.:**

Stefano V. Calogero, Esq.
Cuyler Burk
Four Century Plaza
Parsippany, NJ 07054
(973) 734-3246 Phone
(973) 734-3201 Fax

Maria Enriquez, Esq.
Bates & Carey
333 W. Wacker Dr., Suite 900
Chicago, IL 60606
(312) 762-3100 Phone
(312) 762-3200 Fax

**COUNSEL FOR ARGONAUT INSURANCE CO.:**

Dan E. LaBelle, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880
(203) 227-2855 Phone
(203) 227-6992 Fax

Theresa W. Hajost, Esq.
Halloran & Sage, LLP
1627 I Street, N.W, Suite 610
Washington, DC 20006
(202) 263-4971 Phone
(202) 496-9279 Fax

**COUNSEL FOR ATLANTA INTERNATIONAL INSURANCE CO. (as successor in interest to DRAKE INSURANCE CO. OF NEW YORK):**

Louis Adolfsen, Esq.
Daniel Woodard, Esq.
Melito & Adolfsen, P.C.
233 Broadway
Woolworth Building
New York, NY 10279
(212) 238-8988 Phone
(212) 238-8999 Fax

**COUNSEL FOR CENTENNIAL INSURANCE COMPANY:**

Kevin E. Wolff, Esq.
McElroy, Deutsch & Mulvaney, LLP
1300 Mount Kemble Ave.
P.O. Box 2075
Morristown, NJ 07962-2075

**COUNSEL FOR CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA; CENTURY INDEMNITY CO. (as successor in interest to CIGNA SPECIALTY INSURANCE CO., f/k/a CALIFORNIA UNION INSURANCE CO.) and CENTURY INDEMNITY CO. (as successor in interest to INSURANCE COMPANY OF NORTH AMERICA):**

Lynn Bregman, Esq.
Carol H. Fishman, Esq.
Wilmer, Cutler & Pickering
2445 M Street, NW
Washington, DC 20037
(202) 663-6000 Phone
(202) 663-6363 Main Fax
(202) 772-6382 Bregman Fax
(202) 772-6226 Fishman Fax

John v.H. Pierce, Esq.
Wilmer, Cutler & Pickering
520 Madison Avenue
New York, NY 10022
(212) 230-8800 Phone
(212) 230-8888 Fax

2

TIG 001727

**COUNSEL FOR CHIYODA FIRE & MARINE INSURANCE CO. LTD.; KYOEI FIRE & MARINE MUTUAL CO.; MITSUI MARINE & FIRE INSURANCE CO., LTD. (as successor in interest to TAISHO MARINE & FIRE INSURANCE CO. LTD.); and SUMITOMO MARINE & FIRE INSURANCE CO., LTD.:**

Andrea J. Giannetta, Esq.
Brian E. O'Donnell, Esq.
Riker, Danzig, Scherer,
   Hyland & Perretti LLP
One Speedwell Avenue
P.O. Box 1981
Morristown, NJ 07962-1981
(973) 538-0800 Phone
(973) 538-1984 Fax

**COUNSEL FOR COMMERCIAL UNION INSURANCE CO. (individually and as successor in interest to EMPLOYER'S COMMERCIAL UNION INSURANCE CO.):**

Etienne Maumus, Esq.
Ralph J. Luongo, Esq.
Christie, Pabarue, Mortensen & Young, PC
1880 JFK Blvd., 10th Floor
Philadelphia, PA 19103
(215) 587-1600 Phone
(215) 587-1699 Fax

**COUNSEL FOR CONTINENTAL INSURANCE CO., COMMERCIAL INSURANCE CO. OF NEWARK, NJ and HARBOR INSURANCE CO.:**

Edward M. Pinter, Esq.
Ford Marrin Esposito Witmeyer
   & Gleser, L.L.P.
Wall Street Plaza
New York, NY 10005-1875
(212) 269-4900 Phone
(212) 344-4294 Fax

