# ALDORT DECLARATION
# EXHIBIT 23

SUPREME COURT OF THE STATE OF NEW YORK
----------------------------------------------------------------X
FOSTER WHEELER L.L.C. (as successor in interest
to Foster Wheeler Corporation),

       Plaintiff,

v.

AFFILIATED FM INSURANCE COMPANY, *et al.*,

       Defendants.
----------------------------------------------------------------X

Index No.: 600777/01

Hon. Barbara R. Kapnick
IAS Part 12

**OBJECTIONS AND RESPONSES OF DEFENDANT, AIU INSURANCE COMPANY, TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND DOCUMENT REQUESTS**

  Defendant, AIU Insurance Company ("AIU"), by and through its counsel, Cozen O'Connor, hereby responds to the Second Set of Interrogatories of Foster Wheeler, L.L.C. ("Foster Wheeler") directed to Defendants. In providing these responses, AIU reserves its rights to modify, expand, and/or clarify its responses and objections should additional relevant and responsive information become available, and to respond and/or object to future Interrogatories by Foster Wheeler.

  AIU also reserves its rights to object to the admission into evidence of any and all of the information made available in response to each Interrogatory herein on any grounds including, but not limited to, the ground that they or any of them are irrelevant and immaterial to the issues in this action. AIU's responses are based upon the present state of its pretrial preparation and the responses are based upon its information and belief.

## GENERAL OBJECTIONS

1. AIU objects to each Interrogatory and Document Request to the extent that it seeks the production of materials and information protected from disclosure by the attorney-client privilege; the work product doctrine; a joint or common defense privilege; the confidentiality of documents containing the impressions, conclusions, opinions, legal research or theories of AIU or its attorneys; or seeks materials prepared in anticipation of litigation. AIU asserts each and every one of the foregoing privileges and/or other protections applicable to the information sought to the fullest extent provided by law or applicable rules.

2. AIU objects to each Interrogatory and Document Request to the extent that it seeks information not within AIU's possession, custody, or control.

3. AIU objects to each Interrogatory and Document Request to the extent that it seeks information that is within Foster Wheeler's knowledge and possession or to which Foster Wheeler has equal access.

4. AIU objects to each Interrogatory and Document Request to the extent it is vague, ambiguous, overly broad, unduly burdensome, and seeks documents and/or information outside the scope of permissible discovery pursuant to the New York Civil Practice Law and Rules.

5. AIU objects to each Interrogatory and Document Request to the extent that it seeks matters of opinion and/or legal conclusions and/or combinations of law and fact.

6. AIU objects to each Interrogatory and Document Request to the extent that it seeks information or documents generated after the filing of the Complaint by Certain Underwriters at Lloyd's, London on February 14, 2001, on the grounds that such material is protected by the attorney-client and/or work product privileges. AIU will not produce any documents generated after the filing of the Complaint and will not list such documents on a privilege log.

PL 00005541

7. The foregoing General Objections are incorporated by reference within each of the following responses and objections to specific Interrogatories and Document Requests and all responses to specific Interrogatories and Document Requests are made subject to and without waiving these General Objections, whether or not specifically reiterated in the responses themselves.

8. AIU reserves the right to supplement, amend or correct its responses in the event of the development or availability of additional, responsive, non-privileged information which warrants such supplementation, correction or amendment.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

9. AIU objects to Foster Wheeler's Instructions and Definitions to the extent that they seek to extend the obligations of AIU beyond those imposed by the New York Civil Practice Law and Rules.

## INTERROGATORIES

1. Describe in detail the factual and legal bases for each defense to coverage you have raised in your answer in this action, including the identification of any persons with knowledge and the identification of documents relating to each defense

**RESPONSE**: AIU objects to this Interrogatory as it is vague, ambiguous and extremely overboard. Moreover, it seeks information which is protected by the attorney-client privilege, the attorney work product doctrine and other privileges and doctrines. Without waiving the foregoing and the General Objections, AIU refers to its pleadings in the case and the documents produced in response to Foster Wheeler's First Request for Production of Documents. AIU also refers to the deposition transcripts in the case and the documents produced by Foster Wheeler.

2. Describe in detail the factual and legal bases for any additional coverage defense that you have decided to assert since filing your answer (if any), including the identification of any

3

persons with knowledge of the relevant facts and the identification of documents relating to each such defense.

