William A. Maher (WM-9470)
Marc L. Abrams (MA-6600)
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300

Attorneys for AIU Insurance Company

**REDACTED VERSION**

**ORIGINAL FILED UNDER SEAL
SUBJECT TO
CONFIDENTIALITY ORDER**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
AIU INSURANCE COMPANY,                                      :
                                                            :     Civil Action No.: 07 CIV 7052 (SHS)
                            Plaintiff,                       :
        -against-                                           :
                                                            :
TIG INSURANCE COMPANY,                                      :
                                                            :
                            Defendant.                      :
------------------------------------------------------------X

## DECLARATION OF MARC L. ABRAMS

1.      I am a partner in the law firm of Wollmuth Maher & Deutsch LLP,

counsel for plaintiff AIU Insurance Company ("AIU").

2.      As such, I am fully familiar with the facts stated below and I submit this

declaration in support of AIU's Opposition (the "Opposition Brief") to the Motion to Compel

filed by TIG Insurance Company ("TIG").

3.      In my role as counsel for AIU, I have supervised AIU's discovery efforts

in response to the discovery requests interposed by TIG in this matter.  In response to these

requests, AIU and its counsel have devoted significant resources in responding to TIG's

discovery requests.  These efforts have already resulted in the production of roughly 53,000

pages of electronic and hard documents including, but not limited to the following materials:

    •   AIU and its coverage counsel's litigation files and documents relating to

the Foster Wheeler Coverage Litigation[1] (to the extent such materials were not subject to privileges);

- Underwriting files in connection with the Reinsurance Agreements;

- Reinsurance claims files maintained by AIU in connection with the cession of its Foster Wheeler claims to TIG under the Reinsurance Agreements;

- Billings and notices to TIG in connection with these claims;

- AIU's notices and billings of its Foster Wheeler claims to its facultative reinsurers besides TIG.

4.    In undertaking these efforts, AIU and/or its counsel have conducted and/or supervised numerous document inspections and electronic searches for responsive materials and continue to do so.

5.    Indeed, AIU has electronically searched and continues to electronically search the files of all witnesses that it designated in its Interrogatory Responses, including the files of:  (1) Steve Parness; (2) Paul Colon; (3) Richard Kafaf; (4) William Mezick; (5) Judy Marotti; (6) Werner Ahrenstedt; (7) Jeffrey Millstone; (8) Diane Proimos and (9) certain Cozen & O' Connor attorneys involved in the Foster Wheeler Coverage Litigation.

6.    In connection with AIU's discovery responses, I have had occasion to review certain files in AIU's possession relating to the Forty-Eight Insulations Litigation.  In these proceedings, it appears that AIU and its affiliates retained a law firm named Gleason, McGuire & Shreffler to defend it in connection with the Forty-Eight Insulations litigation. Based on internet searches and searches of databases such as Martindale and Lexis conducted by my law firm, it does not appear that this firm exists; indeed, it appears to have dissolved in or around 1997.  See Exhibit I attached hereto.

---

[1] All capitalized terms are ascribed the same meaning here as defined in AIU's Opposition Brief.

2

7.    A review of documents in AIU's possession does not indicate which law firm, if any, represented AIU in the Boiler Litigations. Based on a diligent search, we have been unable to locate anyone at AIU who had personal knowledge of the Boiler Litigations, which is unsurprising given that these claims were resolved decades ago for relatively modest settlements. See, e.g., Aldort Dec., Ex. 5 at p.2.

8.    Attached hereto as Exhibit A is a true and correct copy of AIU's Complaint and Demand for Jury Trial, dated August 7, 2007.

9.    Attached hereto as Exhibit B is a true and correct copy of TIG Insurance Company's First Set of Interrogatories, dated October 25, 2007.

10.    Attached hereto as Exhibit C is a true and correct copy of AIU's Responses and Objections to TIG's First Set of Interrogatories, dated December 12, 2007.

11.    Attached hereto as Exhibit D is a true and correct copy of AIU's Supplemental Responses and Objections to TIG Insurance Company's First Set of Interrogatories, dated February 28, 2008.

12.    Attached hereto as Exhibit E is a true and correct copy of TIG's First Amended Answer, dated April 22, 2008.

13.    Attached hereto as Exhibit F is a true and correct copy of a Reinsurance Advice/Proof of Loss notice dated April 11, 1990, that AIU appears to have distributed to International Insurance Company, TIG's predecessor. This document has been produced in this matter.

14.    Attached hereto as Exhibit G is a true and correct copy of the Amended Complaint for Declaratory Judgment and Injunctive Relief, dated July 15, 1988, filed in the action entitled In re Forty-Eight Insulations, Inc., Case No. 85 B 5061(Northern District of

Illinois, Eastern Division).

15.    Attached hereto as Exhibit H is a true and correct copy of the Answer of International Insurance Company to Plaintiff's First Amended Complaint, dated June 13, 2001, filed in the action entitled <u>Certain Underwriters at Lloyd's, London v. Foster Wheeler Corp., et al.,</u> Index No. 600777/01 (Supreme Court, New York County).

16.    Attached hereto as Exhibit I is a true and correct copy of a Chicago Daily Law Bulletin, dated September 22, 1997 regarding Gleason, McGuire & Shreffler.

17.    Attached hereto as Exhibit J is a true and correct copy of TIG Insurance Company's Redaction Log, dated March 25, 2008.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:    New York, New York
         April 30, 2008

                                        Marc L. Abrams