# Exhibit
# G

AO 440 (Rev. 5/85) Summons in a Civil Ac...

# United States District Court

## NORTHERN DISTRICT OF ILLINOIS

### Eastern Division

FORTY-EIGHT INSULATIONS, INC.    )

         )

     Plaintiff,     )

     V.        )

AETNA CASUALTY & SURETY COMPANY, )

           )

     Defendants.    )

           )

**ALIAS**

## SUMMONS IN A CIVIL ACTION

Bankr. No.:   85 B 5061

CASE NUMBER:   87 C 10594

Adv. No.:   87 A 1004

Honorable George M. Marovich

**TO:** (Name and Address of Defendant)

AMERICAN HOME ASSURANCE COMPANY
70 Pine Street
New York, NY 10270

**PLEASE SERVE:**   John E. Washburn
Director of Insurance
100 West Randolph St.
Suite 15-100
Chicago, IL   60601

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

MAYER, BROWN & PLATT
190 South La Salle St.
Chicago, IL   60603

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.



RECEIVED
JUL 15 1988
4:00 pm
MPC
DEPARTMENT OF INSURANCE
CHICAGO

JUL 15 1988

H. STUART CUNNINGHAM

CLERK   GALE YARGELIO

            DATE

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re                                          )
                                               )
FORTY-EIGHT INSULATIONS, INC.,                 )        Chapter 11
                                               )
                     Debtor.                   )        Case No. 85 B 5061
_____       )
                                               )
FORTY-EIGHT INSULATIONS, INC.,                 )
                                               )
                     Plaintiff,                )
                                               )
          v.                                   )
                                               )
AETNA CASUALTY & SURETY COMPANY,               )
AFFILIATED FM INSURANCE COMPANY,               )
AMERICAN HOME ASSURANCE COMPANY,               )
AMERICAN RE-INSURANCE COMPANY,                 )
ARGONAUT INSURANCE COMPANY, ATLANTA            )
INTERNATIONAL INSURANCE COMPANY,               )
as successor to Drake Insurance                )
Company, BELLEFONTE INSURANCE                   )
COMPANY, CONTINENTAL INSURANCE                  )
COMPANY, FIREMAN'S FUND INSURANCE              )        No. 87 C 10594
COMPANY, FEDERAL INSURANCE COMPANY,            )
FIRST STATE INSURANCE COMPANY,                 )        Adv. No. 87 A 1004
HARBOR INSURANCE COMPANY, HARTFORD             )
INSURANCE GROUP, HIGHLANDS INSURANCE           )        Hon. Milton I. Shadur
COMPANY, INSURANCE COMPANY OF THE              )
STATE OF PENNSYLVANIA, INTERNATIONAL           )
SURPLUS LINES COMPANY, LEXINGTON               )
INSURANCE COMPANY, LUMBERMENS                   )
MUTUAL CASUALTY COMPANY, MISSION               )
NATIONAL INSURANCE COMPANY, NORTH              )
RIVER INSURANCE COMPANY, PRUDENTIAL            )
RE-INSURANCE COMPANY, and SEDGWICK             )
FORBES INTERNATIONAL LIMITED,                  )
                                               )
                     Defendants.               )
                                               )



AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COMES FORTY-EIGHT INSULATIONS, INC., an Illinois

corporation, debtor in possession and plaintiff herein ("Forty-

Eight"), by and through its attorneys, and for its amended complaint for declaratory relief against the above-named Defendants, alleges as follows:

### JURISDICTION AND RELATED MATTERS

1. The district court has jurisdiction over this case and civil adversary proceeding pursuant to 28 U.S.C. § 1334. This civil adversary proceeding relates to the chapter 11 case *In re Forty-Eight Insulations, Inc.*, Case No. 85 B 05061, pending in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

2. This is a non-core proceeding within the meaning of 28 U.S.C. § 157. While the United States District Court for the Northern District of Illinois, Eastern Division, has referred all cases under title 11, U.S.C., and all proceedings arising in or related to a case under title 11 to the bankruptcy judges for this district pursuant to 28 U.S.C. § 157(a) and General Rule 2.33A, the District Court ordered the withdrawal of the reference of this action from the bankruptcy court on January 8, 1988.

### INTRODUCTORY ALLEGATIONS

3. At all times material herein, Forty-Eight was and is a corporation organized under the laws of the State of Illinois, with its principal place of business in North Aurora, Kane County, Illinois, in the Northern District of Illinois.

RECEIVED
JUL 15 1988
MPC
DEPARTMENT OF INSURANCE
CHICAGO

4.  From and after September 9, 1973, to the present, Forty-Eight was a wholly-owned subsidiary of Foster Wheeler Corporation.

5.  From September 9, 1973, to and including 1976, Foster Wheeler Corporation purchased from each of the Defendant insurance carriers liability insurance coverage pursuant to written insurance policies.

6.  The policies purchased by Foster Wheeler Corporation provided that the named insured should include Foster Wheeler Corporation and/or any financially owned or controlled companies, corporations, firms, or organizations as now or may hereafter exist or be constituted, or words to that effect, whereby Forty-Eight became and was an insured under each of said policies.

7.  From approximately 1923 to 1970, Forty-Eight was engaged in the manufacture and sale of various asbestos-containing insulation products in Kane County, Illinois, and elsewhere. More than 26,000 lawsuits had been filed prior to April 19, 1985, throughout the nation against Forty-Eight alleging damages as a result of exposure to and resulting personal injury, wrongful death or property damage from Forty-Eight's asbestos-containing products.

8.  On April 19, 1985, as a result of the numerous asbestos claims filed against Forty-Eight, Forty-Eight filed its voluntary petition under chapter 11 of the Bankruptcy Code in the Northern District of Illinois, Eastern Division:  In Re Forty-Eight

-3-

Insulations, Inc., Case No. 85 B 05061 (the "Case").  The Case is
still pending, and no plan of reorganization has been proposed.

9.  Since April 19, 1985, approximately 1,300 claims have been
filed in the Case alleging damages as a result of exposure to and
resulting death, injury or property damage from exposure to
Forty-Eight's asbestos-containing products.  Forty-Eight
anticipates that several thousand additional personal injury
claims and actions and property damage claims and actions will be
filed against Forty-Eight subsequent to this date by persons
claiming injury from alleged exposure to asbestos products
manufactured and/or distributed by Forty-Eight.  (All pending and
future underlying asbestos-related claims, both for personal
injury or death and for property damage, will hereinafter be
referred to as the "underlying asbestos actions.")  It is now
reasonably estimated that the total number of underlying asbestos
actions from alleged asbestos injuries will exceed 75,000 in
number with claimed damages against Forty-Eight of not less than
$4 billion.

10.  The settlement of claims prior to April 19, 1985,
virtually exhausted Forty-Eight's primary insurance coverage for
the period September 9, 1973, through 1976.  Forty-Eight's
remaining primary and excess insurance coverage is certain to be
exhausted in any distribution pursuant to a plan of
reorganization.

-4-

11.   Notwithstanding that Foster Wheeler and Forty-Eight have performed all of their obligations under the policies, including the payment of substantial premiums, an actual dispute has arisen as to whether or not the Defendants or any of them are obligated under their respective liability insurance policies insuring Forty-Eight to provide Forty-Eight with insurance coverage with respect to the asbestos claims which have been asserted and will be asserted against Forty-Eight for alleged bodily injury, wrongful death or property damage.  A declaration of the extent and nature of the Defendant insurers' liability to Forty-Eight by this Court will materially assist the formulation of a plan of reorganization.

12.   This Court is empowered, pursuant to its powers under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, to declare and adjudge that the Defendant insurers have a duty under their respective policies of insurance to provide a defense and to indemnify Forty-Eight in the underlying asbestos actions for personal injury, wrongful death and property damage until the limits of each insurance policy of the Defendant insurers have been exhausted for any asbestos claimant whose exposure to Forty-Eight asbestos products, manifestation of asbestos related disease, or any period of exposure in residence between exposure and manifestation occurs within the Defendant insurers' respective policy periods.

