Sean Thomas Keely (SK-8593)
LOVELLS LLP
590 Madison Avenue
New York, New York 10022
(212) 909-0600
sean.keely@lovells.com

James I. Rubin (*pro hac vice*)
Catherine E. Isely (*pro hac vice*)
Julie Rodriguez Aldort (*pro hac vice*)
BUTLER RUBIN SALTARELLI & BOYD
70 W. Madison, Suite 1800
Chicago, Illinois 60602
(312) 444-9660
Attorneys for Defendant
TIG Insurance Company

**FILED UNDER SEAL
PURSUANT TO
CONFIDENTIALITY ORDER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------

|  |  |  |
|---|---|---|
| AIU INSURANCE COMPANY, | : | |
| Plaintiff, | : | |
| -v. - | : | Civil Action No. 07 CIV 7052 |
| TIG INSURANCE COMPANY, | : | |
| Defendant. | : | |

------------------------------------------------------

## TIG INSURANCE COMPANY'S REPLY MEMORANDUM
### IN SUPPORT OF ITS MOTION TO COMPEL

## Table of Contents

Page

Table of Contents .................................................................................................................1

Table of Authorities ............................................................................................................1

ARGUMENT .........................................................................................................................1

I.  AIU WAIVED ANY CLAIM OF PRIVILEGE AS TO COVERAGE MATERIALS...........1

A.  TIG Is Entitled to Production of Materials Alerting AIU to Its Exposure Under Plaintiff's
Foster Wheeler Policies. ...................................................................................................1

### REDACTED

II.  AIU SHOULD PRODUCE THE OTHER CLAIMS DOCUMENTS. ...................................6

III. AIU HAS NO BASIS FOR WITHHOLDING DOCUMENTS IT PRODUCED IN THE
DECLARATORY JUDGMENT ACTION. ..........................................................................9

IV.  AIU REFUSES TO PERFORM A DILIGENT ELECTRONIC SEARCH. ..........................9

V.  CONCLUSION ...............................................................................................................10

<u>Table of Authorities</u>

<u>Page</u>

## Cases

*Allstate Ins. Co. v. Employers Reinsurance Corp.,*
  441 F. Supp. 2d 865, 875 (N.D. Ill. 2005) .................................................................... 4
*AT&T Co. v. New York City Human Resources Admin.,* No. 89 Civ. 4569 (PKL), 1991 WL
  79461 at *5 (S.D.N.Y. May 6, 1991) ........................................................................... 8
*Century 21, Inc. v. Diamond State Ins. Co.,*
  No. 03 Civ. 5163, 2006 WL 2355323, at *2 ............................................................. 3, 4
*DH Holdings Corp. v. Marconi Corp. PLC,*
  10 Misc. 3d 530, 535, 809 N.Y.S.2d 404 (N.Y. Sup. Ct. 2005) .................................. 4
*Ferguson v. Lion Holding, Inc.,*
  No. 02Civ.4258, 2005 WL 1216300, *2 (S.D.N.Y. May 23, 2005) ........................... 6
*Fountain v. City of New York,*
  No. 03 Civ. 4526, 2004 WL941242, *2 (S.D.N.Y. May 3, 2004) ............................. 6
*Royal Indem. Co. v. Salomon Smith Barney, Inc.,*
  No. 125889/99, 4 Misc. 3d 1006, 791 N.Y.S.2d 873, 2004 WL 1563259, at *8 (N.Y. Sup. Ct.
  June 29, 2004) ............................................................................................................. 3
*U.S. v. Bilzerian,*
  926 F.2d 1285, (2d Cir. 1991) ................................................................................. 1, 3

## Other Authorities

*Graydon S. Staring,*
  Law of Reinsurance § 20:7, April 2008 ...................................................................... 6

In its Motion to Compel, TIG set forth a detailed, fact-specific analysis supporting the production of documents currently withheld by AIU. In response, AIU dismisses as "pointless and unnecessary" its burden to overcome that factual showing (AIU Opp. at 3), and retreats to unsupported rhetoric. For example:

- AIU charges that TIG's motion constitutes "harassment" and an effort to obtain irrelevant "additional discovery." (AIU Opp. at 1-2.) In fact, TIG has requested no "additional discovery"; the documents TIG seeks are responsive to the first and only set of document requests TIG has served in this action.

