Sean Thomas Keely (SK-8593)
LOVELLS LLP
590 Madison Avenue
New York, New York 10022
(212) 909-0600
sean.keely@lovells.com

James I. Rubin (*pro hac vice*)
Catherine E. Isely (*pro hac vice*)
Julie Rodriguez Aldort (*pro hac vice*)
BUTLER RUBIN SALTARELLI & BOYD
70 W. Madison, Suite 1800
Chicago, Illinois 60602
(312) 444-9660
Attorneys for Defendant TIG Insurance Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

AIU INSURANCE COMPANY,

        Plaintiff,

-v. -                                           Civil Action No. 07 CIV 7052

TIG INSURANCE COMPANY,

        Defendant.

------------------------------------------------------------X

### Declaration of Julie Rodriguez Aldort

I, Julie Rodriguez Aldort, declare as follows:

1.    I am an attorney duly licensed to practice law in the State of Illinois. I was admitted to appear *pro hac vice* in this matter on October 10, 2007. I am a partner with the law firm of Butler Rubin Saltarelli & Boyd LLP, counsel for Defendant TIG Insurance Company ("TIG").

2. I submit this declaration in support of TIG Insurance Company's Memorandum in Opposition to AIU Insurance Company's Motion to Compel. I have personal knowledge of the facts stated herein, and, if called as a witness, I could and would testify competently thereto.

3. On February 12, 2007, John Parker of TIG Insurance Company contacted and retained attorneys at Butler Rubin Saltarelli & Boyd LLP. Butler Rubin was retained to provide legal advice to TIG and its employees concerning TIG's rights and obligations under the Reinsurance Contracts (as defined in TIG's Opposition), to consider the prosecution of legal action against AIU and to undertake the defense of litigation Mr. Parker anticipated AIU could file at any time.

4. Butler Rubin attorneys and paralegals have operated solely in a legal capacity with respect to AIU's Foster Wheeler claim and at no time have those individuals acted in a claims handling capacity with respect to the claim.

5. The Butler Rubin individuals identified in TIG's Privilege and Redaction Logs are attorneys and paralegals who were employed by Butler Rubin from at least February 12, 2007.

6. The communications between employees of TIG and Butler Rubin are primarily of a legal character and were made or received by Butler Rubin in its role as TIG's attorney.

7. On October 25, 2007, TIG served AIU with TIG's First Set of Document Request and First Set of Interrogatories.

8. On November 12, 2007, AIU served its First Request for Production of Documents and First Set of Interrogatories.

9. The parties exchanged responses to written discovery on December 12, 2007.

2

10. TIG has produced 15,990 pages of documents in response to AIU's document requests, including more than 6,233 pages of TIG's assumed reinsurance files.

11. TIG's document production includes extensive documentation of its commutations, including the contracts considered and the commutation amounts negotiated. Generally speaking, TIG's commutation-related documents can be located in the bates labeled range of TIG 3425-12877, 14823-15910. Examples of commutation contract listings include, but are not limited to TIG 4524-4563, 8031-8096, 8500-8532, 12768-12788. Examples of commutation negotiation documents include, but are not limited to, TIG 8417-8457, 15283-15291, 15327-15365, and 15388-15392.

12. On March 25, 2008, TIG provided AIU with its Privilege Log and Redaction Log, detailing those documents withheld or redacted by TIG under a claim of attorney-client privilege or work product.

13. Prior to and following the exchange of documents, TIG and AIU conducted extensive meet and confers to identify and attempt to resolve various discovery disputes.

14. The parties' discussions and negotiations led to the successful resolution of many discovery disputes between the parties and minimized the need for court intervention.

15. For example, in response to concerns raised by TIG during a meet and confer regarding the sufficiency of AIU's responses to interrogatories, AIU explained certain of its responses and TIG deemed supplementation unnecessary.

16. In another meet and confer, AIU posed a complaint regarding redacted documents that it believed were not included on TIG's redaction log, and TIG explained that the redactions AIU identified were not logged because they reflected post-Complaint privilege claims, which the parties had agreed would not be logged, thus resolving AIU's concerns.

17. No exigent circumstances existed which limited TIG or AIU's ability to pursue resolution of discovery disputes without judicial intervention.

18. On May 6, 2008, AIU served TIG with its Motion to Compel, Memorandum of Law in Support of Its Motion to Compel and Declaration of Marc L. Abrams.

19. At no time prior to the filing of its Motion to Compel did AIU's counsel communicate verbally or in writing with me or with any Butler Rubin attorney to: (i) question the sufficiency or format of TIG's Privilege Log or Redaction Log; (ii) identify by bates number or log number any specific document for which AIU objected to TIG's privilege claim with the sole exception of TIG 015911, which is not at issue in AIU's Motion; (iii) advise TIG that AIU was unable to locate in TIG's production any documents that demonstrated a "determination of which contracts to commute" and "the price of the commutation; or (iv) pose a challenge to TIG's assertion of the attorney-client privilege or the work product doctrine as to any of the commutation-related documents identified in TIG's Privilege Log or Redaction Log.

20. I would have engaged in good faith efforts to negotiate a resolution of these issues if AIU's counsel had raised such discovery disputes in a meet and confer discussion.

21. Attached to this declaration as Exhibit 1 is a true and correct copy of a January 25, 2007 letter to Michael Staley from Richard Kafaf, labeled TIG 126-181.

22. Attached to this declaration as Exhibit 2 is a true and correct copy of the Certificate of Facultative Reinsurance number CFR 0062, labeled TIG 1156-1165.

23. Attached to this declaration as Exhibit 3 is a true and correct copy of the Declaration of William Pascale, originally submitted in support of TIG Insurance Company's Memorandum of Law in Support of Its Motion to Compel, filed April 17, 2008.

24.   Attached to this declaration as Exhibit 4 is a true and correct copy of an April 26, 2007 email to Michael Staley and Judy Marotti from Richard Kafaf, labeled TIG 41-116.

25.   Attached to this declaration as Exhibit 5 is a true and correct copy of a March 26, 2007 letter to Michael Staley from Richard Kafaf, labeled TIG 13585-13587.

26.   Attached to this declaration as Exhibit 6 is a true and correct copy of a May 15, 2007 letter to Richard Kafaf from Michael Staley, labeled TIG 31-32.

27.   Attached to this declaration as Exhibit 7 is a true and correct copy of a June 8, 2007 letter to Michael Staley from Richard Kafaf, produced by AIU as PL 63061-63061.

28.   Attached to this declaration as Exhibit 8 is a true and correct copy of the Supplemental Summons and Amended Complaint in re *AIU Insurance Company v. Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies*, Supreme Court of the State of New York, County of New York Index No. 602924/07, dated September 14, 2007.

29.   Attached to this declaration as Exhibit 9 is the Privilege Log produced by AIU on March 27, 2008.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:   May 19, 2008

By: _____

Julie Rodriguez Aldort (*pro hac vice*)
Attorney for Defendant TIG Insurance Company

W0067921v1