William A. Maher (WM-9470)
Marc L. Abrams (MA-6600)
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300

Attorneys for AIU Insurance Company

**RADACTED VERSION**

**FILED UNDER SEAL
PURSUANT TO
CONFIDENTIALITY ORDER**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
AIU INSURANCE COMPANY,                                    :
:
                        Plaintiff,                         :   Civil Action No.: 07 CIV 7052 (SHS)
        -against-                                          :
:
TIG INSURANCE COMPANY,                                    :
:
                        Defendant.                         :
-----------------------------------------------------------X

## REPLY DECLARATION OF MARC L. ABRAMS

1.  I am a partner in the law firm of Wollmuth Maher & Deutsch LLP, counsel for plaintiff AIU Insurance Company ("AIU") in this matter.

2.  As such, I am fully familiar with the facts stated below and I submit this declaration to provide the Court with relevant documents and information in further support of AIU's Motion to Compel (the "Motion").

3.  In my role as counsel for AIU, I have supervised AIU's discovery efforts in this matter.

4.  In its Opposition Memorandum, TIG Insurance Company ("TIG") claims that AIU has not supported its Motion with testimony demonstrating that TIG has sanitized its reinsurance claims file. My firm has reviewed TIG's entire document production in this matter.

Our review has indicated that TIG has not produced a single substantive document from its reinsurance claims file such as claims memoranda, analyses or notes regarding potential coverage of the reinsurance claim at issue in this dispute. Indeed, TIG has not produced such materials regardless of whether they fall into the two day window in which TIG claims its reinsurance claims file was discoverable or thereafter.

5. In a similar manner, my firm has reviewed the commutation documents produced by TIG in this matter. Our review does not appear to have revealed the production of any documents or memoranda regarding TIG's internal business analyses discussing the appropriateness of the commutations at issue in this case.

6. TIG's Opposition Memorandum also claims that I failed to meet and confer with TIG's counsel on the issue of commutation documents and that my conduct should result in sanctions in accordance with the Federal Rules of Civil Procedure. This accusation is baseless. In a discovery conference with Julie Aldort (counsel for TIG) on Monday April 7, 2008, I expressed my concern that TIG had not produced certain commutation documents: in particular, those documents reflecting actual internal business analyses of the commutations that TIG has placed at issue in this litigation.

7. I followed this conference with a letter dated April 9, 2008 indicating as follows:

> I expressed my concern that TIG has produced limited internal documents relating to the commutations raised by TIG. I also asked whether TIG, as a matter of course, prepared any internal analysis, narratives, memoranda and/or recommendations concerning the potential advantages, disadvantages or appropriateness of entering into the applicable commutations.

8. TIG responded to my letter one day later, charging me with being "disingenuous," holding "misplaced" and "inaccurate" views, making "specious arguments," and demanding that I account for AIU's own discovery positions (which I had already done in numerous other

2

correspondences that are before the Court as a result of the various motions to compel in this matter).

9. As a precaution, on April 15, 2008, I e-mailed TIG, indicating that my understanding was that TIG was refusing the production of certain of its commutation files but that TIG should let me know if they intended to produce such materials by the end of the week (i.e., by April 18, 2008).

10. I also responded to TIG's April 10, 2008 letter on April 17, 2008, indicating that rather than "exchanging interminable rounds of discovery letters replete with [] posturing" AIU would invoke the protection of the Court regarding outstanding discovery matters.

11. Because I did not hear from TIG for over two weeks, I began preparing the Motion to include a request for the outstanding commutation documents. However, on the eve of the submission of the Motion (i.e., on May 1, 2008) and well after it was required to do so, Ms. Aldort advised that TIG intended to produce certain disputed commutation files. Nonetheless, TIG has not actually produced such materials in this matter despite its promises. Moreover, TIG has never agreed to produce those documents on its privilege log that may represent internal analyses regarding the merits of TIG's commutations.

12. In sum, despite repeatedly asking for documents regarding TIG's internal analyses regarding the appropriateness of its commutations, AIU has not received them.

