```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

AIU INSURANCE COMPANY,  :
:
         Plaintiff,  :
:
  -against -  :     Civil Action No. 07 CIV 7052
:
TIG INSURANCE COMPANY,  :
:
         Defendant.  :
:
------------------------------------------------------x

## STIPULATION AND ORDER OF CONFIDENTIALITY

Plaintiff AIU Insurance Company ("AIU") and Defendant TIG Insurance Company ("TIG") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby stipulate and agree that it is appropriate to revise the Stipulation and Order of Confidentiality ("Protective Order") entered by this Court on February 5, 2008 to allow the parties to the related action styled *AIU Insurance Company v. Certain Underwriters at Lloyd's London and Certain London Market Insurance Companies*, pending in the Supreme Court of the State of New York, New York County, No. 602924/07, to have access to Confidential Information (as defined by the Protective Order) currently protected from disclosure by the Protective Order. Accordingly, the parties agree and the Court ORDERS as follows:

Paragraph 3, pertaining to Qualified Persons who may receive Confidential Information pursuant to the Protective Order, shall be revised to include the following language:

- 1 -

(m) The parties to the action styled *AIU Insurance Company v. Certain Underwriters at Lloyd's London and Certain London Market Insurance Companies*, pending in the Supreme Court of the State of New York, New York County, No. 602924/07 ("State Court Action") provided that the parties to the State Court Action shall abide by the terms of the Protective Order and shall seek and obtain modification of the protective order in the State Court Action to extend its coverage to Confidential Information provided from the above-captioned litigation;

(n) Outside attorneys of record for the parties to the State Court Action, retained specifically for that litigation, including any employees of such attorneys to whom it is necessary that the material be shown for purposes of that litigation, provided that the attorneys and their employees shall abide by the terms of the Protective Order and shall maintain the confidentiality of the Confidential Information provided from the above-captioned litigation subject to the protective order that is in place in the State Court Action;

(o) Independent experts or consultants, including consulting experts, retained by the parties and/or counsel in the State Court Action, provided that such experts or consultants agree to be bound by the terms of this Protective Order and the protective order that is in place in the State Court Action and who have executed the Acknowledgement and Consent to Be Bound in the form attached as Exhibit "A" hereto;

(p) The court, other court officials (including court reporters) and the trier of fact in the State Court Action, pursuant to a sealing order;

(q) Officers, directors and employees of the parties to the State Court Action, to the extent disclosure is reasonably designed to assist in the prosecution or defense of the State Court Action;

(r) Former employees of any party to the State Court Action, to the extent disclosure is reasonably designed to assist in the prosecution or defense of the State Court Action, will be Qualified Persons if they sign the Acknowledgement and Consent to Be Bound attached to this Protective Order;

(s) Employees of copying, imaging, coding, document management or trial preparation services utilized by any party to the State Court Action with respect to that litigation;

(t) To the extent reasonably designed to assist in the prosecution or defense of claims or defenses in the State Court Action; (i) persons called to testify, or whom a party reasonably may be called to testify, in the trial of the State Court Action or a deposition or hearing in that litigation; and (ii) persons who have submitted, or whom a party to the State Court Action reasonably anticipates may submit, an affidavit in connection with a motion in the State Court Action; and

(u) A party to the State Court Action's reinsurers or retrocessionaires, reinsurance intermediaries, and outside and in-house auditors, to the extent necessary for any reinsurance claim or audit relating to the Foster Wheeler asbestos losses at issue in the State Court Action.

A revised version of the Protective Order incorporating this additional language, executed by both parties to this action, is attached hereto as Exhibit 1.

IT IS SO ORDERED

Signed this 2ND day of ~~November~~ DECEMBER 2010.

*/s/ Henry Pitman*
USMJ

APPROVED AND AGREED TO BY THE FOLLOWING PARTIES:

_____
William A. Maher (VM-9470)
Marc L. Abrams (MA-6600)
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, NY 10110
(212) 382-3300
Attorneys for Plaintiff AIU Insurance Company

_____
James I. Rubin, Esq. (02413191)
Catherine E. Isely, Esq. (06237505)
Julie Rodriguez Aldort, Esq. (06271412)
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Suite 1800
Chicago, IL 60602
(312) 444-9660
Attorneys for Defendant TIG Insurance Company

462600v3

-4-

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ x
:
AIU INSURANCE COMPANY,                           :
:
            Plaintiff,            :
:
  -against -                                    :   Civil Action No.  07 CIV 7052
:
TIG INSURANCE COMPANY,                           :
:
            Defendant.            :
:
------------------------------------------------ x

## STIPULATION AND ORDER OF CONFIDENTIALITY

Plaintiff AIU Insurance Company ("AIU") and Defendant TIG Insurance Company ("TIG") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby stipulate and agree that certain information disclosed by the respective parties shall be held as confidential and shall not be disclosed to anyone not authorized under this Stipulation and Order of Confidentiality ("Protective Order") to receive the same. Accordingly, the parties agree and the Court ORDERS as follows:

    1.    "Confidential Information," as used herein, shall mean:

        (a)    Non-public, confidential information that is of a financial and/or proprietary nature, the disclosure of which would or might adversely affect the producing party or other parties;

        (b)    Confidential claims information, or information relating to the settlement or resolution of claims;

        (c)    Any information of a personal or intimate nature regarding any individual;

- 1 -

(d) Any confidential research, or communications, or commercial and/or competitively sensitive information; or

(e) Any materials previously designated as confidential pursuant to a pre-existing protective order or confidentiality agreement or confidentiality provision within a third party agreement.

