**MANDATE**

13-1580-cv
AIU v. TIG

N.Y.S.D. Case #
07-cv-7052(SHS)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand fourteen.

Present:
> PETER W. HALL,
> > *Circuit Judge*,
> J. GARVAN MURTHA,
> > *District Judge*.[1, 2]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 17, 2014

_____

AIU INSURANCE COMPANY,

> *Plaintiff–Appellant*,

v.   No. 13-1580-cv

TIG INSURANCE COMPANY,

> *Defendant–Appellee*.

_____

FOR APPELLANT:   Edward P. Krugman (Kendra M. Kenny, Cahill Gordon & Reindel LLP; William Maher and Michael C. Ledley, Wollmuth Maher & Deutsch LLP; Paul R. Aiudi, AIG Property Casualty, *on the brief*) Cahill Gordon & Reindel LLP, New York, New York.

---

[1] The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

[2] The Honorable John M. Walker, Jr., who was originally assigned to the panel for this appeal, was recused. The remaining members of the panel, being in agreement, have decided this appeal pursuant to this Court's Internal Operating Procedure § E(b). *See also* 28 U.S.C. § 46.

| | |
|---|---|
| FOR APPELLEE: | James I. Rubin (Catherine E. Isely, Julie Rodriguez Aldort, Butler Rubin Saltarelli & Boyd LLP; Sean Thomas Keely, Hogan Lovells US LLP, *on the brief*) Butler Rubin Saltarelli & Boyd LLP, Chicago, Illinois. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Stein, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

In this action seeking damages for failure to pay claims under reinsurance certificates, Plaintiff-Appellant AIU Insurance Company ("AIU") appeals a judgment of the district court granting a motion for summary judgment in favor of Defendant-Appellee TIG Insurance Company ("TIG"). In ruling on the motion, the district court applied New York choice of law principles, determined that the substantive law of Illinois applied to the reinsurance contract dispute between the parties, and held that under Illinois law late notice alone defeated AIU's claim for coverage under the reinsurance certificates, and it was not necessary for TIG to prove it had been prejudiced by the late notice. AIU appeals, arguing that the district court should have applied New York substantive law to decide whether proof of prejudice was required and erred when it concluded that Illinois law does not require a reinsurer to demonstrate prejudice in order to avoid any obligation to perform under the relevant certificates. We assume the parties' familiarity with the facts, procedural history of this case, issues in the case, which we recite only as necessary to explain our decision.

Through the late 1970s to the early 1980s, AIU issued umbrella insurance policies to the Foster Wheeler Corporation. TIG, through its predecessor International Insurance Company, reinsured AIU's Foster Wheeler policies through nine Certificates of Facultative Reinsurances. Foster Wheeler, a manufacturer of heat exchange equipment, was a party in the 1990s to

2

numerous asbestos-related lawsuits throughout the country. In 2003, Foster Wheeler tendered claims to AIU that were rooted in the asbestos litigation, and the two companies later reached a settlement of those claims. In 2007, AIU gave TIG notice of its intent to bill TIG as its reinsurer under the reinsurance certificates. TIG refused to pay, arguing that the notice AIU had provided was late. AIU instituted the present action seeking recovery from TIG under the reinsurance certificates. The district court granted TIG's motion for summary judgment and held that Illinois law applied to determine the issue of whether the reinsurer had to prove prejudice from late notice to avoid providing coverage and that AIU's late notice excused TIG from performance under the certificates pursuant to Illinois law. AIU appealed.

We review a district court's grant of summary judgment *de novo*, "resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted). Applying New York's choice of law rules, as we must, *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941), we agree with the district court that the state having the most significant relationship to the transaction and parties, consistent with the Restatement (Second) of Conflict of Laws § 188, is Illinois. *See, e.g.*, *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 151 (2d Cir. 2008). New York courts characterize this inquiry as a "center of gravity" or "grouping of contacts" analysis, *In re Liquidation of Midland Ins. Co.*, 16 N.Y.3d 536, 543–44 (2011), and they consider "the place of contracting, negotiation and performance; the location of the subject matter of the contract; and the domicile of the contracting parties," *Matter of Allstate Ins. Co. (Stolarz)*, 81 N.Y.2d 219, 227 (1993), in determining the source of the substantive law. AIU argues that the applicable contacts with New York outweigh those with Illinois, and thus the source of substantive law should be that of New York. We are not persuaded. On this point, we agree with the district court's well-

3

reasoned decision holding that the circumstances of these reinsurance certificates favor the application of Illinois law.  *See AIU Ins. Co. v. TIG Ins. Co.*, 934 F. Supp. 2d 594, 600–03 (S.D.N.Y. 2013).