Rodney L. Eshelman, Esq.
Carroll Burdick & McDonough
44 Montgomery St.
San Francisco, CA 94104

**COUNSEL FOR EMPLOYERS MUTUAL CASUALTY CO.:**

Joshua N. Krellen, Esq.
Dollinger, Gonski & Grossman
1 Old Country Road
Carl Place, NY 11514
(516) 747-1010 Phone
(516) 747-2494 Fax

Bradley L. Mitchell, Esq.
Michael W. Kiernan, Esq.
Smith, Stratton, Wise, Heher & Brennan
600 College Road East
Princeton, NJ 08540
(609) 924-6000 Phone
(609) 987-6651 Fax

3

**TIG 001728**

## COUNSEL FOR EVEREST REINSURANCE CO. (as successor in interest to PRUDENTIAL REINSURANCE CO.); and FEDERAL INSURANCE CO.:

William P. Shelley, Esq.
Dexter R. Hamilton, Esq.
Cozen and O'Connor
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000 Main
(215) 665-2013 Fax

## COUNSEL FOR FIREMAN'S FUND INSURANCE CO.:

Darrel M. Seift, Esq.
Caron, Constants & Wilson
One Liberty Plaza, 21st Fl.
New York, NY 10006
(212) 553-1206 Phone
(212) 507-3709 Fax

Jeffrey Kaufman, Esq.
George D. Vanberg-Wolff, Esq.
Kaufman & Logan LLP
111 Pine St., Suite 1300
San Francisco, CA 94111
(415) 392-6677 Phone
(415) 391-4639 Fax

## COUNSEL FOR FIRST STATE INSURANCE CO. and HARTFORD ACCIDENT & INDEMNITY COMPANY:

Arvind B. Khurana, Esq.
Hogan & Hartson, L.L.P.
100 Park Avenue
New York, NY 10017
(212) 685-8000 Phone
(212) 916-7200 Fax

William B. Bowman, Esq.
Hogan & Hartson, LLP
555 13th Street, NW
Washington, DC 20004
(202) 637-5600 Phone
(202) 637-5910 Fax

## COUNSEL FOR HIGHLANDS INSURANCE CO.:

George R. Hardin, Esq.
Hardin, Kundla, McKeon,
  Poletto & Polifroni, P.C.
673 Morris Avenue
P.O. Box 730
Springfield, NJ 07081-0730
(973) 912-5222 Phone
(973) 912-9212 Fax

## COUNSEL FOR HOME INSURANCE CO.:

Thomas W. Hyland, Esq.
Erik C. DiMarco, Esq.
Scott A. Schechter, Esq.
Wilson, Elser, Moskowitz,
  Edelman & Dicker, LLP
150 East 42nd St.
New York, NY 10017-5639
(212) 490-3000 Phone
(212) 490-3038 Fax

Roger E. Warin, Esq.
John A. Flyger, Esq.
Steptoe & Johnson LLP
1330 Connecticut Ave., NW
Washington, DC 20036
(202) 429-3000 Phone
(202) 429-3902 Fax

4

1292864 v1; RPKW0 1l.DOC

TIG 001729

COUNSEL FOR INTERNATIONAL INSURANCE CO. (individually and as successor in interest to ; INTERNATIONAL SURPLUS LINES INSURANCE CO.; and UNITED STATES FIRE INSURANCE CO.:
Louis G. Corsi, Esq.
Landman, Corsi, Ballaine & Ford, PC
120 Broadway, 27th Floor
New York, NY 10271-0079
(212) 238-4800 Phone
(212) 238-4848 Fax

COUNSEL FOR LIBERTY MUTUAL INSURANCE CO.:
John M. Nonna, Esq.
Stephen M. Kennedy, Esq.
LeBoeuf, Lamb, Greene & McRae, L.L.P.
125 West 55th Street
New York, NY 10019-5389
(212) 424-8000 Phone
(212) 424-8500 Fax