**RESPONSE:** *See* Response to Interrogatory No. 1.

3. Describe in detail the date and manner in which you first became aware that Foster Wheeler had been named as a defendant in asbestos personal injury claims, and identify any documents that were the source of your first awareness of such claims.

**RESPONSE:** AIU objects to this Interrogatory in that it is vague and ambiguous. Without waiving the foregoing and General Objections, AIU states, upon current information and belief, that it first became aware that Foster Wheeler had been named as a defendant in asbestos personal injury claims by letter from Johnson & Higgins dated March 31, 1992.

4. Describe in detail the date and manner in which you first became aware that Foster Wheeler was or might be seeking coverage from you for asbestos personal injury claims, and identify any documents that were the source of your first awareness of this subject.

**RESPONSE:** AIU objects to the Interrogatory as it is vague and ambiguous in that it calls for information in the custody and control of Foster Wheeler. Without waiving the foregoing and General Objections, AIU states, upon current information and belief, that it first became aware that Foster Wheeler was or might be seeking coverage from AIU for asbestos personal injury claims by letter from Johnson & Higgins dated March 31, 1992.

5. Describe in detail the characteristics of each type of asbestos personal injury claim against Foster Wheeler that you would classify as a non-products claim under the liability policies that you issued to Foster Wheeler.

4

PL 00005543

**RESPONSE**: AIU objects to this Interrogatory because it requires a legal conclusion, is unduly vague and ambiguous. Furthermore, the Request is burdensome and seeks information neither relevant nor reasonably calculated to lead to discovery of relevant evidence. Without waiving the foregoing and the General Objections, AIU refers to the responses and defenses raised in its Answer to the Complaint, its Answer to Foster Wheeler's cross-claims and its other pleadings in this action. Furthermore, AIU refers to its policies, its pleadings in the case and the documents produced in response to Foster Wheeler's First Request for Production of Documents. AIU also refers to the deposition transcripts in the case and the documents produced by Foster Wheeler.

6. Identify each of the asbestos personal injury claims that have been made against Foster Wheeler that you believe is a "products" claim that falls within the products/completed operations hazard of your policies.

**RESPONSE**: *See* Response to Interrogatory No. 5.

7. Identify each of the asbestos personal injury claims that have been made against Foster Wheeler that you believe is not a "products" claim and thus that falls outside the products/completed operations hazard of your policies.

**RESPONSE**: *See* Response to Interrogatory No. 5.

8. Identify any lawsuit, arbitration, or alternative dispute resolution proceeding (by providing the name, number, court, date, and other detail description) to which you have been a party or amicus curiae that concerned or in which an issue was raised as to whether or not, or the extent to which, asbestos-related claims should be classified as products or non-products claims.

5

PL 00005544

**RESPONSE**: AIU objects to this Interrogatory to the extent it seeks information which is protected by the attorney-client privilege, the attorney work product doctrine and other privileges and doctrines. Moreover, this Interrogatory is unduly vague, ambiguous and burdensome and seeks information neither relevant nor reasonably calculated to lead to discovery of relevant evidence.

9. Identify each document in your possession, custody or control that discusses, refers to, or relates to the classification of asbestos-related personal injury claims as products or non-products claims.

**RESPONSE**: AIU objects to this Interrogatory because it requires a legal conclusion. AIU further objects to this Interrogatory to the extent it is unduly vague, ambiguous and burdensome and seeks information neither relevant nor reasonably calculated to lead to discovery of relevant evidence.

10. Identify each document in your possession, custody or control that discusses, refers to, or relates to the classification of any bodily injury or property damage claim that involves bodily injury or property damage that occurs over a period of several years as either a products or non-products claim.

**RESPONSE**: AIU objects to this Interrogatory to the extent it seeks information which is protected by the attorney-client privilege, the attorney work product doctrine and other privileges and doctrines. Moreover, this Interrogatory is unduly vague, ambiguous and burdensome and seeks information neither relevant nor reasonably calculated to lead to discovery of relevant evidence.

11. State whether you have ever classified a claim against one of your policyholders that involves bodily injury that occurs over a period of several years as a non-products claim under

6

one or more policies but as a products claim under other policies that were issued for later periods, and if so, identify all documents that discuss, refer to, or relate to any such claims or categories of claims.