-5-

## DEFENDANTS

13. Defendant, AETNA CASUALTY & SURETY COMPANY (hereinafter "Aetna"), is a foreign corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. Aetna is licensed to do business in the State of Illinois and is transacting business in the Northern District of Illinois.

14. Defendant, AFFILIATED FM INSURANCE COMPANY (hereinafter "Affiliated FM"), is a foreign corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business in Johnston, Rhode Island. Affiliated FM is licensed to do business in the State of Illinois and is transacting business in the Northern District of Illinois.

15. Defendant, AMERICAN HOME ASSURANCE COMPANY (hereinafter "American Home"), is a foreign corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, New York. American Home is licensed to do business in the State of Illinois and is transacting business in the Northern District of Illinois.

16. Defendant, AMERICAN RE-INSURANCE COMPANY (hereinafter "American Re-Insurance"), is a foreign corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Dover, Delaware. American Re-Insurance is licensed to do business in the State of Illinois and is transacting business in the Northern District of Illinois.

-6-

17.  Defendant, ARGONAUT INSURANCE COMPANY (hereinafter "Argonaut"), is a foreign corporation organized and existing under the laws of the State of California, with its principal place of business in Menlo Park, California.  Argonaut is licensed to do business in the State of Illinois and is transacting business in the Northern District of Illinois.

18.  Defendant, ATLANTA INTERNATIONAL INSURANCE COMPANY (hereinafter "Atlanta"), as successor to Drake Insurance Company, is a foreign corporation organized and existing under the laws of the State of New York, with its principal place of business in Atlanta, Georgia.  Atlanta is licensed to do business in the State of Illinois and is transacting business in the Northern District of Illinois.

19.  Defendant, BELLEFONTE INSURANCE COMPANY (hereinafter "Bellefonte"), is a foreign corporation organized and existing under the laws of the Commonwealth of Kentucky, with its present principal place of business in Cincinnati, Ohio.  Bellefonte is transacting business in the Northern District of Illinois.

20.  Defendant, CONTINENTAL INSURANCE COMPANY (hereinafter "Continental"), is a foreign corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in Concord, New Hampshire.  Continental is licensed to do business in the State of Illinois and is transacting business in the Northern District of Illinois.

21.  Defendant, FEDERAL INSURANCE COMPANY (hereinafter "Federal"), is a foreign corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Warren, New Jersey. Federal is licensed to do business in the State of Illinois and is transacting business in the Northern District of Illinois.

22.  Defendant, FIREMAN'S FUND INSURANCE COMPANY (hereinafter "Fireman's Fund"), is a foreign corporation organized and existing under the laws of the State of California, with its principal place of business in Novato, California.  Fireman's is licensed to do business in the State of Illinois and is transacting business in the Northern District of Illinois.

23.  Defendant, FIRST STATE INSURANCE COMPANY (hereinafter "First State"), is a foreign corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware.  First State is transacting business in the Northern District of Illinois.

24.  Defendant, HARBOR INSURANCE COMPANY (hereinafter "Harbor"), is a foreign corporation organized and existing under the laws of the State of California, with its principal place of business in Los Angeles, California.  Harbor is licensed to do business in the State of Illinois and is transacting business in the Northern District of Illinois.

25.  Defendant, HARTFORD INSURANCE GROUP (hereinafter "Hartford"), is a foreign corporation organized and existing

-8-

under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. Hartford is licensed to do business in the State of Illinois and is transacting business in the Northern District of Illinois.

26. Defendant, HIGHLANDS INSURANCE COMPANY (hereinafter "Highlands"), is a foreign corporation organized and existing under the laws of the State of Texas, with its principal place of business in Houston, Texas. Highlands is licensed to do business in the State of Illinois and is transacting business in the Northern District of Illinois.

27. Defendant, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA (hereinafter "Insurance Company"), is a foreign corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania. Insurance Company is licensed to do business in the State of Illinois and is transacting business in the Northern District of Illinois.

28. Defendant, INTERNATIONAL SURPLUS LINES COMPANY (hereinafter "International Surplus"), is a foreign corporation. Its state of incorporation and the location of its principal place of business are unknown to Forty-Eight. International Surplus is licensed to do business in the State of Illinois and is transacting business in the Northern District of Illinois.

29.  Defendant, LEXINGTON INSURANCE COMPANY (hereinafter "Lexington"), is a foreign corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware.  Lexington is transacting business in the Northern District of Illinois.

30.  Defendant, LUMBERMENS MUTUAL CASUALTY COMPANY (hereinafter "Lumbermens"), is a domestic corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Long Grove, Illinois.  Lumbermens is licensed to do business in the State of Illinois and is transacting business in the Northern District of Illinois.

31.  Defendant, MISSION NATIONAL INSURANCE COMPANY (hereinafter "Mission"), is a foreign corporation organized and existing under the laws of the State of California, with its principal place of business in Los Angeles, California.  Mission is licensed to do business in the State of Illinois and is transacting business in the Northern District of Illinois.

32.  Defendant, NORTH RIVER INSURANCE COMPANY (hereinafter "North River"), is a foreign corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Morristown, New Jersey.  North River is licensed to do business in the State of Illinois and is transacting business in the Northern District of Illinois.

33.  Defendant, PRUDENTIAL RE-INSURANCE COMPANY (hereinafter "Prudential"), is a foreign corporation organized and existing

under the laws of the State of Delaware, with its principal place
of business in Dover, Delaware. Prudential is licensed to do
business in the State of Illinois and is transacting business in
the Northern District of Illinois.

    34. Defendant, SEDGWICK FORBES INTERNATIONAL LIMITED
(hereinafter "Sedgwick"), Underwriters at Lloyds, London, is a
foreign entity organized and existing under the laws of England,
with its principal place of business in London, England.
Sedgwick is transacting business in the Northern District of
Illinois.

### Policies With Insurers Not Joined as Defendants

    35. Forty-Eight has reached settlement of its disputes
concerning coverage for underlying asbestos claims with the
various insurers who have issued policies providing primary or
excess liability insurance to Forty-Eight as a named, additional
insured or other insured. These insurers include Affiliated FM
Insurance Company, Illinois National Insurance Company, Central
National Insurance Company of Omaha, Insurance Company of North
America, and Travelers Indemnity Company of Rhode Island. In
return for a full release by Forty-Eight, each of these insurers
has agreed to pay to Forty-Eight at least the full amount of its
coverage for indemnification against claims within its coverage
period. The settlements with Affiliated FM Insurance Company,
Insurance Company of North America and Central National Insurance
Company of Omaha remain subject to approval by the bankruptcy

court. The settlements with the other insurers referred to in this paragraph were consummated prior to the commencement of the Forty-Eight chapter 11 proceedings.

36. Liberty Mutual Insurance Company (hereinafter "Liberty Mutual") provided primary liability insurance coverage to Forty-Eight as a named insured or as an additional insured under the following policy for the period set forth below with the limits of liability indicated:

| Policy No. | Dates of Coverage | Limits of Liability ($1,000's) Each Occurrence | Aggregate |
|---|---|---|---|
| LG1-632-004010-127 | 11/08/76-01/01/78 | $1,000 | $1,000 |

37. The policy issued by Liberty Mutual which is described in paragraph 36, contained a "Bodily Injury Asbestos Products Deductible" endorsement which provided that Liberty Mutual was obligated to provide coverage for an underlying claim against Forty-Eight for bodily injuries only to the extent that damages, attorneys' fees, court costs and certain other enumerated expenses arising from such underlying claim exceeded $100,000.00.