- AIU proffers that its coverage counsel materials are not "necessary or relevant" here, given the existence of "raw" documents that have been or purportedly will be produced to TIG. (AIU Opp. At 13.)

**REDACTED**

- AIU contends that production of the responsive documents would be "unduly burdensome." (AIU Opp. at 20.) In fact, AIU has not investigated and cannot detail any actual burden as to the volume of documents sought or associated expense of production.

- AIU asserts that the Other Claims documents "have <u>nothing</u> to do" with AIU's claims in this litigation. (AIU Opp. at 2.)

**REDACTED**

TIG has made an ample factual showing in support of its Motion -- a factual showing AIU has failed to rebut. Accordingly, TIG asks this Court to compel AIU to produce the responsive documents without delay.

**ARGUMENT**

I.    **AIU WAIVED ANY CLAIM OF PRIVILEGE AS TO COVERAGE MATERIALS.**

    A.    **TIG Is Entitled to Production of Materials Alerting AIU to Its Exposure Under Plaintiff's Foster Wheeler Policies.**

The attorney-client privilege and the work product doctrine are implicitly waived "'when a party asserts a claim that in fairness requires the examination of otherwise protected communications.'" (TIG Mot. at 11 (quoting *U.S. v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)).) AIU concedes as much, recognizing that an exception to the attorney-client privilege exists when failure to disclose "would be manifestly unfair to the opposing party." (AIU Opp. at

10-11 (citations and quotation marks omitted).)  That exception applies here, where AIU cannot

"in fairness" be permitted to shroud in privilege the very materials that demonstrate when AIU

knew or should have known of its exposure under Plaintiff's Foster Wheeler Policies and was

therefore required to provide prompt notice to TIG.

AIU's arguments in opposition to TIG's implicit waiver position each fail.  First, AIU

maintains that TIG cannot demonstrate that it "would be prejudiced without the disclosure of the

privileged materials it seeks . . . because the legal advice AIU received from its coverage counsel

is not determinative of whether and when AIU placed TIG on notice." (AIU Opp. at 13.)  AIU

misses the point.  TIG does not seek AIU's coverage materials to determine when AIU placed

TIG on notice; rather, TIG seeks to discover when AIU *should have* placed TIG on notice.

AIU proffers that TIG may rely on unidentified "raw" documents that have been or

purportedly will be produced by AIU to determine what AIU knew when about its exposure.

(AIU Opp. at 13.)

REDACTED

This is

precisely the type of information TIG needs in order to determine when AIU's contractual

obligation to provide "[p]rompt notice . . . of any occurrence or accident which appears likely to

involve this reinsurance" was triggered.

2

Second, AIU maintains that it has not implicitly waived privilege because AIU did not put the timeliness of AIU's notice to TIG "at issue." (AIU Opp. at 12.) AIU represents, incorrectly, that "the issue of timely notice has not been placed 'at issue' by AIU – it is not even mentioned in the Complaint." (*Id.*) In fact, AIU alleged in its Complaint that "AIU has fulfilled all of its obligations under the Reinsurance Agreements." (Compl. at ¶ 25.) Those contractual obligations include AIU's obligation to provide "prompt notice" to TIG "of any occurrence or accident which appears likely to involve this reinsurance." Thus, it was AIU, not any "skillful pleading" by TIG, that put the prompt notice requirement at issue. (*See* AIU Opp. at 13.) Having done so, AIU cannot withhold the very documents that would shed light on AIU's knowledge of an "occurrence or accident which appears likely to involve this reinsurance" and therefore rebut AIU's allegation of compliance. *E.g., Bilzerian*, 926 F.2d at 1292.