13. Attached hereto as Exhibit A is a true and correct copy of AIU's Reinsurance Inquiry Reply to TIG, dated August 2, 2007.

14. Attached hereto as Exhibit B is a true and correct copy of the Memo Endorsed Order of the Honorable Sidney H. Stein, dated May 5, 2008, directing TIG to respond to document requests relating to Foster Wheeler's direct claims against TIG.

3

15. Attached hereto as Exhibit C are true and correct copies of an email exchange between Julie Aldort and Marc L. Abrams, dated April 15, 2008 and May 1, 2008 concerning TIG's production of certain commutation documents.

16. Attached hereto as Exhibit D is a true and correct copy of an email exchange between William Pascale and Richard Kafaf, dated July 3, 2007 concerning TIG's execution of a Confidentiality Agreement in connection with its inspection of AIU's records.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: New York, New York
May 28, 2008

_____
Marc L. Abrams

**EXHIBIT A**

# EXHIBIT A

# FILED UNDER SEAL

# EXHIBIT B

JAN-28-2008 15:50 From:BUTLER

BUTLER RUBIN SALTARELLI & BOYD LLP

```
USDC SDNY                    P.2/5
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/08
```

January 28, 2008

RECEIVED
JAN 28 2008
CHAMBERS OF
JUDGE SIDNEY H. STEIN
U.S.D.J.

Direct Dial: (312) 696-4478
Direct Fax: (312) 873-4128
jaldort@butlerrubin.com

**BY FACSIMILE**

Honorable Sidney H. Stein
c/o Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1010
New York, NY 10007
FAX (212) 805-0087

**MEMO ENDORSED**

5/5/08 TIG is directed to respond to doc demands #5, 6 * 8. Documents relating to Foster Wheeler's direct claims against TIG (and IIC) are relevant as reasonably calculated to lead to the discovery of admissible evidence, especially why, as here, TIG has asserted the defense of late notice. Unjust is not to the contrary as a discovery issue. So ordered. Sidney H Stein 5/5/08

Re:   AIU Insurance Co. v. TIG Insurance Co., 07 CV 7052 (SHS)

Dear Judge Stein:

In accordance with the Court's direction at the status conference on January 18, 2008, TIG Insurance Company ("TIG") herewith presents its position with respect to the pending discovery dispute. AIU's demand for discovery of documents relates not to TIG's reinsurance of AIU, but to TIG's direct insurance of Foster Wheeler Corporation, including TIG's participation as a direct insurer in the coverage litigation between Foster Wheeler and its direct insurers. For the reasons set forth more fully below, TIG submits that AIU's request for discovery of these materials should be denied because the requests do not seek materials that are relevant or likely to lead to admissible evidence pursuant to Federal Rule of Civil Procedure 26(b)(1).

**I.   Background**

As the Court is aware, this action relates to alleged breaches of contract under certain facultative reinsurance certificates (the "Reinsurance Contracts") entered into between AIU and TIG's predecessor, International Insurance Company ("IIC"). AIU contends that TIG, as the successor to IIC, failed to pay amounts billed under the Reinsurance Contracts as a result of AIU's settlement with its insured, Foster Wheeler. TIG asserts that AIU breached its obligations under the Reinsurance Contracts by, among other things, failing to comply with the prompt notice provisions. TIG further asserts that the late notice caused it tangible economic injury consisting of TIG's commutation of a portion of its retrocessional reinsurance coverage without the benefit of notice of the AIU claim.

**II.   Discovery Requests in Issue**

The AIU document requests at issue in this dispute are set forth below:

**REQUEST NO. 5:** All documents relating to notices or communications from Foster Wheeler to TIG and/or IIC concerning coverage of asbestos related claims.

Honorable Sidney H. Stein
January 28, 2008
Page 2

> **REQUEST NO. 6:** All documents relating to TIG and/or IIC's evaluation and/or assessment and/or consideration of any requests or demands for insurance coverage from Foster Wheeler.
>
> **REQUEST NO. 8:** All documents concerning the Foster Wheeler Coverage Litigation.