2. "Confidential Information" shall only be provided to Qualified Persons described in Paragraph 3 below.

3. "Qualified Persons" for Confidential Information marked as "Confidential" are:

(a) The parties to this action;

(b) Outside attorneys of record for the parties retained specifically for this litigation, including any employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(c) Independent experts or consultants, including consulting experts, retained by the parties and/or counsel and to the extent such experts or consultants agree to be bound by the terms of this Protective Order and who have executed the Acknowledgement and Consent to Be Bound in the form attached as Exhibit "A" hereto;

(d) The Court, other Court officials (including Court reporters) and the trier of fact, pursuant to a sealing order;

(e) Officers, directors and employees of either party to this litigation, to the extent disclosure is reasonably designed to assist in the prosecution or defense of this litigation;

(f) Former employees of any party, to the extent disclosure is reasonably designed to assist in the prosecution or defense of this litigation, will be Qualified Persons if they sign the Acknowledgement and Consent to Be Bound attached to this Protective Order;

(g) Employees of copying, imaging, coding, document management or trial preparation services utilized by any party with respect to this litigation;

(h) To the extent reasonably designed to assist in the prosecution or defense of claims or defenses in this litigation; (i) persons called to testify, or whom a party reasonably may be called to testify, in the trial of this litigation or a deposition or hearing in this litigation; and (ii) persons who have submitted, or whom a party reasonably anticipates may submit, an affidavit in connection with a motion in this litigation;

(i) A party's reinsurers or retrocessionaires, reinsurance intermediaries, and outside and in-house auditors, to the extent necessary for any reinsurance claim or audit relating to the Foster Wheeler asbestos losses at issue in this litigation;

(j) As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(k) Regulators or taxing authorities with responsibility for oversight of any party in this litigation, to the extent required by applicable law or regulations; and

(l) If the Court so holds, any person may be designated as a Qualified Person by order of the Court.

- 3 -

(m) The parties to the action styled *AIU Insurance Company v. Certain Underwriters at Lloyd's London and Certain London Market Insurance Companies*, pending in the Supreme Court of the State of New York, New York County, No. 602924/07 ("State Court Action") provided that the parties to the State Court Action shall abide by the terms of the Protective Order and shall seek and obtain modification of the protective order in the State Court Action to extend its coverage to Confidential Information provided from the above-captioned litigation;

(n) Outside attorneys of record for the parties to the State Court Action, retained specifically for that litigation, including any employees of such attorneys to whom it is necessary that the material be shown for purposes of that litigation, provided that the attorneys and their employees shall abide by the terms of the Protective Order and shall maintain the confidentiality of the Confidential Information provided from the above-captioned litigation subject to the protective order that is in place in the State Court Action;

(o) Independent experts or consultants, including consulting experts, retained by the parties and/or counsel in the State Court Action, provided that such experts or consultants agree to be bound by the terms of this Protective Order and the protective order that is in place in the State Court Action and who have executed the Acknowledgement and Consent to Be Bound in the form attached as Exhibit "A" hereto;

(p)     The court, other court officials (including court reporters) and the trier of fact in the State Court Action, pursuant to a sealing order;

(q)     Officers, directors and employees of the parties to the State Court Action, to the extent disclosure is reasonably designed to assist in the prosecution or defense of the State Court Action;

(r)     Former employees of any party to the State Court Action, to the extent disclosure is reasonably designed to assist in the prosecution or defense of the State Court Action, will be Qualified Persons if they sign the Acknowledgement and Consent to Be Bound attached to this Protective Order;

(s)     Employees of copying, imaging, coding, document management or trial preparation services utilized by any party to the State Court Action with respect to that litigation;

(t)     To the extent reasonably designed to assist in the prosecution or defense of claims or defenses in the State Court Action; (i) persons called to testify, or whom a party reasonably may be called to testify, in the trial of the State Court Action or a deposition or hearing in that litigation; and (ii) persons who have submitted, or whom a party to the State Court Action reasonably anticipates may submit, an affidavit in connection with a motion in the State Court Action; and

(u)     A party to the State Court Action's reinsurers or retrocessionaires, reinsurance intermediaries, and outside and in-house auditors, to the extent

necessary for any reinsurance claim or audit relating to the Foster Wheeler asbestos losses at issue in the State Court Action.