AIU further argues that because Illinois law is unsettled as to whether prejudice due to late notice must be proven, a New York court would presume that the unsettled law of the foreign state would resemble its own.  We disagree.  Despite the absence of any statement from either the Illinois Supreme Court or a court of that State's appellate division, various courts addressing this precise issue have held that the law of Illinois does not require a reinsurer to demonstrate prejudice resulting from the late notice.  *See Keehn v. Excess Insurance Co. of America*, 129 F.2d 503, 504–506 (7th Cir. 1942); *Allstate Ins. Co. v. Employers Reinsurance Corp.*, 441 F. Supp. 2d 865, 875 (N.D. Ill. 2005); *Granite State Ins. Co. v. Clearwater Ins. Co.*, 09 CIV. 10607 RKE, 2014 WL 1285507, at *19–20 (S.D.N.Y. Mar. 31, 2014); *Cas. Ins. Co. v. Constitution Reinsurance Co.*, No. 91 L 14732 (Ill. Cir. Ct. Cook Co. Jan. 22, 1996).  Viewing this issue as a New York state court would, we, therefore, adhere to the consensus drawn from these federal and state court decisions that Illinois law does not require a reinsurer to prove prejudice when it refuses to pay a claim for reinsurance coverage based on having received late notice of that claim.[3]

---

[3] The district court accorded substantial weight to the Seventh Circuit's decision in *Keehn* based upon our holding in *Factors Etc., Inc. v. Pro Arts, Inc.*, 652 F.2d 278 (2d Cir. 1981). *AIU Ins Co*, 934 F. Supp. 2d at 604.  In *Factors*, this Court said that

> [w]here, as here, the pertinent court of appeals has essayed its own prediction of the course of state law on a question of first impression within that state, the federal courts of other circuits should defer to that holding, perhaps always, and at least in all situations except the rare instance when it can be said with conviction that the pertinent court of appeals has disregarded clear signals emanating from the state's highest court pointing toward a different rule.

652 F.2d at 283.  We need not address today whether the deference pronounced in *Factors* stands in the wake of our subsequent decision in *Rogers v. Grimaldi*, 875 F.2d 994, 1002 n.10 (2d Cir. 1989), for the simple reason that Illinois law has remained unaltered since the pronouncement of the no prejudice rule in the *Keehn* decision.  We are satisfied that a New York state court faced with the inquiry we decide today would hold similarly that Illinois law

As AIU has failed to offer any argument that it provided timely notice to TIG, we are left to consider whether the delay from October of 2003 to January of 2007 in notifying the reinsurer was prompt. Illinois courts will generally review the circumstances and facts of a case to determine whether the notice was reasonable and in accord with a prompt notice provision. *See, e.g.*, *Country Mut. Ins. Co. v. Livorsi Marine, Inc.*, 222 Ill. 2d 303, 313–14 (2006). While the Illinois courts have excused late notice in a number of very limited circumstances in the direct insurance context, *see W. Am. Ins. Co. v. Yorkville Nat. Bank*, 238 Ill. 2d 177, 187 (2010), the circumstances giving rise to those excused delays do not exist here. Indeed, the delay of over three years while AIU, throughout that time, was in the midst of significant litigation with Foster Wheeler, stands in stark contrast to examples of excused delay catalogued by the Illinois Supreme Court. *See id.* We agree with the district court, therefore, that a three-year delay on the part of the ceding company before notifying a reinsurer of a claim falls outside the bounds of reasonable notice. TIG was entitled to refuse coverage under the certificates. The district court correctly determined that TIG was entitled to summary judgment.

We have considered all of Appllent's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

(Footnote 3 continued) does not require a reinsurer to demonstrate prejudice in order to refuse performance when a ceding company has filed late notice of a claim under the relevant reinsurance certificates.

Appellant's attempt, moreover, to preclude consideration of the *Keehn* decision, ultimately fails. New York courts applying a foreign state's statute have relied on federal circuit decisions interpreting the substantive law of a state within that circuit's jurisdiction on previous occasions, just as we envision a New York court would in this instance. *See, e.g.*, *Oltarsh v. Aetna Ins. Co.*, 15 N.Y.2d 111, 116 (1965).