COUNSEL FOR LUMBERMENS MUTUAL CASUALTY CO.:
Robert R. Anderson, Esq.
Tressler, Soderstrom, Maloney & Priess
233 S. Wacker Dr., 22nd Floor
Chicago, IL 60606

COUNSEL FOR MUTUAL FIRE, MARINE AND INLAND INSURANCE CO.:
Richard DiSalle, Esq.
Rose, Schmidt, Hasley & DiSalle
900 Oliver Building
Pittsburgh, PA 15222-2310

COUNSEL FOR NEW JERSEY PROPERTY-LIABILITY INSURANCE GUARANTY ASSOCIATION; and NEW JERSEY SURPLUS LINES INSURANCE GUARANTY FUND:
Adrienne C. Rogove, Esq.
Francis X. Riley III, Esq.
Saul Ewing LLP
237 Park Ave., 21st Fl.
New York, NY 10017
(609) 452-3149 Phone
(609) 514-3748 Fax

5

TIG 001730

COUNSEL FOR NORTH STAR REINSURANCE CORP.:
Christopher W. Healy, Esq.
Skadden, Arps, Slate, Meagher
 & Flom LLP
Four Times Square
New York, NY 10038
(212) 735-3000 Phone
(212) 735-2000 Fax

COUNSEL FOR NORTHWESTERN NATIONAL INSURANCE CO. (as successor
in interest to BELLEFONTE INSURANCE CO.:
Bryan Frank, Esq.
Traub, Eglin, Lieberman & Straus
Mid-Westchester Executive Park
Three Skyline Drive
Hawthorne, NY 10532
(914) 374-2600 Phone
(914) 347-8898 Fax

COUNSEL FOR TRAVELERS CASUALTY & SURETY CO. (as successor in
interest to AETNA CASUALTY & SURETY CO.):

Robert F. Cusumano, Esq.
Allison D. Sealove, Esq.
Simpson Thacher & Bartlett
425 Lexington Avenue
New York, NY 10017
(212) 455-2000 Phone
(212) 455-2502 Fax

Karol Corbin Walker, Esq.
St. John & Wayne, LLC
Two Penn Plaza East
Newark, NJ 07105
(973) 491-3404 Phone
(973) 491-3522 Fax

UAP GROUP-UNION DES ASSURANCES DE PARIS:
UAP Group-Union des Assurances de Paris
33 Rue Sessart
Paris 75019
France

YORK JERSEY LIABILITY, LTD.:
York Jersey Liability Limited
Attention: Corporate Secretary
Victoria Hall
11 Victoria Street
Hamilton HM 11 Bermuda

6

TIG 001731

TIG 001732



Index No. 600772/04

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CERTAIN UNDERWRITERS AT LLOYD'S LONDON, et al.,

Plaintiff,

- against -

FOSTER WHEELER CORPORATION, et al.,

Defendant.

THIRD PARTY ACTIONS
THIRD-PARTY COMPLAINT

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

FOSTER WHEELER CORPORATION

1177 Avenue of the Americas
New York, New York 10036
(212) 835-1400

# ALDORT DECLARATION
# EXHIBIT 15

# EXHIBIT 15

# FILED UNDER SEAL

# ALDORT DECLARATION

# EXHIBIT 16

# EXHIBIT 16

# FILED UNDER SEAL

# ALDORT DECLARATION
# EXHIBIT 17



RIVERSTONE

250 COMMERCIAL STREET
SUITE 5000
MANCHESTER, NEW HAMPSHIRE 0310~
TELEPHONE: (603) 656-2200
FACSIMILE: (603) 656-2400/2401

Michael Staley
Assumed Reinsurance Sr. Claims
Specialist
Direct Line: 603-656-2414
E-mail michael_staley@trg.com