**RESPONSE**: AIU objects to this Interrogatory to the extent it seeks information which is protected by the attorney-client privilege, the attorney work product doctrine and other privileges and doctrines. Moreover, this Interrogatory is unduly vague, ambiguous and burdensome and seeks information neither relevant nor reasonably calculated to lead to discovery of relevant evidence.

12. State whether you have ever classified a claim against one of your policyholders that involves property damage that occurs over a period of several years as a non-products claim under one or more policies but as a products claim under other policies that were issued for later periods, and if so, identify all documents that discuss, refer to, or relate to any such claims or categories of claims.

**RESPONSE**: AIU objects to this Interrogatory to the extent it seeks information which is protected by the attorney-client privilege, the attorney work product doctrine and other privileges and doctrines. Moreover, this Interrogatory is unduly vague, ambiguous and burdensome and seeks information neither relevant nor reasonably calculated to lead to discovery of relevant evidence.

13. State your basis for disagreeing, if you do disagree, with the holding in *In re The Wallace & Gale Company*, 385 F. 3d 820 (4th Cir. 2004), that, if an asbestos claimant's initial exposure to asbestos occurred after the policyholder's operations were concluded, or if asbestos injury that began during operations continued after operations were complete, then the claim falls

7

within the products/completed operations hazard for purposes of applying any policy that came into effect after the policyholder's operations were complete.

**RESPONSE**: AIU objects to this Interrogatory because it requires a legal conclusion. AIU further objects to this Interrogatory to the extent it is unduly vague, ambiguous and burdensome and seeks information neither relevant nor reasonably calculated to lead to discovery of relevant evidence.

14. Identify any lawsuit, arbitration, or alternative dispute resolution proceeding (by providing the name, number, court, date and other detail description) to which you have been a party or amicus curiae that concerned or in which an issue was raised as to what constitutes an "occurrence" under general liability policies in the context of asbestos-related claims or other delayed manifestation claims.

**RESPONSE**: *See* Response to Interrogatory No. 8.

15. State the number of occurrences out of which you contend the asbestos personal injury claims against Foster Wheeler arise, and describe in detail each and every such occurrence.

**RESPONSE**: AIU objects to this Interrogatory because it requires a legal conclusion. AIU further objects to this Interrogatory to the extent it is unduly vague and ambiguous. Moreover, in order to respond to the Interrogatory, information in the custody and control of Foster Wheeler is necessary. Because discovery is ongoing, AIU reserves its right to supplement this response at a later date should additional information become known to it.

16. Identify each document in your possession, custody or control that discusses, refers to, or relates to the number of occurrences that are involved in asbestos-related bodily injury claims.

8

**RESPONSE**: AIU objects to this Interrogatory to the extent it seeks information which is protected by the attorney-client privilege, the attorney work product doctrine and other privileges and doctrines. Moreover, this Interrogatory is unduly vague and ambiguous, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17. State whether you have ever taken the position in a letter, interrogatory response, pleading, memorandum, or other document that all asbestos-related bodily injury claims against a policyholder arise out of a single occurrence, and if so identify each such policyholder and each such document.

**RESPONSE**: AIU objects to this Interrogatory to the extent it seeks information which is protected by the attorney-client privilege, the attorney work product doctrine and other privileges and doctrines. Moreover, this Interrogatory is unduly vague and ambiguous, burdensome and seeks information neither relevant nor reasonably calculated to lead to discovery of relevant evidence.

18. State whether, to your knowledge, any insurer or reinsurer has ever taken the position in a letter, interrogatory response, pleading, memorandum, or other document that all asbestos-related bodily injury claims against a policyholder arise out of a single occurrence, and if so identify each such insurer or reinsurer and each such document.

**RESPONSE**: *See* Response to Interrogatory No. 17.

19. State whether you have ever taken the position in a letter, interrogatory response, pleading, memorandum, or other document that each asbestos-related bodily injury claim against a policyholder on behalf of an individual person who was allegedly injured by asbestos arises out of a separate occurrence, and if so identify each such policyholder and each such document.