38. Forty-Eight does not believe that any individual underlying claim asserted against it constitutes an occurrence within the period when the Liberty Mutual policy listed in paragraph 36 was in effect and gives rise to damages, attorneys' fees, court costs and other enumerated expenses in excess of $100,000.00. Accordingly, by the terms of its policy, Liberty Mutual has not been required to provide coverage of the

-12-

underlying asbestos bodily injury claims, and Forty-Eight does
not presently anticipate that Liberty Mutual will be required to
provide coverage for such claims in the future.  Consequently,
Liberty Mutual has not been joined as a defendant in this action.

39.  Forty-Eight has filed a separate adversary proceeding
(Forty-Eight Insulations, Inc. v. American Home Co. and National
Union Fire Insurance Company of Pittsburgh, Pennsylvania, Adv.
No. 87 A 1003, No. 87 C 10789 filed October 9, 1987) seeking a
declaration that it is entitled to indemnity and defense costs
for underlying asbestos claims from two umbrella carriers,
American Home and National Union, which provided Forty-Eight
liability coverage as a named insured.  On March 11, 1988 this
court ordered that action to be consolidated with the action
which is the subject of this amended complaint.

40.  Midland Insurance Company ("Midland") is presently in
liquidation under the laws of the State of New York, and on
information and belief, actions against it have been stayed by
the liquidation court.  Accordingly, Midland has not been joined
as a defendant in this action.

41.  On information belief, the insurers named as defendants
herein and referred to in paragraphs 13-40 of the complaint
constitute all insurers which have agreed to provide coverage to
Forty-Eight for underlying asbestos claims.

-13-

### COUNT I

42.  Forty-Eight has in full force and effect, one or more
written insurance policies (hereinafter referred to as "the
policies") with each of the defendants.  Copies of the respective
policies, including the exact policy numbers, are in the
possession of each of the Defendants, whose access to said
documents and information is equal to or greater than that of
Forty-Eight.  Each of the policies was issued to and listed as
"The named insured - Foster Wheeler Corporation and/or any
financially owned or controlled companies, corporations, firms or
organizations as now or may hereafter exist or be constituted,
excluding the following corporations:  (a) Forney Engineering
Company, (b) Atwood and Morrill Company, Inc., (c) Fritz W.
Glitsch & Sons, Inc.," for example.1/  Or, for example, "Foster
Wheeler Corporation and any subsidiary, associated, affiliated
companies or owned and controlled companies as now or hereafter
constituted."2/  Forty-Eight thereby became and remained, for the
applicable policy period of each insurer, a named insured
thereunder.

---

1/   Hartford Insurance Group Policy No. 10CB38922E (Broad Form
     Named Insured Endorsement), and Policy No. 10CB38900E (Broad
     Form Named Insured Endorsement).  Both policies are primary
     policies of Hartford Insurance Group.

2/   Lumbermens Mutual Casualty Company Policy No. 1CN22603
     (Excess policy).

43.  Pursuant to the terms of its policies ("the primary policies"), Hartford Insurance Group ("the primary insurer") provided primary liability insurance coverage to Forty-Eight under the following policies for the periods set forth below with the limits of liability indicated opposite each policy:

| Policy No. | Dates of Coverage | Limits of Liability ($1,000's) Each Occurrence | Aggregate |
|---|---|---|---|
| 10CB38900E | 10/01/72-10/01/73 | $1,000 | $1,000 |
| 10CB38907E | 10/01/73-10/01/74 | 1,000 | 1,000 |
| 10CB38922E | 10/01/74-10/01/75 | 1,000 | 1,000 ← |

The aggregate limits of each of these policies have been exhausted.

44.  Pursuant to the terms of their respective policies (hereinafter collectively referred to as "the excess policies"), the Defendants, Aetna, Affiliated FM, American Home, American Re-Insurance, Argonaut, Atlanta, Bellefonte, Continental Insurance, Federal, Fireman's Fund, First State, Harbor, Highlands, International Surplus, Insurance Company of the State of Pennyslvania, Lexington, Lumbermens, Mission, North River, Prudential Re-Insurance and Sedgwick (hereinafter collectively referred to as "the excess insurers"), provided liability insurance coverage to Forty-Eight in excess of the underlying primary policies, or in some cases, in excess of one or more excess policies.  Said excess poicies were designated in layers, with the second layer being in excess of the primary, etc., as follows:

-15-

| | | | Limits of Liability ($1,000's) | |
|---|---|---|---|---|
| Second Layer | Policy No. | Dates of Coverage | Each Occurrence | Aggregate |
| Lumbermens | 1CN22603 | 02/01/73-02/01/74 | $ 5,000 | $ 5,000 |
| | | 02/01/74-10/01/74 | 5,000 | 5,000 |
| | 4SX010275 | 10/01/74-10/01/75 | 5,000 | 5,000 |
| North River | JUO119 | 10/01/75-10/01/76 | 2,250 | 2,250 |
| | | 10/01/76-10/01/77 | 2,250 | 2,250 |
| International Surplus | GP2156 | unknown | 500 | 500 |
| | | 10/01/76-10/01/77 | 500 | 500 |
| Continental | LX2681257 | 10/01/75-10/01/76 | 1,250 | 1,250 |
| | | 10/01/76-12/31/76 | 1,250 | 1,250 |
| Central National3/ | CNU23397 | 10/01/75-10/01/76 | 1,000 | 1,000 |
| | | 10/01/76-10/01/77 | 1,000 | 1,000 |
| **Third Layer** | | | | |
| Sedgwick | K25942 | 02/01/73-02/01/74 | 5,000 | 5,000 |
| | | 02/01/74-10/01/74 | 5,000 | 5,000 |
| North River | JU0072 | 10/01/74-10/01/75 | 12,000 | 12,000 |
| | | 10/01/75-10/01/76 | 12,000 | 12,000 |
| | | 10/01/76-10/01/77 | 12,000 | 12,000 |
| Harbor | 114503 | 02/01/73-02/01/74 | 8,000 | 8,000 |
| | | 02/01/74-10/01/74 | 8,000 | 8,000 |
| | 119881 | 10/01/74-10/01/75 | 8,000 | 8,000 |
| | | 10/01/75-10/01/76 | 8,000 | 8,000 |
| | | 10/01/76-10/01/77 | 8,000 | 8,000 |
| Lexington | GC5503002 | 01/31/76-10/01/76 | 2,000 | 2,000 |
| | GC5501704 | 10/01/76-01/01/77 | 1,000 | 1,000 |
| First State | 922670 | 01/31/76-10/01/76 | 2,000 | 2,000 |
| | 823410 | 10/01/76-10/01/77 | 2,000 | 2,000 |
| Prudential | DXC901069 | 01/31/76-10/01/76 | 3,000 | 3,000 |
| | DXC901243 | 10/01/76-10/01/77 | 3,000 | 3,000 |
| Insurance Company | 42762174 | 01/31/76-10/01/76 | 1,000 | 1,000 |
| | 42762234 | 10/01/76-10/01/77 | 1,000 | 1,000 |

3/   Forty-Eight has dismissed Central National pursuant to Fed.
R. Civ. P. 41(a) in accordance with a settlement agreement
executed by Forty-Eight and Central National's parent
corporation, CIGNA.  That agreement, if approved by the
bankruptcy court, will resolve all claims and disputes
involving all policies issued by Central National or #*#?INA
under which Forty-Eight is an insured.  Notice of Dismissal
of Defendant Central National Insurance Company of Omaha,
filed March 8, 1988.