The courts' decisions in *Century 21* and *Royal Indemnity* confirm the propriety of compelling the production of otherwise privileged material where a claimant's knowledge is necessarily at issue. (*See* TIG's Mot. at 12-14.) The *Century 21* court could not have been clearer on this point:

> Century has placed the privileged material in issue by suing on an insurance contract that required provision of timely notice . . . , where the law bases timeliness on the knowledge of the insured, and where any evidence relating to Century's knowledge that may be found in the protected communication is not likely discoverable from another source.

*Century 21, Inc. v. Diamond State Ins. Co.*, No. 03 Civ. 5163, 2006 WL 2355323, at *2 (S.D.N.Y. Aug. 10, 2006) (emphasis added). Likewise, in *Royal Indemnity*, the court held that insureds "cannot establish that they provided timely notice to [their insurer] while at the same time refusing to disclose the information that would either prove or disprove that threshold assertion." *Royal Indem. Co. v. Salomon Smith Barney, Inc.*, No. 125889/99, 4 Misc. 3d 1006, 791 N.Y.S.2d 873, 2004 WL 1563259, at *8 (N.Y. Sup. Ct. June 29, 2004).

3

AIU focuses on the narrow distinction that *Century 21* and *Royal Indemnity* are direct insurance cases and thus "have no application" because timely notice is a "condition precedent" in direct insurance but not reinsurance. (AIU Opp. at 13.) As an initial matter, AIU relies on New York law for its assertion that prompt notice is not a condition precedent to coverage under a reinsurance contract. However, under Illinois law which TIG asserts governs here, "a notice requirement, such as the one contained in the [Reinsurance Contracts], is a condition precedent to coverage." *Allstate Ins. Co. v. Employers Reinsurance Corp.*, 441 F. Supp. 2d 865, 875 (N.D. Ill. 2005). This Court has yet to consider the applicable state law, and AIU is not entitled to rely on its hope of prevailing on the choice of law debate to withhold responsive documents.

Furthermore, under either state's law, AIU bears the burden of demonstrating that the settled claims for which it asks TIG to pay fall within the terms and conditions of the Reinsurance Contracts. TIG is therefore entitled to the production of coverage materials that would tend to support or refute the reasonableness of AIU's settlement with Foster Wheeler and allocation of that settlement to the policies. *See, e.g., DH Holdings Corp. v. Marconi Corp. PLC*, 10 Misc. 3d 530, 535, 809 N.Y.S.2d 404 (N.Y. Sup. Ct. 2005) ("It seems to me that the plaintiffs cannot on the one hand seek indemnification for the settlement and costs, and on the other hand refuse to produce the documentary record leading to such settlement.") AIU's assertion that the reasonableness of AIU's settlement and allocation is not before this court is wrong. In fact, in its Seventh Affirmative Defense, TIG contended that:

> AIU has the burden to establish that the claims paid under its settlement with Foster Wheeler are within the terms and conditions of the policies ceded to the Reinsurance Contracts and are otherwise properly allocated to those policies. Foster Wheeler has not met its burden on these points.

In this case, the documents AIU has withheld on privilege grounds may contain the sole written evidence of: (i) when AIU had sufficient notice of its exposure to trigger the prompt notice provision in the Reinsurance Contracts; and (ii) whether AIU's ultimate settlement and

allocation of that alleged exposure was reasonable. AIU has implicitly waived any privilege attaching to those documents by asserting its compliance with all of its contractual obligations under the Reinsurance Contracts, and AIU should be ordered to produce the documents to TIG.