TIG stated the following response to Requests 5, 6, and 8:

> **ANSWER:** TIG objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and it calls for the production of information that is not reasonably calculated to lead to the discovery of admissible evidence because it could be construed to seek documents unrelated to the losses AIU ceded to the Reinsurance Agreements. TIG also asserts its General Objections.

During the parties' meet and confer sessions, the parties focused on TIG's objection that the requests sought information that was not reasonably calculated to lead to the discovery of admissible evidence. AIU contended that the requested documents were relevant to what AIU characterized as TIG's suggestion that it was unaware of Foster Wheeler Asbestos losses. AIU further contended that the documents were relevant because they relate to the same underlying Foster Wheeler asbestos losses for which AIU seeks reimbursement in this litigation. AIU contended that the documents could show TIG's understanding of the exposure relating to the Foster Wheeler losses, the reasonableness of AIU's allocation of the settlement, and whether TIG maintained inconsistent positions as a direct insurer of Foster Wheeler versus as a reinsurer of AIU.

TIG explained that documents relating to its direct insurance coverage of Foster Wheeler, including its participation in the Foster Wheeler coverage litigation, did not have any connection to the pending litigation because according to Second Circuit precedent, notice to TIG's direct insurance department of claims under its direct policies of insurance does not constitute notice to the assumed reinsurance department of claims under assumed reinsurance contracts.

## III.   Argument

Federal Rule of Civil Procedure 26(b)(1) provides that with respect to the scope of discovery, except where otherwise limited by the court, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party .... Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The Supreme Court has construed Rule 26(b)(1) broadly. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Nonetheless, courts of this Circuit have recognized that, for practical reasons, parties should not be allowed to "roam in the shadow zones of relevancy to explore matter which does not presently appear germane on the theory that it might conceivably become so." *Surety Ass'n of Am. v. Republic Ins. Co.*, 388 F.2d 412, (2d Cir. 1967) (quoting *Broadway & Ninety-Sixth St. Realty Co. v. Loew's Inc.*, 21 F.R.D. 347, 352 (S.D.N.Y. 1958)); *see also, e.g., Spina v. Our Lady of Mercy Med. Ctr.*, No. 97

Honorable Sidney H. Stein
January 28, 2008
Page 3

CIV 4661 (RCC), 2001 WL 630481, *2 (S.D.N.Y. June 7, 2001). Thus, courts have circumscribed the otherwise broad discovery rule where appropriate. *Blum v. Schlegel*, 150 F.R.D. 38, 39 (W.D.N.Y. 1993) ("[C]ourts in the Second Circuit have frequently denied discovery requests for information that has no conceivable bearing on the case.")

For example, in *Xpedior Creditor Trust v. Credit Suisse First Boston (USA), Inc.*, 390 F. Supp. 2d 459, 464 (S.D.N.Y. 2003), an action against an investment banker alleging breach of underwriting contracts in an in initial public offering, the court denied the plaintiff's motion to compel production of the defendant's "Chinese Wall" policy for operating its investment banking and analyst division. Xpedior asserted that the policy was relevant as general background and as preliminary damages discovery, explaining that to the extent that there was a conflict of interest between analysts and investment bankers, defendant's valuations of the entity presenting the initial public offering would be compromised. The court held that Xpedior failed to show that the information was relevant because the policy itself would not be probative of whether it was followed or whether there was an actual conflict of interest.

In *Funai Electric Co., Ltd. v. Orion Electric Co., Ltd.*, Nos. 02 Civ. 2605 (AGS) (JCF), 01 Civ. 3501 (AGS) (JCF), 2002 WL 1808419, *3 (S.D.N.Y. Aug. 7, 2002), defendant Orion sought documents relating to quality control and customer satisfaction for the product subject to the patent in dispute to show that the patent was invalid. The court denied Orion's motion to compel stating that the case law provided that although commercial success is relevant to patent invalidity, the information requested was not directly linked to commercial success. *Id. See also City of New York v. Group Health, Inc.*, No. 06 Civ. 13122 (KMK) (RLE), 2007 WL 1219684, *2-3 (S.D.N.Y. April 23, 2007) (denying discovery on relevance grounds because plaintiff could not establish that the requested documents would have any relevance without the plaintiff first obtaining certain confidential information from third parties); *MacNamara v. The City of New York*, No. 04 Civ. 9612 (KMK) (JCF), 2006 WL 3298911, *6-7 (S.D.N.Y. Nov. 13, 2006) (denying motion to compel production of photos of arrestees in civil rights action because plaintiffs failed to show that request for photos was reasonably calculated to lead to the discovery of admissible evidence).