All Qualified Persons to whom Confidential Information may be disclosed shall, prior to any such disclosure, be advised of the existence of this Protective Order and its applicability to the Confidential Information. Any Qualified Persons not employed by either party or counsel (other than Persons employed for purposes of copying or imaging documents in connection with this litigation) shall also be provided a copy of this Protective Order.

   4. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of discovery and case proceedings, such as hearings, depositions, trial and/or appeal in this litigation and for no other purpose whatsoever, including without limitation, business, governmental, commercial or judicial purposes. Confidential Information shall not be disclosed to any person except in accordance with the terms hereof. Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.

   5. With respect to the documents deemed by the producing party to contain Confidential Information, other than deposition transcripts and exhibits, the producing party or that party's counsel may designate such documents as "Confidential" by stamping or otherwise clearly marking the word "Confidential" or words to substantially similar effect on the first page of such documents or by marking on the portion of such documents containing Confidential Information the word "Confidential" or words to substantially similar effect.

   6. Information disclosed at (a) the deposition of a party or one of its former or current officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party, which information pertains to a

- 6 -

party, may be designated by any party as "Confidential" on the record at the deposition and is subject to this Protective Order. Nothing in this Protective Order shall confer on any party or person the right to withhold discoverable testimony solely on the basis that it is or contains Confidential Information, provided the requirements for preserving the confidentiality of information under this Protective Order are satisfied. Alternatively, any party may designate information disclosed at such deposition as "Confidential" by notifying the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential." Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody or control. All deposition transcripts shall be treated as "Confidential" for a period of thirty (30) days after the receipt of the transcript. Should any party need to file all or a portion of such deposition transcript(s) prior to the expiration of the thirty-day period, the party shall file such transcript(s) or portion(s) thereof, under seal, as provided in Paragraph 15 herein.

7. Each Qualified Person who has access to Confidential Information shall take all due precautions to prevent the unauthorized or inadvertent disclosure of Confidential Information.

8. Each party's outside counsel shall maintain the originals of all Consents to Be Bound signed by any Qualified Persons.

9. Failure to designate material or information as "Confidential" shall not be deemed a waiver of any privilege or claim of confidentiality applicable to any documents, testimony or evidence if the party supplying or producing the material or information designates it as "Confidential" within 90 days of its production or dissemination.

- 8 -

10. This Protective Order shall not be deemed a waiver of any party's right to use its own documents and its own "Confidential" material in its sole and complete discretion, *provided however*, that such party shall preserve and maintain, in accordance with the terms of this Protective Order, any Confidential Information produced or distributed by other parties that is reflected in the party's own documents.

11. To the extent any documents are inspected prior to copying, they shall be treated as "Confidential" during inspection.

12. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if each party consents to such disclosure in writing, or if the Court, after notice to all affected parties, orders such disclosure.

13. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as "Confidential" or the designation of any person as a Qualified Person, or, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in appropriate circumstances), the parties shall first try to resolve such dispute in good faith on an informal basis, e.g., production of redacted copies. If the dispute cannot be resolved informally, the objecting party shall object in writing. The writing shall provide, at a minimum, a description by bates number of the specific material that is the subject of the objecting party's objection and provide the rationale why the material should not retain its designation of "Confidential." The objecting party shall be required to move the Court for an order seeking to remove the confidentiality designation from any documents previously identified in its written objection. Any and all documents or information subject to any such

dispute shall remain confidential as designated by the producing party until the parties agree otherwise or the Court rules otherwise. Should the Court find it necessary for resolution of a motion under this Paragraph, the information and/or documents or, if the material is more than 100 pages, representative samples, shall be submitted in camera to the Court.

14.     The Court may modify or alter this Protective Order by order upon motion made in accordance with federal motion practice and the rules of the Court.

15.     No documents containing Confidential Information shall be filed with the Clerk of the Court. In the event a party wishes to use any Confidential Information in affidavits, briefs, memoranda of law, or other documents requiring the Court's review, such documents shall be submitted to the Court in accordance with the Procedures for Electronic Case Filing in the Southern District of New York, including the submission of confidential documents in camera in a sealed envelope bearing the caption of the case, the case number, the title of the document to which the submitted Confidential Information pertains, and the date of that filing. After the Court's review, the in camera item(s) may be returned by the Court to the producing party, who shall maintain the submission intact for any further review. A redacted copy of any such document shall be electronically filed with the Clerk of Court for the record.