April 3, 2007

Richard E. Kafaf, CPCU
Toxic Tort Claims Department
101 Hudson Street, 29th Floor
Jersey City, New Jersey 07302

| | |
|---|---|
| **RE:** | **AIG's Asbestos Settlement with Foster Wheeler** |
| Insured: | Foster Wheeler Corporation |
| Reinsured's Claims: | 87-55941D; 87-559941H; 87-55941L |
| Our Claims: | ARD9664; ARD9665 |
| | ARD9667; ARD9668 |
| | ARD9672; ARD9670 |
| Reinsured: | AIU Insurance Company |
| Reinsurer: | International Insurance Company |
| Cert Nos: | CFR0062; CFR0063; CFR0064 |
| | CFR0071; CFR0072; CFR0073 |
| | CFR0085; CFR0086; CFR0087 |
| Reinsured's Policies: | 75-100789  Effective:  10/1/78-10/1/79 |
| | 75-101149  Effective:  10/1/79-10/1/80 |
| | 75-101149  Effective:  10/1/80-10/1/81 |

Dear Mr. Kafaf:

This will serve to acknowledge receipt of American International Underwriter's (AIU) March 26, 2007 proofs of loss, relating to their asbestos/silica settlement with Foster Wheeler Corporation (FW). However, in that we have not received a response to our February 2, 2007 letter (copy attached for your convenience) we are not able to give consideration to these claims.

While reference is made to evidence of payment transactions in our February 2, 2007 letter, we wish to make it clear that while evidence of payment could take the form of check/wire copies or claim screen prints, and/or payment reports, any such evidence must set out the transaction date(s), payee(s), check number(s) and amount(s) that tie back to AIU's proofs. In addition, please provide the documentation that satisfied AIU the underlying primary coverage was exhausted.

In closing, we are obliged to continue to expressly reserve all rights under the subject reinsurance contracts, including the apparent late notice of these claims.

Very Sincerely,

Michael E. Staley

Michael Staley

**TIG 000117**

# ALDORT DECLARATION

# EXHIBIT 18



"Kafaf, Richard"
<Richard.Kafaf@AIG.com>
04/26/2007 04:15 PM

To    "'Michael_Staley@TRG.com'" <Michael_Staley@TRG.com>
cc    "'judy marotti'" <judy_marotti@hotmail.com>
bcc
Subject    FW: FW: AIU/AIG - Foster-Wheeler

History    This message has been replied to and forwarded.

Michael:

This is in reply to your email dated April 3, 2007 in regards to your letters dated February 2, 2007 (received as an email attachment to the 4/3/07 email) and the letter dated April 3, 2007. The questions presented in these letters have been addressed in the attached letter dated April 24, 2007, authored by Ms. Marotti. In addition the proof of payments are attached as a PDF file.

Please let me know if you would also like to receive hard copies of these documents. Thank you.

Richard E. Kafaf, CPCU
(201) 631-7128

-----Original Message-----
From: judy marotti [mailto:judy_marotti@hotmail.com]
Sent: Tuesday, April 24, 2007 10:04 AM
To: Richard.Kafaf@AIG.com
Subject: RE: FW: AIU/AIG - Foster-Wheeler

Please see attached. I don't have an address for the reinsurer so could you fill that portion in on the letter? Also, I don't have access to the payment screens. He wants copies of the payment and reserve screens for AIU claim numbers 87-55941D; 87-559941H; 87-55941L. Would you have access to that or should I contact someone else? Everything else requested is attached.

  

Reinsuranceltr.TRG 2007-4-24.doc    Demand letter 2003.TIF    exposure_and_settlement_analysis.DOC

 

AIGSettlementAgreement(FINAL).DOC    FosterWheelerSERIOUSACCIDENTREPORT2006-7-192.doc



FOSTER WHEELER proof of Payment sent 4 26 07.pdf

**TIG 000041**

# EXHIBIT 18

# PAGES TIG 000042 – TIG 000095

# FILED UNDER SEAL