9

**RESPONSE**: *See* Response to Interrogatory No. 17.

20. State whether, to your knowledge, any insurer or reinsurer has ever taken the position in a letter, interrogatory response, pleading, memorandum, or other document that each asbestos-related bodily injury claims against a policyholder on behalf of an individual person who was allegedly injured by asbestos arise out of a single occurrence, and if so identify each such insurer or reinsurer and each such document.

**RESPONSE**: *See* Response to Interrogatory No. 17.

21. State whether you have ever taken the position in a letter, interrogatory response, pleading, memorandum, or other document that there is a separate occurrence for each site at which asbestos-related bodily injury claimants were exposed to asbestos, and if so identify each such site and each such document.

**RESPONSE**: *See* Response to Interrogatory No. 17.

22. State whether, to your knowledge, any insurer or reinsurer has ever taken the position in a letter, interrogatory response, pleading, memorandum, or other document that there is a separate occurrence for each site at which asbestos-related bodily injury claimants were exposed to asbestos, and if so identify each such insurer or reinsurer and each such document.

**RESPONSE**: *See* Response to Interrogatory No. 17.

23. State whether you have ever taken the position in a letter, interrogatory response, pleading, memorandum, or other document that there is a separate occurrence for each asbestos-containing product that is a source of asbestos-related bodily injury claims against a policyholder, and if so identify each such product and each such document.

10

PL 00005549

**RESPONSE**: *See* Response to Interrogatory No. 17.

24. State whether, to your knowledge, any insurer or reinsurer has ever taken the position in a letter, interrogatory response, pleading, memorandum, or other document that there is a separate occurrence for each asbestos-containing product that is a source of asbestos-related bodily injury claims against a policyholder, and if so identify each such insurer or reinsurer and each such document.

**RESPONSE**: *See* Response to Interrogatory No. 17.

25. Identify all persons involved in, consulted in connection with, or whose files were searched pursuant to the efforts you made to locate and produce documents responsive or potentially responsive to Foster Wheeler's document requests in this action.

**RESPONSE**: AIU objects to this Interrogatory to the extent it seeks information which is protected by the attorney-client privilege, the attorney work product doctrine and other privileges and doctrines. Without waiving the foregoing and the General Objections, AIU states that the undersigned conferred with counsel in preparing these responses.

26. List all years during which you were a member of the Insurance Services Organization, Inc. ("ISO").

**RESPONSE**: AIU objects to this Interrogatory as it is unduly vague, ambiguous and burdensome and seeks information neither relevant nor reasonably calculated to lead to discovery of relevant evidence.

27. List all years during which you were a member of any predecessor of ISO, or any prior rating bureau of organization whose files and/or functions were taken over by ISO

11

(including but not limited to the Insurance Rating Board, the National Bureau of Casualty Underwriters, and the Mutual Insurance Rating Bureau).

**RESPONSE**: *See* Response to Interrogatory No. 26.

28. State whether you reinsured any 1970-1982 Foster Wheeler liability policy, including any policy issues to Foster Wheeler by Liberty Mutual or the London Market insurers, and if so identify each such policy.

**RESPONSE**: AIU objects to this Interrogatory because it seeks confidential and/or propriety information. AIU further objects to this Interrogatory because is unduly vague, ambiguous and burdensome and seeks information neither relevant nor reasonably calculated to lead to discovery of relevant evidence.

## DOCUMENT REQUESTS

1. Produce each document identified in response to the foregoing interrogatories.

**RESPONSE**: AIU has made available all non-privileged, responsive documents.

2. Produce each document that discusses, refers to, or relates to your reinsurance of any 1970-1982 Foster Wheeler liability policy, including any policy issued to Foster Wheeler by Liberty Mutual or the London Market insurers.

**RESPONSE**: AIU objects to this Request as it unduly burdensome, vague, ambiguous and palpably irrelevant. *See Karta Indus., Inc. v. Insurance Co. of the State of Pa.*, 258 A.D.2d 375, 685 N.Y.S.2d 685 (1st Dep't 1999); *Occidental Chem. Corp. v. Hartford Acc. & Indem. Co.*, No. 41009/80, slip op., at 6-7 (Sup. Ct. Niagara Cty., Nov. 30, 1990).

3. Produce each document that constitutes or refers to any communications between you and your reinsurers about the number of occurrences that are involved in asbestos related bodily

12

PL 00005551

injury claims, including but not limited to the asbestos personal injury claims against Foster Wheeler.