<u>Fourth Layer</u>

| | | | | |
|---|---|---|---|---|
| Midland | XL111017–<br>141773-2<br>XL145081 | 02/01/73-02/01/74 | $25,000 | $25,000 |
| | | 02/01/74-10/01/74 | 25,000 | 25,000 |
| | | 10/01/74-10/01/75 | 25,000 | 25,000 |
| | | 10/01/75-10/01/76 | 25,000 | 25,000 |
| | | 10/01/76-10/01/77 | 25,000 | 25,000 |
| | | 10/01/77-11/01/77 | 25,000 | 25,000 |

| | Policy<br>No. | Dates of<br>Coverage | Limits of<br>Liability ($1,000's)<br>Each<br>Occurrence | Aggregate |
|---|---|---|---|---|

<u>Fifth Layer</u>

| | | | | |
|---|---|---|---|---|
| Lexington | GC5500427 | 04/01/74-10/01/74 | 7,000 | 7,000 |
| | GC5504505 | 10/01/74-10/01/76 | 10,000 | 10,000 |
| | GC5504657 | 10/01/75-10/01/76 | 10,000 | 1,0000 |
| | GC5501703 | 10/01/76-01/01/77 | 4,500 | 4,500 |
| | GC5501918 | 10/01/76-10/01/77 | 1,000 | 1,000 |
| Highlands | SR10425 | 04/01/74-10/01/74 | 10,000 | 10,000 |
| | SR10595 | 10/01/74-10/01/75 | 10,000 | 10,000 |
| | | 10/01/75-10/01/76 | 10,000 | 10,000 |
| | | 10/01/76-10/01/77 | 10,000 | 10,000 |
| American<br>Re-Insurance | M1025382<br>M1028661 | 04/01/74-10/01/74 | 5,000 | 5,000 |
| | | 10/01/74-10/01/75 | 5,000 | 5,000 |
| | | 10/01/75-10/01/76 | 5,000 | 5,000 |
| | | 10/01/76-10/01/77 | 5,000 | 5,000 |
| Mission | M81706 | 04/01/74-10/01/74 | 5,000 | 5,000 |
| Sedgwick | UFL0492 | 04/01/74-10/01/74 | 5,000 | 5,000 |
| North River | JU0073 | 10/01/74-10/01/75 | 2,000 | 2,000 |
| | | 10/01/75-10/01/76 | 2,000 | 2,000 |
| | | 10/01/76-10/01/77 | 4,300 | 4,300 |
| Argonaut | 71315001233 | 10/01/74-10/01/75 | 3,000 | 3,000 |
| Bellefonte | B91602 | 10/01/74-10/01/75 | 2,500 | 2,500 |
| | B91608 | 04/01/75-10/01/75 | 3,500 | 3,500 |
| | | 10/01/75-10/01/76 | 7,000 | 7,000 |
| | | 10/01/76-10/01/77 | 7,000 | 7,000 |
| Fireman's | XLX1202724 | 10/01/74-10/01/75 | 5,000 | 5,000 |
| | | 10/01/75-10/01/76 | 5,000 | 5,000 |
| | | 10/01/76-10/01/77 | 5,000 | 5,000 |
| American Home<br><u>GRANITE/AIU</u> | SCLE8065389<br>SCLE8065403 | 10/01/74-10/01/75 | 5,000 | 5,000 |
| | | 10/01/75-10/01/76 | 10,000 | 10,000 |
| | | 10/01/76-10/01/77 | 10,000 | 10,000 |
| Affiliated FM | XL74771 | 10/01/75-10/01/76 | 1,000 | 1,000 |
| | XL95881 | 10/01/76-10/01/77 | 1,000 | 1,000 |
| Prudential | DXC910244 | 10/01/76-10/01/77 | 2,000 | 2,000 |

-17-

Sixth Layer

| Aetna | 01XN55OWCA | 04/01/74-10/01/74 | $ 8,340 | $ 8,340 |
|-------|-----------|-------------------|---------|---------|
| Federal | 79221524 | 04/01/74-10-01/74 | 5,000 | 5,000 |
| Sedgwick | UFL0493 | 04/01/74-10/01/74 | 1,660 | 1,660 |
| Insurance Company | 42762173 | 01/31/76-10/01/76 | | |

45.   Pursuant to the terms and conditions of each of the above policies, Foster Wheeler has paid all premiums due and Foster Wheeler and/or Forty-Eight otherwise has or have fully performed and complied with all the terms and conditions of each policy to be performed or complied with by it or them as soon as was practicable after the commencement of the Case.   Each of the policies is, and at all times mentioned opposite each policy, has been and now is in full force and effect, with the limits as therein stated.   Upon information and belief as to the primary policies during each policy period, Forty-Eight states that substantial coverage remains for each of the policy periods.   As to the excess policies, upon information and belief, Forty-Eight states that substantially all of the coverage listed for each policy period remains in full force and effect.

46.   With respect to all policies of insurance listed above, Forty-Eight states that all of Forty-Eight's policies of insurance in force and effect since September 9, 1973, will be exhausted by the underlying asbestos actions presently pending and by the future underlying asbestos actions reasonably certain to be filed.

47.  Pursuant to the terms of their respective primary policies and excess policies, the insurers agreed to defend and/or indemnify and reimburse, and presently have a duty to defend and/or indemnify and reimburse Forty-Eight for all sums which Forty-Eight becomes obligated to pay by reason of any and all claims brought against Forty-Eight for alleged bodily injury, wrongful death or property damage.

48.  The bodily injury, wrongful death or property damage allegedly sustained by the complainants and to be sustained by future claimants in the underlying asbestos actions has given rise to, and will give rise to, liability and potential liability under each of the policies issued to Forty-Eight by each of the primary and excess insurers listed above.

49.  Forty-Eight has notified all of its primary and excess insurers listed above of the underlying actions as applicable and by the filing of this action, further notified them that it anticipates future such actions of a similar nature and that the total liability of Forty-Eight in all such actions will require that each of the primary and excess insurers perform their respective obligations under each of their policies.

50.  Forty-Eight has made demand upon the defendant insurers that each of them acknowledge their respective duties under their respective policies of insurance to defend and/or indemnify and reimburse Forty-Eight for all sums which Forty-Eight becomes

-19-

obligated to pay by reason of the underlying asbestos actions, including defense expenses.

51. The defendant insurers have refused to acknowledge their respective duties under their respective policies of insurance to defend and/or indemnify and reimburse Forty-Eight for all sums which Forty-Eight becomes obligated to pay by reason of the underlying actions, including the refusal to acknowledge and accept Forty-Eight's demand that said insurers have a duty, under their respective policies, to provide a defense and to indemnify Forty-Eight in the underlying asbestos actions, both for personal injury and property damage, until the limits of said insurance policies have been exhausted in ascending layers from the primary layer to and including the sixth layer for any asbestos claimant or claimants whose exposure to Forty-Eight asbestos products, manifestation of asbestos related disease, or any period of exposure in residence between exposure and manifestation, occurs within the respective policy periods of each Defendant insurer.

52. An actual controversy exists between Forty-Eight and each Defendant insurer with respect to each defendant insurer's duties and obligations under its or their respective policies issued to Forty-Eight with respect to the trigger of coverage, the defense and indemnification of Forty-Eight in connection with the underlying asbestos actions now pending and such underlying asbestos actions that may be filed in the future. A declaration of the extent and nature of the defendant insurers' liability to

Forty-Eight by this Court will materially assist the formulation of a plan of reorganization.

WHEREFORE, under this Count I, Forty-Eight requests the entry of an order:

A. Declaring that the policies issued by the defendant insurers and each of them provide coverage with respect to the underlying claims asserted and to be asserted in the underlying asbestos actions:

(1) With the trigger of coverage as above alleged;

(2) To the limit of liability in succession of the primary policies and of the last excess layer of insurance coverage in effect for each policy year; and

(3) That each insurer, pursuant to the terms of its respective policies, has a duty to provide coverage for Forty-Eight and its successors and assigns in the underlying asbestos actions.

B. For such other and further relief as the Court may deem just and proper.

### COUNT II

1-52. Forty-Eight hereby adopts paragraphs 1 to 52 of Count I as paragraphs 1 to 52 of this Count II as if fully set forth herein.