REDACTED

**REDACTED**

II.    **AIU SHOULD PRODUCE THE OTHER CLAIMS DOCUMENTS.**

TIG has established that the Other Claims documents (consisting of the Other Asbestos

Claims and the Boiler Claims) are relevant to TIG's late notice defense, and, therefore, must be

produced pursuant to Fed. R. Civ. P. 26(b)(1).[2] In pages 17-19 of TIG's Motion, TIG provided a

detailed factual showing that the Other Asbestos Claims documents speak directly to AIU's

historical knowledge of Foster Wheeler asbestos claims and when AIU was obligated to provide

notice to TIG under the Reinsurance Contracts. Ignoring every fact cited by TIG, AIU asserts

that TIG "has never explained how production in this action of the underlying claims and the

coverage dispute materials related to Forty-Eight Insulations would have any bearing on TIG's

---

**REDACTED**

[2] AIU notes that Rule 26 was narrowed in 2000. (AIU Opp. at 18.) As TIG stated in its Motion, "relevance, for purposes of discovery, is an extremely broad concept" and extends to documents that while not admissible at trial, "appear[] reasonably calculated to lead to the discovery of admissible evidence." *See Ferguson v. Lion Holding, Inc.*, No. 02Civ.4258, 2005 WL 1216300, *2 (S.D.N.Y. May 23, 2005). These principles are true even after the 2000 amendment, and AIU has previously advocated the same standard asserted by TIG. (*See* Supplemental Aldort Dec., Exh. A at p. 3). *See also Fountain v. City of New York*, No. 03 Civ. 4526, 2004 WL941242, *2 (S.D.N.Y. May 3, 2004) (finding scope of discovery had "narrowed somewhat" under revised Rule 26, but the change "is not dramatic and broad discovery remains the norm").

6

obligations to reimburse AIU for payments made under the 2006 Settlement with Foster Wheeler." (AIU Opp. at 19.) In fact, the following unrebutted facts, among others, undeniably establish the relevance of the Other Asbestos Claims documents:

REDACTED

- In the Declaratory Judgment Action, AIU cited as its first knowledge of the Foster Wheeler Asbestos Claims a 1992 letter that it now contends related to the Other Asbestos Claims. (*Id.* at 18.)

REDACTED

Moreover, AIU now states that it has produced and intends to rely on notices from the Other Asbestos Claims to assert that TIG had "actual or constructive notice with respect to TIG's Foster Wheeler related claims under the Reinsurance Agreements." (AIU Opp. at 19, n. 11.) But, cherry-picking among the Other Asbestos Claims documents, AIU refuses to produce either the related claim files that explain why AIU purportedly gave notice of those claims or the other reinsurer notices that would allow TIG to determine AIU's knowledge or exposure at the time it allegedly provided notice to certain reinsurers. If the notices are relevant, the related claim files reflecting the circumstances giving rise to the notices are also relevant and must be produced.

In an effort to avoid producing the Boiler Claims documents, AIU argues that "TIG should not be permitted to undertake discovery of AIU's notice practices for claims against AIU unrelated to this lawsuit, especially where, as here, these lawsuits took place as much as some twenty years before the Coverage Litigation." (AIU Opp. at 20.) But AIU does not dispute that its "handling of the claims will reveal AIU's interpretation of its prompt notice obligations"

7

under the Reinsurance Contracts or that these documents could shed light on the appropriate standard for reasonable and prompt notice under the Reinsurance Contracts. (TIG Mot. at 21-22.) Far from overbroad, TIG's requests are limited to documents relating to the *two* Boiler Claims under the very Reinsurance Contracts at issue before this Court.

In a final attempt to avoid production of the Other Claims documents, AIU asserts that production would be unduly burdensome. (AIU Opp. at 20.) When confronted with the fact that its counsel stated that he was aware of only one box of AIU documents relating to the Other Asbestos Claims, AIU asserts that this "may represent the tip of the iceberg" because, were it to look through its own files or those of its outside coverage counsel, it might find much more and such a search would be "time-consuming and potentially costly." (AIU Opp. at 20-21). AIU's speculative assertion of burden is impossible to rebut, which is precisely why courts require parties to supply facts, as in a corporate affidavit, when claiming burden. *See AT&T Co. v. New York City Human Resources Admin.*, No. 89 Civ. 4569 (PKL), 1991 WL 79461 at *5 (S.D.N.Y. May 6, 1991). Here, AIU's burden claim is apparently based on the theoretical difficulty of obtaining documents from coverage counsel, but AIU fails to identify why a reasonable search would be burdensome and further fails to identify any burden associated with production of AIU's own responsive files. For example, AIU admits that it searched the Boiler Claim files to identify the law firm that might have represented AIU in those matters, so there can be no burden in producing those files. (AIU Opp. at 20.)  AIU even refuses to produce the one box that its counsel in this action already has in his office and                    **REDACTED**

In short, AIU has wholly failed to justify its withholding of the relevant Other Claims documents.