As in these aforementioned cases, the discovery should be circumscribed with respect to the dispute at bar because AIU has not shown that the requested materials are relevant or that they are reasonably calculated to lead to the discovery of admissible evidence. To be clear, AIU seeks documents relating to TIG's *direct* insurance of Foster Wheeler. TIG's coverage of Foster Wheeler is under policies entirely unrelated to the certificates of reinsurance TIG issued to AIU. The division of TIG responsible for handling the TIG policies issued to Foster Wheeler is not the same division responsible for handling assumed reinsurance. Thus, even if TIG's direct insurance division had knowledge of the Foster Wheeler claims, that knowledge that would not be sufficient to establish constructive notice of a claim by AIU under the facultative reinsurance certificates.

Honorable Sidney H. Stein
January 28, 2008
Page 4

Indeed, in *Unigard Security Ins. Co., Inc. v. North River Ins. Co.*, 4 F.3d 1049 (2d Cir. 1993), applying New York law,[1] the Second Circuit found that notice under a reinsurance "treaty" covering the same underlying risk as certain "facultative reinsurance certificates" did not constitute notice under the facultative reinsurance certificates at issue. Further, the court held that the notices under the treaty did not require the reinsurer to investigate whether it had facultative reinsurance certificates for the same insured. The court noted that to hold otherwise would shift the responsibility of notice from the cedent to the reinsurer in contravention of the notice requirements of the reinsurance contracts. *Id.* at 1067. The court's analysis recognized that the reinsurance market depends on cedent insurers providing this information to reinsurers and that, were it otherwise, reinsurers would be forced to duplicate the efforts of ceding insurers. *Id.* The court further noted that in reinsurance contracts, the burden of collecting and providing information is placed on the party who can meet that burden at the least cost, *i.e.*, the ceding insurer. *Id.*

As in *Unigard*, two completely separate TIG divisions issued the direct insurance coverage to Foster Wheeler and the facultative reinsurance coverage to AIU. The fact that TIG's direct insurance division may have had knowledge of the Foster Wheeler asbestos claims against the direct policies of insurance did not thereby mean that TIG's reinsurance division had constructive notice or was tasked with investigating whether it had issued any reinsurance contracts that were arguably implicated by the same losses.

Moreover, TIG's handling of the Foster Wheeler claims under its direct insurance policies can shed no light on whether AIU complied with its obligations under the Reinsurance Contracts. The matters are subject to distinct contractual obligations, policy terms, and factual circumstances. Accordingly, the information sought by AIU simply is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. For these reasons, TIG requests that the Court deny AIU's requests for these materials.

Respectfully submitted,

Julie Rodriguez Aldort

cc:  William A. Maher
     Marc L. Abrams
     Sean Keely
     James I. Rubin
     Catherine E. Isely

---

[1] The issue of which state's law applies to this matter remains in dispute. TIG contends that Illinois law controls.

# EXHIBIT C

## Abrams, Marc

| | |
|---|---|
| **From:** | JAldort@butlerrubin.com |
| **Sent:** | Thursday, May 01, 2008 6:07 PM |
| **To:** | Abrams, Marc |
| **Cc:** | cisely@butlerrubin.com; jrubin@butlerrubin.com; Parker, Serena; Maher, William |
| **Subject:** | RE: TIG/AIU |

Marc,

I write to follow up on your email below and my letter dated April 10, 2008. While TIG does not agree that the documents are relevant, in the interest of avoiding a dispute, TIG will produce the previously withheld "management reports" relating to the commutations and the commutation documents previously withheld as post-dating the commutations.