16.     Within sixty (60) days after the final conclusion of this litigation, inclusive of any appeal thereof, any party (and their counsel) that has received Confidential Information from another party pursuant to this Protective Order shall destroy all copies of the Confidential Information so received or return it to the producing party, except that copies of any papers or exhibits that have been filed in or admitted into evidence in this litigation and that are not subject to a sealing order of the Court need not be returned or destroyed. Notwithstanding the foregoing, if a party is obligated to retain Confidential Information received from another party pursuant to

this Protective Order following the final conclusion of this litigation in order to seek reinsurance or retrocessional recoveries of amounts at issue, that party shall return or destroy all such copies of the Confidential Information within sixty (60) days after the conclusion of its efforts to collect the reinsurance or retrocessional recoveries. Any party in possession of Confidential Information following the final conclusion of this litigation shall specifically designate it as such and shall continue to handle such material pursuant to the terms of this Protective Order until returned to the producing party or otherwise destroyed.

17. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation.

18. It is the responsibility of the attorney of record to employ reasonable measures, consistent with this Protective Order, to control duplication of and access to Confidential Information.

19. Nothing in this Protective Order shall be construed to control the use, dissemination, publication or disposition by any party of the documents or information received by that party outside the course of the discovery process in this litigation, or documents or information which are or become publicly available through means other than disclosure in this litigation, *provided however*, that any documents or information received from a party (directly or indirectly) prior to this litigation that relate to the subject matter of this litigation and which the party advised were confidential or subject to a confidentiality agreement, provision, or order (*e.g.*, documents submitted in connection with the billing of this matter) at the time of disclosure shall be treated as confidential to the extent the producing party and/or the party making the initial disclosure designates such information "Confidential" during the course of this litigation.

The dispute resolution procedures set forth in Paragraph 13 shall be utilized to the extent there is any dispute over the designation of any such documents or information as "Confidential."

20.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

21.     The parties agree to be bound by the terms of this Protective Order pending the entry of it, or an alternative thereto that is satisfactory to all parties, to the extent modified and entered by the Court.

22.     The Protective Order may be modified for good cause shown.

**IT IS SO ORDERED**

Signed this _____ day of November, 2010.

_____

APPROVED AND AGREED TO BY THE FOLLOWING PARTIES:

_____

William A. Maher (VM-9470)
Marc L. Abrams (MA-6600)
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, NY 10110
(212) 382-3300
Attorneys for Plaintiff AIU Insurance Company

_____
James I Rubin, Esq. (02413191)
Catherine E. Isely, Esq. (06237505)
Julie Rodriguez Aldort, Esq. (06271412)
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Suite 1800
Chicago, IL  60602
(312) 444-9660
Attorneys for Defendant TIG Insurance Company

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                                         :

AIU INSURANCE COMPANY,          :

                   Plaintiff,                  :

     -against -                           :          Civil Action No.  07 CIV 7052

TIG INSURANCE COMPANY,          :

                   Defendant.               :

------------------------------------------------------- x

## ACKNOWLEDGMENT AND CONSENT TO BE BOUND

     I _____ (name), am _____ (description of position and relation to lawsuit), and am employed or retained by _____ (name party/employer). I acknowledge that I have read the Stipulation and Order of Confidentiality (the "Protective Order") entered in the above-captioned action and agree to adhere to the terms of the Protective Order.  I therefore agree not to disclose any Confidential Information described in the Protective Order to any person other than those entitled thereto under the terms of the Protective Order.  I further agree not to make use of such Confidential Information for any purpose other than preparation for or conduct of the above action and understand that an unauthorized disclosure or use of such Confidential Information may give rise to a claim for contempt of Court.

- 2 -

I also agree, consistent with Paragraph 16 of the Protective Order, to destroy all copies of Confidential Information received in this litigation within sixty (60) days after the final conclusion of this litigation, inclusive of any appeal thereof I shall not, however, have any obligation to destroy any Confidential Information that consists of any papers or exhibits that have been filed in or admitted into evidence in this litigation and that are not subject to a sealing order of the Court.

I further agree voluntarily to submit myself to the jurisdiction of the United States District Court for the Southern District of New York for the resolution of any dispute that might arise in connection with my compliance with terms of the Protective Order including but not limited to an action for contempt of Court.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Signed this _____ day of _____.

_____
Signature

_____
Printed Name

462658v1