**RESPONSE**: *See* Response to Document Request No. 2.

4. Produce each document that constitutes or refers to any communications between you and your reinsurers about the trigger of coverage for asbestos-related bodily injury claims, including but not limited to the asbestos personal injury claims against Foster Wheeler.

**RESPONSE**: *See* Response to Document Request No. 2.

5. Produce each document that constitutes or refers to any notice that you have given to your reinsurers concerning the asbestos personal injury claims against Foster Wheeler and/or Foster Wheeler's effort to obtain coverage for such claims under your policies.

**RESPONSE**: *See* Response to Document Request No. 2.

Dated: New York, New York
       November 30, 2005

COZEN O'CONNOR

BY: _____
    THOMAS G. WILKINSON, JR.
    JAMES B. DOLAN, JR
    45 Broadway Atrium, 16th Floor
    New York, New York 10006
    Tel. 212.509.9400
    Fax 212.509.9492

and

200 Four Falls Corporate Center
Suite 400
West Conshohocken, PA 19428-0800
Tel. 610.832.8375
Fax 610.941.0711
Attorneys for Defendant, AIU Insurance Company

13

PL 00005552

## CERTIFICATION IN LIEU OF OATH

I, Judy Marotti, am employed by AIG Domestic Claims, Inc., the entity authorized to handle Foster Wheeler's claims against AIU Insurance Company for coverage for asbestos bodily injury and property damage claims against it, and I am authorized to execute the within responses to the Second Set of Interrogatories of Foster Wheeler, L.L.C. on its behalf. I certify that the foregoing responses are true and correct, to the best of my knowledge, information and belief, based upon a reasonable, diligent inquiry conducted by me or conducted under my direction and control.

I am aware that if any of the foregoing statements made by me are knowingly false, I am subject to punishment.

_____
JUDY MAROTTI

Dated:_____

WCONSH1\3758831\1

14

PL 00005553

# ALDORT DECLARATION

# EXHIBIT 24



PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
LAS VEGAS
LONDON
LOS ANGELES

**COZEN**
**O'CONNOR**
ATTORNEYS

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
WASHINGTON, DC
WEST CONSHOHOCKEN
WILMINGTON

A PROFESSIONAL CORPORATION

SUITE 400   200 FOUR FALLS CORPORATE CENTER   P.O. BOX 800   WEST CONSHOHOCKEN, PA 19428-0800
610.941.5400   800.379.0695   610.941.0711 FAX   www.cozen.com

January 8, 2004

**VIA FEDERAL EXPRESS**

James B. Dolan, Jr.
Direct Phone 610.832.8375
Direct Fax   866.268.4020
jdolan@cozen.com

Andrew M. Weiner, Esquire
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street N.W.
Washington, DC 20037-1526

Re:   *Certain Underwriters at Lloyd's, et al. v. Foster Wheeler Corp., et al.*
      N.Y. Supreme Ct., N.Y. County - Index No. 600777/01
      Our File No. 113785.000

Dear Andy:

Enclosed are Responses and Objections to Foster Wheeler's Demand for Documents by our Firm's clients, AIU Insurance Company, American Home Assurance Company, Birmingham Fire Insurance Company, Granite State Insurance Company, The Insurance Company of the State of Pennsylvania, Landmark Insurance Company, Lexington Insurance Company and National Union Fire Insurance Company of Pittsburgh, Pa.

As we previously discussed, despite a diligent search, only AIU Insurance Company has located documents responsive to Foster Wheeler's Demand. We expect to forward the responsive documents located by AIU, not otherwise protected from disclosure by the attorney client privilege, the work product doctrine, or any other protection, in the next few days.

In the meantime, please contact me at the above number should you wish to discuss the foregoing.

Sincerely,

COZEN O'CONNOR

By:  James B. Dolan, Jr.

PL 00032860

Andrew M. Weiner, Esquire
January 8, 2004
Page 2

---

JBD
Enclosures

cc:     All Counsel (with enclosures)(via first-class mail)

PL 00032861

Andrew M. Weiner, Esquire
January 8, 2004
Page 3

---

bcc:  Ms. Meera Coilparampil (with enclosures)(via first-class mail)
      Ms. Dianne Proimos (with enclosures)(via first-class mail)

WConsh1\331002\1 113785.000

PL 00032862