53. On on about September 8, 1987, Lumbermens filed a complaint against Foster-Wheeler Corporation in the United States District Court for the Southern District of New York (the "New York Action"), seeking a declaration that it owes Foster-Wheeler Corporation no duty of indemnity in connection with underlying

~21~

asbestos claims under certain insurance policies issued by Lumbermens and described more fully in paragraph 44.  (<u>Lumbermens Mutual Casualty Company v. Foster-Wheeler Corporation</u>, No. 87 Civ. 6495 (EW) (filed September 8, 1987)).

54.  Forty-Eight is a named insured under the policies Lumbermens issued to Foster Wheeler Corporation, and to the extent that Lumbermens seeks to impact on the rights of Forty-Eight in the New York action, the New York Action is an action against Forty-Eight and/or the property of Forty-Eight's estate.

55.  To the extent that the New York Action constitutes a judicial action or proceeding against Forty-Eight and/or an act to exercise control over property of Forty-Eight's estate, it is in violation of the automatic stay of Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a).

WHEREFORE, Forty-Eight requests an order under this Count II requiring Lumbermens to comply with the automatic stay of section 362(a) of the bankruptcy code and to forebear in the New York Action from any action against Forty-Eight and/or property of its estate.

<u>COUNT III</u>

1-55.  Forty-Eight hereby adopts paragraph 1-55 of Count II as paragraphs 1-55 of this Count III as if fully set forth herein.

56.  To the extent that it seeks to affect the property, rights or interests of Forty-Eight or its estate, the New York

Action interferes with the exclusive jurisdiction of this court as a court in bankruptcy under section 1334(d) of the Bankruptcy Code, 11 U.S.C. § 1334(d).

57.  This court has the power under section 105(a) of the Bankruptcy Code, 11 U.S.C. § 105(a), to issue any order necessary to protect is exclusive jurisdiction.

WHEREFORE, Forty-Eight requests an order under this Count III enjoining Lumbermens from invading the exclusive jurisdiction of this court as a court of bankruptcy by seeking to affect any property, right or interest of Forty-Eight or its estate in the New York Action.

                            FORTY-EIGHT INSULATIONS, INC.,
                              Debtor in Possession

William C. Murphy        By: _____
Paul G.Krentz                  William C. Murphy
MURPHY, HUPP, FOOTE, MIELKE
  AND KINNALLY
8 East Galena Boulevard, Suite 202
P.O. Box 1327
Aurora, Illinois 60507
(312) 844-0056


OF COUNSEL:

David S. Kurtz
Steven R. Gilford
Patrick J. Falahee, Jr.
Mayer, Brown & Platt
190 S. LaSalle Street
Chicago, Illinois  60603
(312) 782-0600

# Exhibit H

6|13|01

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X
CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,          Index No. 600777/01
ACCIDENT & CASUALTY COMPANY OF           :
WINTERTHUR,                                       Part Calendar No.
BALOISE FIRE INSURANCE COMPANY LIMITED,   :
BISHOPSGATE INSURANCE COMPANY LIMITED,
DELTA-LLOYD NON-LIFE INSURANCE            :        Justice
    COMPANY LIMITED,
FIDELIDADE INSURANCE COMPANY and          :
WINTERTHUR SWISS INSURANCE COMPANY,

                                          :       **ANSWER OF**
                 Plaintiffs,                      **INTERNATIONAL**
                                          :       **INSURANCE COMPANY**
                                                  **TO PLAINTIFFS' FIRST**
                 vs.                      :       **AMENDED COMPLAINT**

                                          :
FOSTER WHEELER CORPORATION,
AFFILIATED FM INSURANCE COMPANY,          :
ALLSTATE INSURANCE COMPANY (as successor
    In interest to NORTHBROOK INDEMNITY    :
    COMPANY),
AMERICAN HOME ASSURANCE COMPANY,          :
AMERICAN RE-INSURANCE COMPANY,
ARGONAUT INSURANCE COMPANY,               :
ATLANTA INTERNATIONAL INSURANCE
    COMPANY (as successor in interest to   :
    DRAKE INSURANCE COMPANY OF
    NEW YORK),                             :
 CENTRAL NATIONAL INSURANCE COMPANY
    OF OMAHA,                              :
CENTURY INDEMNITY COMPANY (as successor
    in interest to CIGNA SPECIALTY INSURANCE:
    COMPANY, f/k/a CALIFORNIA UNION
    INSURANCE COMPANY,                     :
COMMERCIAL UNION INSURANCE COMPANY
    (individually and as successor in interest to:
    EMPLOYERS COMMERCIAL UNION
    INSURANCE COMPANY),                    :
CONTINENTAL INSURANCE COMPANY,
EMPLOYERS MUTUAL CASUALTY COMPANY,        :
EVEREST REINSURANCE COMPANY (as
    successor in interest to PRUDENTIAL     :
    REINSURANCE COMPANY),

297580. DocsNY

PL 00001566

FEDERAL INSURANCE COMPANY,            :
FIREMAN'S FUND INSURANCE COMPANY,
FIRST STATE INSURANCE COMPANY,        :
GRANITE STATE INSURANCE COMPANY,
HARBOR INSURANCE COMPANY,            :
HARTFORD ACCIDENT & INDEMNITY COMPANY,
HIGHLANDS INSURANCE COMPANY,       :
HOME INSURANCE COMPANY,
INSURANCE COMPANY OF THE STATE OF   :
      PENNSYLVANIA,
INTEGRITY MUTUAL INSURANCE COMPANY,  :
INTERNATIONAL INSURANCE COMPANY
      (individually and as successor to     :
      INTERNATIONAL SURPLUS LINES
      INSURANCE COMPANY),             :
LEXINGTON INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY,   :
LUMBERMANS MUTUAL CASUALTY COMPANY,
MISSION AMERICAN INSURANCE COMPANY,  :
MUTUAL FIRE, MARINE AND INLAND
      INSURANCE COMPANY,           :
NORTH STAR RE-INSURANCE CORPORATION,
NORTHWESTERN NATIONAL INSURANCE   :
      COMPANY (as successor in interest to
      BELLEFONTE INSURANCE COMPANY),  :
PROGRESSIVE HOME INSURANCE COMPANY
      (as successor in interest to MIDLAND
      RISK INSURANCE COMPANY),      :
TRAVELERS CASUALTY & SURETY COMPANY :
      (as successor in interest to AETNA
      CASUALTY & SURETY COMPANY),    :
UNITED STATES FIRE INSURANCE COMPANY,
      and                         :
NEW JERSEY LIABILITY, LTD.,

                                :

             Defendants,

                                :

CERTAIN LONDON MARKET INSURANCE
      COMPANIES,                   :
NORTH RIVER INSURANCE COMPANY, and
YASUDA FIRE & MARINE INSURANCE     :
      COMPANY OF AMERICA,

                                :

            Nominal Defendants.
-------------------------------------------------------------x

PL 00001567

Defendant International Insurance Company ("International") on behalf of itself and as successor-in-interest to International Surplus Lines Insurance Company ("ISLIC") and as successor-in-interest by novation to North River Insurance Company ("North River")(collectively, International, ISLIC and North River referred to as "International Defendants") by its undersigned attorneys, answers plaintiffs' First Amended Complaint ("complaint"),as follows:

<u>NATURE OF ACTION</u>

1.      The allegations in paragraph 1 of plaintiffs' complaint merely characterize the nature of this lawsuit, and, therefore, no response is required.

2.      The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of plaintiffs' complaint.

3.      The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of plaintiffs' complaint.

4.      The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of plaintiffs' complaint.

<u>PARTIES</u>

5.      The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of plaintiffs' complaint.

6.      The International Defendants deny knowledge or information sufficient to

PL 00001568

form a belief as to the truth of the allegations contained in paragraph 6 of plaintiffs' complaint.