III.    **AIU HAS NO BASIS FOR WITHHOLDING DOCUMENTS IT PRODUCED IN THE DECLARATORY JUDGMENT ACTION.**

The extreme discovery positions adopted by AIU are illustrated by AIU's refusal to produce non-privileged documents AIU previously produced in the Declaratory Judgment Action whenever AIU deems those documents related to the Other Asbestos Claims or to its other reinsurers. Despite seeking reimbursement from TIG for its settlement of the claims at issue in the Declaratory Judgment Action, AIU contends that TIG has failed "to indicate why these documents are relevant to its claims . . . ." (AIU Opp. at 21.) In so arguing, AIU ignores TIG's citation to specific documents that clearly demonstrate the interplay between the Other Asbestos Claims and the Foster Wheeler Asbestos Claims. (*See* TIG Mot. at 17-19.) TIG has established that these discovery responses are likely to lead to admissible evidence, and AIU has proffered no legitimate basis for refusing production.[3]

IV.    **AIU REFUSES TO PERFORM A DILIGENT ELECTRONIC SEARCH.**

AIU admits that its burden "pursuant to FRCP 26, including electronic discovery, is to 'conduct a diligent search' *for the document requested*." (AIU Opp. at 22) (emphasis added.) AIU fails to meet that standard by its refusal to search the files of individuals identified in documents produced by AIU during the audit or in this litigation and therefore likely to possess responsive documents: David Anderson, Meera Coilparampil, Polly James, Peter Kuchar, Neil McHugh, Patrick Smith and Susan Wilson. (TIG Mot., Aldort Dec. ¶¶ 24, 26-27.) For example, Polly James, Peter Kuchar and Neil McHugh authored and received Foster Wheeler-related correspondence at the time that AIU contends it provided notice to TIG in 1990 and AIU received further notice from Foster Wheeler in 1992, and Ms. Wilson authored AIU's claim reports analyzing the Foster Wheeler Asbestos claims. (Pascale Dec., Exh. B at TIG 15920,

---

[3] AIU wrongly points to TIG's redaction of its documents produced as a justification for AIU's withholding of the Declaratory Judgment Action documents. (AIU Opp. at 21.) First, TIG *redacted* certain documents, it did not withhold them, as AIU has done. Second, while TIG's communications with its reinsurers have no bearing on whether AIU provided timely notice, AIU's communications with its other reinsurers bear directly on the comparative propriety of AIU's belated communications with TIG.

9

15921, 15926-15927; Supp. Aldort Dec. ¶ 5, Exh. B.) Ms. Coilparampil's files appear to be the source for the majority of the pleadings produced by AIU in this matter. In sum, AIU has withheld responsive documents by simply refusing to look for them.

V.    CONCLUSION

    For the foregoing reasons and those set forth in TIG's Motion, TIG requests that the Court grant TIG's Motion to Compel.

Dated: May 6, 2008                        Respectfully submitted,

                                          By: _____
                                          Sean Thomas Keely (SK-8593)
James I. Rubin, Esq. (*pro hac vice*)     Lovells LLP
Catherine E. Isely, Esq. (*pro hac vice*) 590 Madison Avenue
Julie Rodriguez Aldort, Esq. (*pro hac vice*) New York, New York 10022
Butler Rubin Saltarelli & Boyd LLP        (212) 909-0600
70 West Madison Street, Suite 1800        sean.keely@lovells.com
Chicago, Illinois 60602                   Attorneys for Defendant TIG Insurance
(312) 444-9660                            Company