Best regards,
**Julie Rodriguez Aldort**

**Butler Rubin Saltarelli & Boyd LLP**
70 West Madison St. | Suite 1800 | Chicago, IL 60602
312.696.4478 | 312.873.4328 fax

jaldort@butlerrubin.com
www.butlerrubin.com

---

"Abrams, Marc" <mabrams@wmd-law.com>

04/15/2008 07:12 PM

To  <JAldort@butlerrubin.com>
cc  <jrubin@butlerrubin.com>, <cisely@butlerrubin.com>, "Maher, William" <WMaher@WMD-LAW.com>, "Parker, Serena" <sparker@wmd-law.com>
Subject  RE: TIG/AIU

---

Julie,

Your list is generally accurate, except that it should also note the following qualifications and/or additional areas of disagreement:

1. With respect to the "other claims" files, TIG has not produced such materials either. Thus, the parties are at an impasse regarding the mutual production of "Other Claims" documents -- as opposed to AIU unilaterally withholding these materials as your message suggests below.

2. With respect to TIG's work product designations, we are not only at an impasse with respect to TIG's audit documents. We are also at an impasse regarding claims documents in TIG's assumed claims file designated as "work product" as well as TIG's claim of work product privilege regarding its notices to its retrocessionaires.

3. Finally, my understanding is that TIG is still considering whether to produce its commutation files with respect to the two areas discussed in the prior correspondence (i.e., management reports and documents post-dating the commutations). Can you please let me know by the end of the week whether TIG intends to produce these materials.

We look forward to your draft stipulation and to speaking on Thursday.

Regards,

5/28/2008

Marc Abrams
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, New York 10110
Tel: 212-382-3300
Fax: 212-382-0050
www.wmd-law.com

This electronic message contains privileged attorney-client communications from the law firm of Wollmuth Maher & Deutsch LLP. The information is intended to be for the use of the addressee only. If you are not the addressee, note that any disclosure, copying, distribution or use of the contents of this message is prohibited.

-----Original Message-----
From: JAldort@butlerrubin.com [mailto:JAldort@butlerrubin.com]
Sent: Tuesday, April 15, 2008 12:49 PM
To: Abrams, Marc
Cc: jrubin@butlerrubin.com; cisely@butlerrubin.com
Subject: TIG/AIU


Marc,
This confirms from our discussion this morning that TIG is not wiling to accept AIU's proposed compromise as respects AIU's search of its electronic records, as described in your letter dated April 11, 2008.

This also confirms that we are in agreement that the parties are at an impasse on the following issues: (1) AIU's privilege claims relating to coverage counsel materials; (2) AIU's withholding of the "Other Claims" documents; (3) AIU's refusal to conduct additional electronic searches; and (4) AIU's refusal to produce any "Other Claims" or "Other Reinsurer" documents from its production in the Declaratory Judgment Action.

We also noted that the parties appear to be at an impasse on TIG's claim to work product and privilege as respects certain audit documents, listed on TIG's privilege and redaction logs. I noted that TIG will be providing a small supplemental production in the next day or two, which might include a few pages from the audit.

We agreed to reconvene on Thursday at 11:30am (ET) to discuss deposition scheduling and additional document discovery issues as respects TIG's production.

I will forward to you a draft stipulation regarding TIG's motion to amend.

Best regards,



Julie Rodriguez Aldort


Butler Rubin Saltarelli & Boyd LLP
70 West Madison St. | Suite 1800 | Chicago, IL 60602
312.696.4478 | 312.873.4328 fax

jaldort@butlerrubin.com
www.butlerrubin.com

This email message is intended for the sole use of the intended recipient(s) and may contain confidential or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy and delete all copies of the original message. To reply to our email administrator directly, send an email to postmaster@butlerrubin.com.

BUTLER RUBIN SALTARELLI & BOYD LLP
excellence in litigation

http://www.butlerrubin.com

5/28/2008

# EXHIBIT D

# EXHIBIT D

# FILED UNDER SEAL