7.     The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of plaintiffs' complaint.

8.     The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of plaintiffs' complaint.

9.     The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of plaintiffs' complaint.

10.     The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of plaintiffs' complaint, except admit that North River Insurance is a New Jersey corporation and that the principal place of business of North River is New Jersey and regularly engages in the business of insurance.

11.     The allegations set forth in Paragraph 11 of plaintiffs' complaint merely define certain terms or phrases used in plaintiffs' complaint, and, therefore, no response is required.

12.     The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of plaintiffs' complaint, except admit that the International Defendants issued certain policies of insurance to Foster Wheeler Corporation ("FWC") and respectfully refer the Court to the

297580. DocsNY                          -4-

PL 00001569

policies for their content.

13. The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of plaintiffs' complaint.

14. The International Defendants lack knowledge or information sufficient to dorm a belief as to the truth of the allegations contained in paragraph 14 of plaintiffs' complaint, except, upon information and belief, admit that: FWC is a New York Corporation and that at relevant times, the principal place of business of FWC and/or one or more of its subsidiaries is or was New York City; and that FWC has maintained an office in New York City and regularly conducts business and/or is authorized and licensed to do business in New York.

15. The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of plaintiffs' complaint, except International admits: it is an Illinois corporation, it is licensed to do business in the State of New York, it has transacted business in the State of New York, it presently transacts business in the State of New York, and it is engaged in the business of insurance.

16. The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of plaintiffs' complaint, except admit that the International Defendants issued certain policies of insurance to FWC and respectfully refer the Court to the policies for their content.

17. The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of plaintiffs'

297580. DocsNY                         -5-

complaint.

18.    The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of plaintiffs' complaint.

19.    The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of plaintiffs' complaint.

20.    The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of plaintiffs' complaint.

## JURISDICTION AND VENUE

21.    The allegations in paragraph 21 of plaintiffs' complaint set forth conclusions of law to which no response is required. To the extent a response is deemed required, however, the International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of plaintiffs' complaint.

22.    The allegations in paragraph 22 of plaintiffs' complaint set forth conclusions of law to which no response is required. To the extent a response is deemed required, however, the International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of plaintiffs' complaint.

## THE POLICIES

23.    The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of plaintiffs' complaint, except admit that the International Defendants issued certain policies of

PL 00001571

insurance to FWC and respectfully refer the Court to the policies for their content.

24.    The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of plaintiffs' complaint, except allege that policies of insurance were issued to FWC by various insurers, including insurers which are parties in this action, and respectfully refer the Court to the policies issued by those insurers for their content.

25.    The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of plaintiffs' complaint, except allege that policies of insurance were issued to FWC by various insurers, including insurers which are parties in this action, and respectfully refer the Court to the policies issued by those insurers for their content.

## ASBESTOS CLAIMS AGAINST FOSTER WHEELER

26.    The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of plaintiffs' complaint.

27.    The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of plaintiffs' complaint.

28.    The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of plaintiffs' complaint.

29.    The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of plaintiffs'

297580. DocsNY                              -7-

PL 00001572

complaint.

30.    The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of plaintiffs' complaint.

<u>**COUNT I**</u>

31.    The International Defendants repeat and reallege their responses to paragraphs 1 through 30 of plaintiffs' complaint as though fully set forth herein.

32.    The allegations in paragraph 32 of plaintiffs' complaint set forth conclusions of law to which no response is required. To the extent a response is deemed required, however, the International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of plaintiffs' complaint.

33.    The allegations in paragraph 33 of plaintiffs' complaint set forth conclusions of law to which no response is required. To the extent a response is deemed required, however, the International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of plaintiffs' complaint.

34.    The allegations in paragraph 34 of plaintiffs' complaint set forth conclusions of law to which no response is required. To the extent a response is deemed required, however, the International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of plaintiffs' complaint.

35.    The allegations in paragraph 35 of plaintiffs' complaint set forth conclusions of law to which no response is required. To the extent a response is deemed required, however, the International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of plaintiffs' complaint.

297580. DocsNY

PL 00001573

36.    The International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of plaintiffs' complaint.

37.    The allegations in paragraph 36 of plaintiffs' complaint set forth conclusions of law to which no response is required. To the extent a response is deemed required, however, the International Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of plaintiffs' complaint.

<u>AFFIRMATIVE DEFENSES</u>

38.    The International Defendants, having denied each and every allegation not expressly admitted above, set forth their affirmative defenses to the plaintiffs' complaint as follows:

<u>FIRST AFFIRMATIVE DEFENSE</u>

39.    Any recovery by plaintiffs against the International Defendants must be reduced by the amount that plaintiffs or FWC failed to mitigate, minimize or avoid any damages alleged in the underlying asbestos claims.

<u>SECOND AFFIRMATIVE DEFENSE</u>

40.    Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

<u>THIRD AFFIRMATIVE DEFENSE</u>

41.    To the extent that plaintiffs have failed to assert claims against necessary and indispensable parties that issued policies or other agreements of insurance which may apply to the asbestos-related claims against FWC, plaintiffs' complaint should be dismissed.

297580. DocsNY                              -9-

### FOURTH AFFIRMATIVE DEFENSE

42.     Any claims which plaintiffs may have against the International Defendants are barred, in whole or in part, by the doctrines of laches, unclean hands, waiver and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

43.     Plaintiffs' claims are barred by the doctrines of issue preclusion, res judicata and judicial estoppel.

### SIXTH AFFIRMATIVE DEFENSE

44.     The International Defendants violated no contractual duty.

### SEVENTH AFFIRMATIVE DEFENSE

45.     Plaintiffs' claims are barred in whole or in part by the Statute of Frauds.

### EIGHTH AFFIRMATIVE DEFENSE

46.     The asbestos-related claims against FWC are not covered "occurrences" within the meaning of that term as it pertains to the International Defendants' policies.

### NINTH AFFIRMATIVE DEFENSE

47.     To the extent FWC or its brokers and/or agents either intentionally or negligently misrepresented or concealed material facts from the International Defendants at the time one or more of the International Defendants' policies were applied for, negotiated, issued or delivered, the International Defendants are relieved of their obligation, if any, to provide coverage to FWC for the claims referred to in the complaint, or to contribute to the payment of defense or indemnity costs associated with the claims referred to in plaintiffs' complaint.

### TENTH AFFIRMATIVE DEFENSE

48.     The asbestos-related claims asserted against FWC do not arise from or seek

297580. DocsNY                                    -10-

PL 00001575

damages for "bodily injury," "personal injury" or "property damage" within the meaning of the International Defendants' policies.

### ELEVENTH AFFIRMATIVE DEFENSE

49.     A covered "occurrence," if there was one, did not occur during the policy period of the International Defendants' policies.

### TWELFTH AFFIRMATIVE DEFENSE

50.     The alleged damages for which recovery is sought against FWC in the asbestos-related claims did not occur during the policy period of the International Defendants' policies.

### THIRTEENTH AFFIRMATIVE DEFENSE

51.     FWC breached a condition of the International Defendants' policies in that FWC failed to give the International Defendants due and timely notice of any alleged "occurrence" likely to involve the International Defendants' policies, and the International Defendants are, therefore, relieved of their obligations, if any, to provide coverage to FWC for the asbestos-related claims.

### FOURTEENTH AFFIRMATIVE DEFENSE

52.     To the extent that the asbestos-related claims against FWC seek equitable or injunctive relief, such claims do not seek "damages" within the meaning of the International Defendants' policies.

### FIFTEENTH AFFIRMATIVE DEFENSE

53.     To the extent the claims for which FWC have sought or may seek coverage from the International Defendants are not based on any accident, covered occurrence, or fortuitous event, but rather arise as the result of intentional actions on the part of FWC

297580. DocsNY                                    -11-

PL 00001576

and/or others, and/or the claimed injuries were or should have been expected by FWC, the International Defendants have no obligation to indemnify FWC, or to contribute to the payment of defense or indemnity costs associated with the claims referred to in the complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

54.    To the extent the asbestos-related claims against FWC seek punitive damages, fines, or penalties, the International Defendants' policies do not provide coverage therefore.

### SEVENTEENTH AFFIRMATIVE DEFENSE

55.    The coverage, if any, provided to FWC by the International Defendants' policies does not attach until after the applicable limits of all underlying and other insurance available to FWC has been exhausted in payment of settlements or judgments arising out of claims properly allocated to the International Defendants' policies. Upon information and belief, FWC has not exhausted the applicable underlying insurance, retentions and deductibles, and all other insurance available to FWC for the asbestos-related claims.

### EIGHTEENTH AFFIRMATIVE DEFENSE

56.    The International Defendants' obligations, if any, to FWC are limited by the terms, definitions, exclusions, conditions, and limits of any policies issued by the International Defendants and the policies to which they follow from, including with limitation, any conditions precedent, deductibles, self-insured retentions, policy periods, notice requirements, limits of liability, and exclusions contained therein.

### NINETEENTH AFFIRMATIVE DEFENSE

57.    To the extent that FWC or plaintiffs settled some or all of the asbestos-related

PL 00001577

claims without notice to or approval from the International Defendants, plaintiffs and FWC are barred from any recovery under the International Defendants' policies.

### TWENTIETH AFFIRMATIVE DEFENSE

58.     Any claim for coverage under the International Defendants' policies, to the extent that there is coverage afforded under these policies, is barred to the extent that FWC failed to maintain the required underlying insurances.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

59.     To the extent that FWC may be a self-insured, under insured, or uninsured for certain claims and, as a self-insured, an under insured, and/or an uninsured, FWC has or may have certain defense and indemnity obligations with respect to claims for alleged bodily injuries that occurred during the period or periods when it was self-insured, under insured, or uninsured.  As a matter of fairness and equity, FWC must be required to pay its own fees, expenses and other amounts incurred in the defense, settlement and judgment of the asbestos-related claims at issue in this action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

60.     There is no coverage under the  International Defendants' policies with respect to the asbestos-related claims asserted against FWC to the extent that the International Defendants were prohibited from controlling and/or associating in the evaluation, settlement, payment, or defense of the asbestos-related claims against FWC.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

61.     To the extent that the acts or failure to act which gave rise to the asbestos-related claims asserted against FWC constituted a violation of law and/or public policy by FWC, the claims asserted by plaintiffs against the International Defendants are barred.

297580. DocsNY                                    -13-

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

62.    The obligations of the International Defendants, if any, to pay the defense and/or indemnity costs under the International Defendants' policies are subject to and limited by the defense and indemnity obligations of FWC's other insurers.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

63.    To the extent that FWC has failed to perform all of its obligations under the International Defendants' policies, including conditions precedent and/or conditions subsequent, that are prerequisites to coverage for claims under the policies, coverage under the International Defendants' policies is barred.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

64.    Coverage under the International Defendants' policies, to the extent that there is coverage afforded under these policies, is barred for any asbestos-related claims seeking costs incurred as a result of equitable or injunctive relief or arising out of administrative or non-judicial proceedings.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

65.    Coverage under the International Defendants' policies, to the extent that there is coverage afforded under these policies, is barred to the extent that FWC's conduct which gave rise to the asbestos-related claims asserted against the FWC was willful, deliberate, fraudulent or intentional.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

66.    To the extent that FWC has assumed any financial obligations or paid or has promised to pay any sums in satisfaction of the asbestos-related claims, there is no coverage under the International Defendants' policies.

297580. DocsNY                          -14-

PL 00001579

### TWENTY-NINTH AFFIRMATIVE DEFENSE

67.    The International Defendants' policies do not provide coverage for any liability arising our of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminations or pollutants into or upon land, the atmosphere or any watercourse or body of water unless such discharge, dispersal, release or escape is sudden and accidental.

### THIRTIETH AFFIRMATIVE DEFENSE

68.    The International Defendants' coverage obligations, if any, are limited by the liability limits stated in the International Defendants' policies, including the applicable aggregate limits, and the "Other Insurance" and "Prior Insurance Non Cumulation of Liability" provisions, and coverage obligations cease upon the exhaustion of applicable limits of coverage.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

69.    The International Defendants' obligations are limited to the named insured in their respective policies, subject to all of the policies' other terms, conditions, limits and exclusions.  The International Defendants are not bound by the terms of any agreements entered into between FWC and any other entity with respect to retention or acceptance of liabilities.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

70.    To the extent the claims asserted against FWC arise out of or relate to acts or omissions of other entities which are not within the policy definition of "named insured," the International Defendants are under no obligation to provide coverage to such entities or to FWC for such claims, or to contribute to the payment of defense or indemnity costs

PL 00001580

associated with the claims referred to in the complaint.

<u>THIRTY-THIRD AFFIRMATIVE DEFENSE</u>

71.    The International Defendants' coverage obligations, if any, are limited to a pro rata share of liability based upon the length of time property damage, bodily injury or personal injury occurred during the International Defendants' coverage in relation to the total period of time during which such property damage, bodily injury or personal injury occurred.

<u>THIRTY-FOURTH AFFIRMATIVE DEFENSE</u>

72.    The International Defendants' policies do not provide coverage in place of underlying or other insurance that is or becomes invalid, uncollectible, or otherwise unavailable due to the insolvency of the underlying insurer or the action or inaction of others.

<u>THIRTY-FIFTH AFFIRMATIVE DEFENSE</u>

73.    The International Defendants' policies are excess policies and the International Defendants have no duty to defend FWC against any of the claims at issue in this action.

<u>THIRTY-SIXTH AFFIRMATIVE DEFENSE</u>

74.    To the extent plaintiffs fail to produce sufficient evidence of the terms and conditions of the alleged policies issued to FWC by the International Defendants, the International Defendants have no obligation to provide coverage to FWC for the claims referred to in the complaint, or to contribute to the payment of defense or indemnity costs associated with the claims referred to in the complaint.

PL 00001581

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

75.    The International Defendants reserve their right to assert additional defenses available under the terms of the International Defendants' policies or available at law or equity upon discovery of further information concerning plaintiffs' claims or upon the development of other relevant information, including information discovered during the course of the litigation and information discovered outside the discovery process of this litigation.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

76.    The International Defendants specifically deny that they are liable to FWC or plaintiffs. However, in the event the International Defendants are deemed liable to FWC or plaintiffs, the International Defendants may be entitled to contribution, indemnification, apportionment, or other relief from all other parties to this action and from any other entities that may be subject to joinder in this action for liabilities and duties arising out of policies issued to FWC, and any liability or duty the International defendants may, owe should be limited or reduced by such contribution indemnification, apportionment, or other relief.


WHEREFORE, the International Defendants demand judgment dismissing plaintiffs' complaint with prejudice, declaring that the International Defendants owe no obligation to defend or indemnify FWC under the policies issued by the International Defendants with respect to any of FWC's alleged liabilities set forth in plaintiffs' complaint, and granting the International Defendants such other and further relief the Court shall deem just and proper, together with reasonable attorney's fees and the costs and disbursements of this action.

297580. DocsNY                              -17-

PL 00001582

## THE INTERNATIONAL DEFENDANTS'
## CROSS-CLAIM

### The Parties and the Insurance Contracts

1.     Defendant International Insurance Company ("International") on behalf of itself and as successor-in-interest to International Surplus Lines Insurance Company ("ISLIC") and as successor-in-interest by novation to North River Insurance Company ("North River")(collectively, International, ISLIC and North River referred to as "International Defendants") hereby asserts the following cross-claim.

2.     The International Defendants entered into contracts of excess liability insurance with FWC.

3.     Upon information and belief, plaintiffs and each and every co-defendant or third-party now in this action or hereafter added which has or will assert a claim, counter-claim, cross-claim, or third-party claim against the International Defendants in this action (hereinafter, "Certain Insurers") issued certain contracts of insurance which relate to the liabilities of FWC during one or more of the policy periods at issue in this litigation.

4.     Upon information and belief, FWC is a New York corporation which presently maintains its principal place of business at Perryville Corporate Park, Clinton, New Jersey.

5.     Upon information and belief, beginning no later than the early 1900s and continuing until 1965, FWC maintained their principal place of business in New York, New York.

### Jurisdiction and Venue

6.     This Court has jurisdiction with respect to the International Defendants' cross-claim. Venue is proper in New York County.

297580. DocsNY                        -18-

PL 00001583

### The Nature of the Cross-Claims

7.    The International Defendants seek a declaration as to the rights and obligations of the International Defendants with respect to the policies issued by the International Defendants for claims arising from FWC's liabilities including, but not limited to, asbestos-related bodily injury matters.

8.    It has also been asserted by plaintiffs in their complaint that FWC has incurred and may incur losses associated with claims of alleged exposure to asbestos.

9.    FWC has asserted or will assert that the International Defendants are obligated to provide insurance coverage for such claims pursuant to the policies issued by the International Defendants.

10.    The claims set forth in paragraphs 7 to 9 above, are presently at issue in this litigation by virtue of plaintiffs' complaint. Pursuant to CPLR § 3001, the International Defendants seek a declaratory judgment in the form of a declaration that the International Defendants owe no obligation to FWC or any other party under the policies issued by the International Defendants or applicable law for any of FWC's liabilities:

    a.    as set forth in plaintiffs' complaint;

    b.    as added to this action by virtue of the International Defendants' cross-claim; or

    c.    for which FWC has or may seek recovery under policies issued by the International Defendants.

### FIRST CROSS-CLAIM FOR DECLARATORY JUDGMENT

11.    The International Defendants repeat and reallege the allegations of paragraphs 1 through 10 of their cross-claim as if they were set forth at length herein.

297580. DocsNY                                        -19-

PL 00001584

12.     The International Defendants owe no obligation to FWC or any entity making a claim under the policies issued by the International Defendants for the asbestos-related liabilities set forth in the plaintiffs' complaint, as those claims are not within the scope of the policies issued by the International Defendants, as well as applicable law.

13.     At this time, it appears, an actual and justiciable controversy exists among the International Defendants and FWC concerning their rights and obligations under the policies issued by the International Defendants with respect to these asbestos-related liabilities.

14.     By reason of the foregoing, the International Defendants are entitled to judgment, in the form of a declaration that they have no obligation under the policies issued by the International Defendants to:

    a.     defend FWC with respect to any of these asbestos-related liabilities;

    b.     reimburse FWC or any other party for any monies expended to date in connection with these asbestos-related liabilities; and

    c.     indemnify FWC or any other party in connection with these asbestos-related liabilities.

15.     The International Defendants have no adequate remedy at law.

## SECOND CROSS-CLAIM FOR DECLARATORY JUDGMENT

16.     The International Defendants repeat and reallege the allegations of paragraphs 1 through 15 of its cross-claim as if they were set forth at length herein.

17.     By reason of the foregoing, in the event the International Defendants are deemed liable for all or part of the claims at issue in this litigation, the International Defendants are entitled to judgment, in the form of a declaration, of the rights of the

PL 00001585

International Defendants as to a proper allocation of loss among the International Defendants, FWC, and all other parties.

18.    The International Defendants have no adequate remedy at law.

WHEREFORE, the International Defendants, demand judgment declaring:

a.    The International Defendants owe no obligation to defend or indemnify FWC under the policies issued by the International Defendants with respect to any of the asbestos-related liabilities set forth in plaintiffs' complaint;

b.    The International Defendants owe no obligation to defend or indemnify FWC under the policies issued by the International Defendants with respect to any of the liabilities set forth in International's Defendants' cross-complaint;

c.    The International Defendants owe no obligation to FWC or any other party in this matter;

d.    In the event the International Defendants are deemed liable for all or part of the claims at issue in this litigation, the rights of the International Defendants as to a proper allocation of loss among the International Defendants, FWC and all other parties; and

e.    Other and further relief as the Court may deem just and proper, together with the costs and disbursements herein.

## AS TO CURRENT AND FUTURE CROSS-CLAIMS
## ASSERTED AGAINST THE INTERNATIONAL DEFENDANTS

19.    The International Defendants hereby deny each and every cross-claim which has been, is, or will be asserted against the International Defendants by the co-defendants herein, or by any other co-defendant or third-party defendant who is added as such in the

297580. DocsNY                              -21-

PL 00001586

future and incorporates, as if expressly stated herein, each and every affirmative defense asserted herein in response to plaintiffs' claims.

Dated:  June 13, 2001
        New York, New York

                                    LANDMAN CORSI BALLAINE & FORD P.C.
                                        120 Broadway, 27th Floor
                                        New York, New York 10271-0079
                                        (212) 238-4800

                                    By:_____
                                        Louis G. Corsi
                                        R. Christopher Beaver


                                    Attorneys for International Insurance Company
                                    individually and as successor-in-interest to
                                    International Surplus Lines Insurance Company and
                                    as successor by novation to North River Insurance
                                    Company

PL 00001587

Index No.    600777/01    Year

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, et al.,

Plaintiffs,

v.

FOSTER WHEELER CORPORATION, et al.

Defendants.

ANSWER OF UNITED STATES FIRE
INSURANCE COMPANY TO PLAINTIFFS'
FIRST AMENDED COMPLAINT

Signature (Rule 130-1.1-a)

Print name beneath

LANDMAN CORSI BALLAINE & FORD P.C.

Attorneys for    United States Fire Ins. Co.

Office and Post Office Address, Telephone
120 Broadway
NEW YORK, N.Y. 10271-0079
(212) 238-4800

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

Attorney(s) for

1660 – Blumberg Excelsior Inc., NYC 10013

---

NOTICE OF ENTRY

PLEASE take notice that the within is a (certified)
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

Yours, etc.

LANDMAN CORSI BALLAINE & FORD P.C.

Attorneys for

Office and Post Office Address
120 Broadway
NEW YORK, N.Y. 10271-0079

To

Attorney(s) for

---

NOTICE OF SETTLEMENT

PLEASE take notice that an order

of which the within is a true copy will be presented
for settlement to the Hon.

one of the judges of the within named Court, at

on

at    M.

Dated,

Yours, etc.

LANDMAN CORSI BALLAINE & FORD P.C.

Attorneys for

Office and Post Office Address
120 Broadway
NEW YORK, N.Y. 10271-0079

To

Attorney(s) for

© 1995 JULIUS BLUMBERG, INC.,

STATE OF NEW YORK, COUNTY OF                                    ss.:
I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ **Certification By Attorney**    certify that the within
has been compared by me with the original and found to be a true and complete copy.

☐ **Attorney's Affirmation**    state that I am
the attorney(s) of record for                                                    in the within
action; I have read the foregoing                                    and know the contents thereof;
the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters
I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.
Dated:
                                                    ........................................................
                                                    The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                                    ss.:
I, the undersigned, being duly sworn, depose and say: I am

☐ **Individual Verification**    in the action; I have read the foregoing
and know the contents thereof; the same is true to my own knowledge, except
as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ **Corporate Verification**    the                    of
a
corporation and a party in the within action; I have read the foregoing
and know the contents thereof; and the same is true to my own knowledge,
except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This
verification is made by me because the above party is a corporation and I am an officer thereof.
The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on                                    ........................................................
                                                    The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                                    ss.:    (If more than one box is checked—indicate after names type of service used.)
I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

On                                    I served the within
☐ **Service By Mail**    by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ **Personal Service on Individual**    by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein;*

☐ **Service by Electronic Means**    by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.

☐ **Overnight Delivery Service**    by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.